## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **NICOLAS TALBOTT**, *et.al.* | |
| *Plaintiff,* | |
| v. | No. 1:25-cv-240 (ACR) |
| **DONALD J. TRUMP, in his official capacity as President of the United States,** *et al.*, | |
| *Defendants.* | |

## JOINT STATUS REPORT

Pursuant to the Court's February 4, 2025 Minute Entry, the parties report as follows.

**Plaintiffs' Position**

Per the Court's instructions, counsel for Plaintiffs conferred with counsel for Defendants concerning whether Defendants could represent that Plaintiffs will not be separated from the military, denied reenlistment, demoted, denied promotion, denied medically necessary treatment on a timely basis, or otherwise receive adverse treatment or differential terms of service on the basis that they are transgender until this Court rules on the merits of Plaintiffs' Application for Preliminary Injunction. Counsel for Defendants were unable to make that representation. That is, they were unable to make the representation the Court requested at the preliminary hearing that "the status quo with respect to the current . . . Plaintiffs who are serving . . . will not change in any way" pending the Court's ruling on the Application for Preliminary Injunction. In addition, Defendants do not agree to return Trainee Miriam Perelson to her status quo ante position on January 20, 2025, including that she continues to be singled out and treated differently than any other service member in a manner that demeans her and devalues her service in the eyes of her peers and command.

Plaintiffs have filed a First Amended Complaint adding Trainee Miriam Perelson as an additional plaintiff, adding a challenge to Executive Order 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, and making certain minor corrections and changes. In light of the scheduled preliminary injunction hearing on February 18 and this Court's willingness to hear an application for a temporary restraining order should any conditions change for the six service members named in the original complaint, Plaintiffs will promptly file an amended Application for Temporary Restraining Order to request limited temporary relief only for Trainee Perelson so that she is returned to her status quo ante position on January 20, 2025. Plaintiffs request that the Court proceed with a hearing on the TRO with respect to Trainee Perelson only.

**Defendants' Position**

Defendants submit that there is no reason to proceed with separate briefing and a hearing on Plaintiffs' motion for a temporary restraining order ("TRO") and that the parties should proceed on the already expedited schedule the Court has set regarding Plaintiffs' motion for a preliminary injunction. Plaintiffs filed the instant TRO motion premised in part on the fact that Private First Class ("PFC") Miriam Perelson "is already being administratively separated based on" Executive Order 14183. TRO Mot. at 2, ECF No. 14-1. Plaintiffs contended that they faced imminent irreparable harm because they would "lose medical and other benefits" if they were "separate[ed] from the military." *Id.* at 8.

Defendants have offered evidence to rebut the premise of Plaintiffs' TRO motion, attesting to the fact that PFC Perelson is not being processed for separation. *See* Decl. of Lieutenant Colonel Jonathan S. Baker (attached). Since the hearing on February 4, the Department of Defense ("DoD") now further represents that, with respect to the six named active duty Plaintiffs as well as PFC Miriam Perleson, these servicemembers will not be separated from their respective Services or denied reenlistment from the present time until the conclusion of the hearing on the preliminary injunction, currently scheduled for February 18, or until DoD issues further guidance impelementing Executive Order 14183, *Prioritizing Military Excellence and Readiness*,

whichever is earlier.  Moreover, Defendants note that the military separation process takes time because it involves several steps based on the rank, service, length of service, and other factors, including the basis for the separation.  Indeed, the upcoming DoD policy may provide the requisite basis for initiating separation for certain servicemembers.

Another concern Plaintiffs raised regarding PFC Perelson—which also underlied the urgency of Plaintiffs' request for a TRO hearing—was that the soldier was taken out of training. DoD can represent that as of this afternoon, PFC Perelson was put back in training, and will be assigned two "battle buddies," as opposed to the typical one who is the same gender as the solider's biological sex.  The two "battle buddies" will be one male and one female.  Pursuant to the Executive Order, PFC Perelson is sleeping in a private single room that has its own bathroom, as opposed to the open bay, but, as the Court acknowledged at the hearing, the military is owed considerable deference concerning the berthing of soliders.

Because the TRO motion was premised at least in part on the (mistaken) belief that separations were already occurring and because DoD has provided assurance concerning separation as noted above, Defendants submit that the parties should address Plaintiffs' asserted harms in connection with the preliminary injunction proceedings.  Indeed, Plaintiffs state that they are now amending their previously filed TRO motion to address PFC Perelson only.  Proceeding with separate briefing and hearing now in an emergency TRO posture would divert the parties' and Court's resources from addressing the preliminary injunction motion, which is already proceeding in an expedited fashion.  To the extent the Court believes that local civil rules require a hearing within 72 hours upon the filing of a TRO motion (which is to be amended in any event), Defendants respectfully submit that Local Civil Rule 65.1(d) imposes no such requirement.  The 72-hour reference concerns presentation of witnesses under certain circumstances.  Defendants therefore request that the Court address the issues raised by Plaintiffs' forthcoming TRO in the context of the imminent preliminary injunction briefing and hearing.

Dated:  February 5, 2025                     Respectfully submitted,


Jennifer Levi (*pro hac vice*)              */s/ Joseph J. Wardenski*
Mary L. Bonauto (*pro hac vice*)            Joseph J. Wardenski (D.C. Bar No. 995549)
GLBTQ LEGAL ADVOCATES & DEFENDERS           WARDENSKI P.C.
18 Tremont Street, Suite 950                134 West 29th Street, Suite 709
Boston, MA 02108                            New York, NY 10001
Telephone: (617) 426-1350                   Telephone: (347) 913-3311
                                            joe@wardenskilaw.com

Shannon P. Minter (*pro hac vice* forthcoming)
National Center for Lesbian Rights          *Counsel for Plaintiffs*
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 392-6257


                                            BRETT A. SHUMATE
                                            Acting Assistant Attorney General

                                            ALEX HAAS
                                            Director, Federal Programs Branch

                                            JEAN LIN
                                            Special Litigation Counsel

                                            */s/ Jason C. Lynch*
                                            ANDREW E. CARMICHAEL
                                            Senior Trial Counsel
                                            JASON C. LYNCH
                                            ELIZABETH B. LAYENDECKER
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L. Street, NW
                                            Washington D.C. 20005
                                            (202) 514-3716
                                            jason.lynch@usdoj.gov

                                            *Counse for Defendants*