IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLAS TALBOTT, ERICA VANDAL, KATE COLE, GORDON HERRERO, DANY DANRIDGE, JAMIE HASH, KODA NATURE, and CAEL NEARY,<br><br>   *Plaintiffs*,<br>   v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; the UNITED STATES OF AMERICA; PETER B. HEGSETH, in his official capacity as Secretary of Defense; MARK AVERILL, in his official capacity as Acting Secretary of the Army; the UNITED STATES DEPARTMENT OF THE ARMY; TERENCE EMMERT, in his official capacity as Acting Secretary of the Navy; the UNITED STATES DEPARTMENT OF THE NAVY; GARY ASHWORTH, in his official capacity as Acting Secretary of the Air Force; the UNITED STATES DEPARTMENT OF THE AIR FORCE; TELITA CROSLAND, in her official capacity as Director of the Defense Health Agency; and the DEFENSE HEALTH AGENCY,<br><br>   *Defendants*. | No. 1:25-cv-240-ACR |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*Amicus curiae* Constitutional Accountability Center (CAC) respectfully moves for leave to file the attached brief in support of Plaintiffs' motion for preliminary injunction. In support of this motion, *amicus* states:

   1.   CAC is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and

1

preserve the rights, freedoms, and structural safeguards that our nation's charter guarantees. CAC has a strong interest in the scope of the Fifth Amendment's protections for liberty and equality and accordingly has an interest in this case.

2.  CAC's interest in this issue is long-standing. It has previously participated as *amicus curiae* in other cases involving the constitutionality of a ban on military service by transgender individuals. *See* Br. *Amicus Curiae* of Constitutional Accountability Center in Support of Plaintiffs-Appellees, *Doe 2 v. Shanahan*, 755 Fed. App'x 19 (D.C. Cir. 2019) (No. 18-5257); Brief of *Amicus Curiae* Constitutional Accountability Center in Support of Appellees, *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) (No. 18-72159).

3.  This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same); *Iacangelo v. Georgetown Univ.*, No. 05-2086, 2009 WL 10693231, at *2 n.4 (D.D.C. June 11, 2009) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest

of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see, e.g.*, *Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *3 (D.D.C. Feb. 28, 2002) (same).

4.  The proposed, attached brief satisfies these standards. The attached brief gives historical context to President Donald Trump's Executive Order categorically banning transgender Americans from serving in the military. Exec. Order No. 14,183, 90 Fed. Reg. 8757 (the "Order"). The Order attempts to justify this categorical ban by stating that allowing transgender individuals to serve in the military is incompatible with "high standards for troop readiness, lethality, cohesion, honesty, humility, uniformity, and integrity." Order § 2. But, as the brief demonstrates, these purported concerns are the very same concerns that have been used to justify racial segregation in the Armed Forces; prevent gay and lesbian soldiers from serving openly; and forbid women from serving in combat roles. Yet the military is now integrated, gay men and lesbians serve openly, and women have seen open combat—and there have been no negative effects on unit cohesion or military effectiveness. This context is not covered in Plaintiffs' motion but is relevant to the Court's disposition of that motion.

5.  Counsel for all parties have consented to the filing of this brief.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is enclosed with this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 14, 2025 | /s/ Brianne J. Gorod<br>Elizabeth B. Wydra (DC Bar No. 483298)<br>Brianne J. Gorod (DC Bar No. 982075)<br>David H. Gans (DC Bar No. 461002)<br>Praveen Fernandes (DC Bar No. 472773)<br>Ana M. Builes (DC. Bar No. 1659789)<br>CONSTITUTIONAL ACCOUNTABILITY CENTER<br>1200 18th Street NW, Suite 501<br>Washington, D.C. 20036<br>(202) 296-6889<br>brianne@theusconstitution.org<br><br>*Counsel for Amicus Curiae* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated:  February 14, 2025

                                                /s/ Brianne J. Gorod
                                                Brianne J. Gorod