## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NICHOLAS TALBOTT, et al.,

*Plaintiffs,*

v.

Civil Action No. 25-cv-240-ACR

DONALD J. TRUMP, et al.,

*Defendants*.

## MOTION FOR LEAVE TO FILE BRIEF OF FORMER MILITARY DEPARTMENT HEADS AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Local Civil Rule 7(o), these former military department heads hereby submit this motion for leave to file the attached *amicus curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction in the above-captioned matter.

1.    Amici are Frank Kendall and Christine Wormuth, former Secretaries of the Air Force and Army, respectively. They have been responsible for the readiness of the service members under their watch in times of hostilities and peace. They have supervised and participated in policy processes involving military personnel and readiness at the senior-most levels of the U.S. government. Drawing on that experience, they can offer unique insight into the importance of sound policy process in major military personnel decisions, how military personnel decisions similar to the one at issue in this case have been historically developed and implemented, and how the President's actions in this case depart from that precedent.

2.      Amici are former military department heads with interest in ensuring that judicial deference to military decision-making is proper. They greatly appreciate and value military expertise and the need for the judiciary to defer to it when the circumstances demand. They file this submission to offer their perspective that this is not such a case. Judicial deference to military judgment is not warranted, where, as here, there is an absence of any considered military policymaking process or changed factual circumstances. That is particularly true where, as here, there is a sharp departure from decades of established practice in how the U.S. military implements major personnel policy changes, resulting in a policy based on naked discrimination.

3.      "An *amicus* brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). These amici, through their roles as senior leaders of their respective branches of our armed services, can provide unique insight into the processes essential for maintaining our armed forces' combat effectiveness and preparedness. No one knows better than them the necessity of proper deference to military authorities, and when that deference is not warranted.

4.      The proposed *amicus* brief demonstrates why no deference to the executive in this military decision making is warranted, as here, there is no evidence of any considered policy process.

5.      Pursuant to Local Civil Rule 7(m) and 7(o)(2), undersigned counsel confirmed the Plaintiffs and Defendants consented to the filing of this motion.

**CONCLUSION**

For the foregoing reasons, proposed *Amici* hereby requests that the Court grant leave to file the proposed *amicus* brief in support of Plaintiffs' Motion for Preliminary Injunction.

Dated: February 14, 2025

       Respectfully Submitted,

                                          _____

Harold Hongju Koh*                                   Andrew T. Tutt (D.C. Bar 1026916)
Peter Gruber Rule of Law Clinic                      Arnold & Porter Kaye Scholer LLP
Yale Law School                                      601 Massachusetts Avenue, NW
127 Wall Street                                      Washington, DC 20001
P.O. Box 208215                                      (202) 942-5000
New Haven, CT 06520-8215                             Andrew.tutt@arnoldporter.com
203-432-4932
harold.koh@ylsclinics.org

*application for *pro hac vice*
forthcoming

                                        *Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I, Andrew T. Tutt, hereby certify that on February 14, 2025, the foregoing document was filed and served through the CM/ECF system.

Respectfully submitted,

_____
Andrew T. Tutt (D.C. Bar 1026916)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
Andrew.tutt@arnoldporter.com