IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLAS TALBOTT, ERICA VANDAL, KATE COLE, GORDON HERRERO, DANY DANRIDGE, JAMIE HASH, MIRIAM PERELSON, KODA NATURE, and CAEL NEARY,<br><br>              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; the UNITED STATES OF AMERICA; PETER B. HEGSETH, in his official capacity as Secretary of Defense; MARK AVERILL, in his official capacity as Acting Secretary of the Army; the UNITED STATES DEPARTMENT OF THE ARMY; TERENCE EMMERT, in his official capacity as Acting Secretary of the Navy; the UNITED STATES DEPARTMENT OF THE NAVY; GARY ASHWORTH, in his official capacity as Acting Secretary of the Air Force; the UNITED STATES DEPARTMENT OF THE AIR FORCE; TELITA CROSLAND, in her official capacity as Director of the Defense Health Agency; and the DEFENSE HEALTH AGENCY,<br><br>              Defendants. | Civil Action No. 1:25-cv-00240 |

SUPPLEMENTAL DECLARATION OF MIRIAM PERELSON

I, Miriam Perelson, declare as follows:

1. I am a 28-year-old trainee at the Fort Jackson U.S. Army Base in Columbia, South Carolina. I have been undergoing basic training in preparation to serve the United States since January 13, 2025. I am transgender.

2. As explained in my February 4, 2025, declaration in this matter, *see* ECF No. 14-5, in the evening of Friday, January 31, 2025, I was separated from the female unit I had been training with. I was initially required to sleep on a cot in an empty classroom and to use male latrines and bathing facilities. Later, I was moved to a single-occupancy apartment, still separated from my female unit.

3. On February 6, I was informed by my attorney that DOD had agreed, through counsel, to return me to my female living bay. However, this did not happen. I spent the night of February 6 and February 7 still living apart from my unit.

4. On February 8, I was returned to my female living bay in Delta Company and resumed training as normal with my female unit.

5. On February 10 at approximately 5:00 pm, I was told that I was being transferred to another company. I was given no explanation but was moved to from the Delta Company living bays to the Bravo Company living bays after dinner that night.

6. On February 11 at approximately 11:00 am, I was called into a meeting in the office of Colonel Uthlaut, who informed me that formal complaints of sexual harassment had been filed against me. Among those present were Battalion Command Sergeant Major Byler, Lieutenant Commander Baker, Captain Donovan Swain, Staff Sergeant Rezabala and the command team of the company I had been transferred to. At that meeting, I was informed that a sexual misconduct investigation had been opened into me.

7. Later that afternoon, at around 2:00 pm, Captain Swain presented me with two counseling forms. One informed me that I would be transferred from my current Delta Company to Bravo Company. The other informed me that an investigation into my conduct was being initiated. True and accurate copies of these counseling forms are attached hereto as **EXHIBIT A**.

8. In that meeting, I was not informed of the nature of the harassment I had allegedly committed, nor was I informed of the identities of my accusers.

9. The dates on which the alleged harassment occurred began on the date that the Executive Order was issued. I was not living in the female living bays for eight of the fifteen days when I allegedly harassed someone in Delta Company.

10. On February 13, First Sergeant Donovan of Bravo Company informed me that Captain Swain would be by later to see me with a counseling he had to give me. Captain Swain approached me on the shooting range while I was doing weapons qualification. He presented me with two forms that he did not allow me to keep. One of the forms identified the nature of my alleged harassment as "indecent viewing" and that the alleged location was the Delta Company female bay.

11. Captain Swain told me that Colonel Uthlaut's investigation was closed because he was transferring the case to Military Police Investigators.

12. I have never sexually harassed anyone and do not know what the bases for these allegations is. I have not been told who my accusers are or what "indecent viewing" I allegedly committed.

13. I believe that I am being investigated for no reason other than that I am a transgender woman who lived and shared lavatories and bathing facilities with the other women of Delta Company.

14. I believe that these complaints have been filed against me to harass me and to retaliate against me for asserting my rights to train and serve as a woman.

15. Serving in the military as a woman means meeting all of the standards for women serving. This includes living with women and using women's sleeping, changing and bathing facilities. It includes being referred to as a woman, as well as the use of honorifics such as "Ma'am" where appropriate. If I cannot serve as a woman in the military, I cannot serve at all.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 13, 2025

                                        Miriam Rebekah (Feb 13, 2025 19:10 EST)
                                        Miriam Rebekah Perelson

# EXHIBIT A

# DEVELOPMENTAL COUNSELING FORM

For use of this form, see ATP 6-22.1; the proponent agency is TRADOC.

## PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 301, Departmental Regulations, 10 USC 3013, Secretary of the Army.

**PRINCIPAL PURPOSE:** These records are created and maintained to manage the member's Army and Army National Guard service effectively, to document historically a member's military service, and safeguard the rights of the member and the Army.

**NOTE:** For additional information, see the System of Records Notice A0600-8-104b AHRC, https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/570051/a0600-8-104b-ahrc/.

**ROUTINE USE(S):** There are no specific routine uses anticipated for this form; however, it may be subject to a number of proper and necessary routine uses identified in the system of records notice specified in the purpose statement above.

**DISCLOSURE:** Disclosure is voluntary.

## PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI) | Rank/Grade | Date of Counseling |
|---|---|---|
| PERELSON MIRIAM R | E-3 | 11-Feb-2025 |

| Organization | Name and Title of Counselor |
|---|---|
| Delta Company, 4th Battalion, 39th INF REG | CPT Swain, Donovan Company Commander |

## PART II - BACKGROUND INFORMATION

**Purpose of Counseling:** (Leader states the reason for the counseling, e.g. Performance/Professional/Event-Oriented counseling, and include the leader's facts and observations prior to the counseling.)

Approach: [ ] Non Directive  [ ] Combined  [ ] Directive

Type of Counseling: [✓] General Form  [ ] Professional Growth  [ ] Performance  [ ] Event Oriented

Event Oriented - Rehabilitative Transfer

## PART III - SUMMARY OF COUNSELING

Complete this section during or immediately subsequent to counseling.

**Key Points Discussion:**

Trainee Perelson, due to a formal complaint being filed of alleged sexual harassment while in Delta Company. You have been immediately transferred to Bravo Company 4-39 female bay to continue your stay and training. While in Bravo Company refrain from making or putting yourself in a compromising situation due to the nature of the allegations alleged so far. This move is for your benefit and not meant as punishment, but as a chance to start fresh as the outcomes are being investigated. Failure to remain committed to your goal or cooperate with your current command, drill sergeants and peers could lead to punishment under Article 15, UCMJ, court-martial, or adverse action.

In addition to being counseled on the issues above, he/she received counseling on the following: (1) that behavior for which he/she has been counseled may result in punishment under Article 15, UCMJ, court-martial, or adverse action such as bar of reenlistment, suspension of favorable actions (promotion, retention, schools), or other appropriate administrative sanctions; (2) that if this behavior continues, separation under the provisions of AR 635-200 may be initiated; (3) that if separated prior to ETS, that he/she could receive an honorable, general, or other than honorable discharge for the current term of service, or the term of service would be uncharacterized if less than 180 days had been served on active duty; (4) the basis of each characterization of service, the discharge certificates received for each, and the character of service would become part of a permanent record which may be provided to any Federal agency if they were to apply for either federal employment or security clearance; (5) the possible effects that each type of discharge would have on reenlistment, civilian employment, veteran benefits, and related matters; (6) that a general discharge would cause loss of civil service retirement credit; (7) that other than honorable discharge would result in reduction to the lowest rank, loss of payment of accrued leave, and loss of all benefits administered by the Veterans Administration and other federal and state agencies; (8) that separation prior to ETS may preclude enlistment in any component of the Armed Forces; (9) that separation prior to ETS may cause loss of entitlement to education benefits and money paid into the Army College Fund; (10) that separation prior to ETS may require repayment of any unearned bonus received for enlistment or reenlistment; (11) that it is unlikely that any attempt to have the characterization of service upgraded would be successful; (12) that he/she is encouraged to make every reasonable effort to ensure his/her performance and conduct meet military standards; (13) that he/she will be given a reasonable chance to bring substandard performance and conduct to acceptable military standards. there are agencies to which you may apply to have your characterization of service changed, it is unlikely that such application will be successful.

MP (Soldier's initials)

## OTHER INSTRUCTIONS

This form will be destroyed upon: reassignment *(other than rehabilitative transfers)*, separation at ETS, or upon retirement. For separation requirements and notification of loss of benefits/consequences see local directives and AR 635-200.

DA FORM 4856, MAR 2023
PREVIOUS EDITIONS ARE OBSOLETE.

APD AEM v1.01ES   Page 1 of 3

Plan of Action (Outlines actions that the subordinate will do after the counseling session to reach the agreed upon goal(s). The actions must be specific enough to modify or maintain the subordinate's behavior and include a specified time line for implementation and assessment (Part IV below).

While this action is being investigated you will:

1. Conduct yourself in a military manner. *MP int.*
2. Cooperate fully with your Drill Sergeants and all other Cadre members. *MP int.*
3. Comply with all lawful orders. *MP int.*
4. Refrain from any conduct or statements which may be detrimental to the motivation and discipline of your fellow soldiers. *MP int.*
5. You will continue to train until further notice. *MP int.*

Failure to comply with this directive will result in punishment under the UCMJ.

Session Closing: (The leader summarizes the key points of the session and checks if the subordinate understands the plan of action. The subordinate agrees / disagrees and provides remarks if appropriate.)

Individual counseled: [X] I agree   [ ] disagree with the information above.

Individual counseled remarks:

*I Have not done anything to anyone.*

| Signature of Individual Counseled: | DATE (YYYYMMDD): |
|---|---|
| M___ P__ | 20250211 |

Leader Responsibilities: (Leader's responsibilities in implementing the plan of action.)

| Signature of Counselor | Date (YYYYMMDD): |
|---|---|
| | 20250211 |

PART IV - ASSESSMENT OF THE PLAN OF ACTION

Assessment: (Did the plan of action achieve the desired results? This section is completed by both the leader and the individual counseled and provides useful information for follow-up counseling.)

SIGNATURES

Note: Both the counselor and the individual counseled should retain a record of the counseling.

DA FORM 4856, MAR 2023                                                            Page 2 of 3

(This document is considered Controlled Unclassified Information (CUI) when filed.)

# DEVELOPMENTAL COUNSELING FORM
For use of this form, see ATP 6-22.1; the proponent agency is TRADOC.

## PRIVACY ACT STATEMENT

**AUTHORITY:** 5 USC 301, Departmental Regulations; 10 USC 3013, Secretary of the Army.

**PRINCIPAL PURPOSE:** These records are created and maintained to manage the member's Army and Army National Guard service effectively, to document historically a member's military service, and safeguard the rights of the member and the Army.

**NOTE:** For additional information, see the System of Records Notice A0600-8-104b AHRC, https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/570213/a0600-8-104b-ahrc/

**ROUTINE USE(S):** There are no specific routine uses anticipated for this form, however, it may be subject to a number of proper and necessary routine uses identified in the system of records notice specified in the purpose statement above.

**DISCLOSURE:** Disclosure is voluntary.

## PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI) | Rank/Grade | Date of Counseling |
|---|---|---|
| PERELSON, MIRIAM R | E-3 | 11-Feb-2025 |

| Organization | Name and Title of Counselor |
|---|---|
| D CO, 4-39INF, 165TH BDE, FORT JACKSON, SC 29207 | CPT SWAIN, DONOVAN L./ COMPANY COMMANDER |

## PART II - BACKGROUND INFORMATION

Purpose of Counseling: (Leader states the reason for the counseling, e.g. Performance/Professional/Event-Oriented counseling, and include the leader's facts and observations prior to the counseling.)

Approach: [ ] Non Directive  [ ] Combined  [✓] Directive

Type of Counseling: [✓] General Form  [ ] Professional Growth  [ ] Performance  [ ] Event Oriented

Initiation of FLAG
Commanders Investigation of alleged Sexual Harassment

## PART III - SUMMARY OF COUNSELING
Complete this section during or immediately subsequent to counseling.

**Key Points Discussion:**

Trainee Perelson, you will have a Commanders Investigation flag initiated for allegations of sexual harassments while in D Co 4-39 on or about 27 Jan 2025 to 10 Feb 2025. If this action goes to law enforcement the flag will change to a Law Enforcement Flag "M".
At this time The following will be initiated immediately:
*You will be flagged immediately for Commanders Investigation "L" until the findings and all if any punishment is complete.
General Policy: a. The purpose of a flag is to prevent and/or preclude-
1. Execution of favorable actions to a Soldier who may be in an unlawful status (not in good standing).
2. Movement of a Soldier when it is in the best interest of the Army for the Soldier to remain in his or her current unit or at their current location until cleared of ongoing actions.
3. The effective date of the flag, unless otherwise specified in this regulation, will be the date that the circumstance(s) requiring the flag occurred, not the date the Flag was initiated.

In addition to being counseled on the issues above, he/she received counseling on the following: (1) that behavior for which he/she has been counseled may result in punishment under Article 15, UCMJ, court-martial, or adverse action such as bar of reenlistment, suspension of favorable actions (promotion, retention, schools), or other appropriate administrative sanctions; (2) that if this behavior continues, separation under the provisions of AR 635-200 may be initiated; (3) that if separated prior to ETS, that he/she could receive an honorable, general, or other than honorable discharge for the current term of service, or the term of service would be uncharacterized if less than 180 days had been served on active duty; (4) the basis of each characterization of service, the discharge certificates received for each, and the character of service would become part of a permanent record which may be provided to any Federal agency if they were to apply for either federal employment or security clearance; (5) the possible effects that each type of discharge would have on reenlistment, civilian employment, veteran benefits, and related matters; (6) that a general discharge would cause loss of civil service retirement credit; (7) that other than honorable discharge would result in reduction to the lowest rank, loss of payment of accrued leave, and loss of all benefits administered by the Veterans Administration and other federal and state agencies; (8) that separation prior to ETS may preclude enlistment in any component of the Armed Forces; (9) that separation prior to ETS may cause loss of entitlement to education benefits and money paid into the Army College Fund; (10) that separation prior to ETS may require repayment of any unearned bonus received for enlistment or reenlistment; (11) that it is unlikely that any attempt to have the characterization of service upgraded would be successful; (12) that he/she is encouraged to make every reasonable effort to ensure his/her performance and conduct meet military standards; (13) that he/she will be given a reasonable chance to bring substandard performance and conduct to acceptable military standards.

## OTHER INSTRUCTIONS

This form will be destroyed upon: reassignment (other than rehabilitative transfers), separation at ETS, or upon retirement. For separation requirements and notification of loss of benefits/consequences see local directives and AR 635-200.

DA FORM 4856, MAR 2023    (This document is considered Controlled Unclassified Information (CUI) when filed.)    Page 1 of 2
PREVIOUS EDITIONS ARE OBSOLETE.

(This document is considered Controlled Unclassified Information (CUI) when filled.)

**Plan of Action** *(Outlines actions that the subordinate will do after the counseling session to reach the agreed upon goal(s). The actions must be specific enough to modify or maintain the subordinate's behavior and include a specified time line for implementation and assessment (Part IV below).)*

While this action is being investigated you will:

1. Conduct yourself in a military manner. MP int.
2. Cooperate fully with your Drill Sergeants and all other Cadre members. MP int.
3. Comply with all lawful orders. MP int.
4. Refrain from any conduct or statements which may be detrimental to the motivation and discipline of your fellow soldiers. MP int.
5. You will continue to train until further notice. MP int.

Failure to comply with this directive will result in punishment under the UCMJ,.

**Session Closing:** *(The leader summarizes the key points of the session and checks if the subordinate understands the plan of action. The subordinate agrees / disagrees and provides remarks if appropriate.)*

Individual counseled: [X] I agree   [ ] disagree with the information above.

Individual counseled remarks:

*I have not done anything.*

Signature of Individual Counseled:   DATE (YYYMMDD): 20250211

**Leader Responsibilities:** *(Leader's responsibilities in implementing the plan of action.)*

Signature of Counselor:   Date (YYYMMDD): 20250211

**PART IV - ASSESSMENT OF THE PLAN OF ACTION**

**Assessment:** *(Did the plan of action achieve the desired results? This section is completed by both the leader and the individual counseled and provides useful information for follow-up counseling.)*

**SIGNATURES**

| Counselor: | Individual Counseled: | Date of Assessment (YYYMMDD): |

Note: Both the counselor and the individual counseled should retain a record of the counseling.

DA FORM 4856, MAR 2023   (This document is considered Controlled Unclassified Information (CUI) when filled.)   APD AEM v1.00ES   Page 2 of 2

# Supplemental Perelson Declaration

Final Audit Report　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2025-02-14

| | |
|---|---|
| Created: | 2025-02-14 |
| By: | Michael Haley (mhaley@glad.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1X29MrNkOViT9_vQOJFO_n20RK27Z45D |

## "Supplemental Perelson Declaration" History

- Document created by Michael Haley (mhaley@glad.org)
  2025-02-14 - 0:06:38 AM GMT

- Document emailed to Miriam Rebekah (mimperelson@gmail.com) for signature
  2025-02-14 - 0:07:28 AM GMT

- Email viewed by Miriam Rebekah (mimperelson@gmail.com)
  2025-02-14 - 0:07:52 AM GMT

- Document e-signed by Miriam Rebekah (mimperelson@gmail.com)
  Signature Date: 2025-02-14 - 0:10:06 AM GMT - Time Source: server

- Agreement completed.
  2025-02-14 - 0:10:06 AM GMT

Adobe Acrobat Sign