| | |
|---|---|
| **From:** | Layendecker, Elizabeth B (CIV) |
| **To:** | Reyes Chambers |
| **Cc:** | Jennifer Levi; Amy Whelan; CStoll@nclrights.org; mbonauto@glad.org; Michael Haley; sara@kmlawfirm.com; Sarah Austin; Shannon Minter; Joseph Wardenski; Lynch, Jason (CIV) |
| **Subject:** | RE: 25-cv-240, Supplemental Briefing |
| **Date:** | Monday, February 24, 2025 1:38:00 PM |

Dear Judge Reyes Chambers:

We write regarding the scheduling order issued by the Court, which requires Defendants to file a sur-reply by tomorrow February 25; a brief on the definition of sex relevant to the Defending Women Executive Order by Friday, February 28; and a supplement brief on any new DoD policy by 2 pm on Sunday March 2. *See* Minute Order (Feb. 19, 2025).

At last Wednesday's hearing, Plaintiffs reiterated their desire to file an amended complaint to add new plaintiffs and new claims. 2/18 Hr'g Tr. 220:22-24. Per the email below, the parties had agreed for purposes of the preliminary injunction to exclude declarations from new potential plaintiffs and supplemental declarations from existing plaintiffs that raised new claims. The Court asked Plaintiffs to file that "as soon as possible," *id.* at 221:3–4, and Plaintiffs said they would file it by "tomorrow," *id.* at 221:5, meaning last Wednesday, February 19. The Court later ordered Defendants to file a sur-reply by February 25. Consistent with the Court's direction, Defendants intended to address in their sur-reply any new claims in Plaintiffs' supplemental PI motion, which was supposed to accompany the amended complaint. *See* 2/18 Hr'g Tr. 221:20–222:4.

As of this email, Plaintiff have neither filed an amended complaint nor filed any supplemental motion. Accordingly, Defendants maintain that the only claim before the Court is that a "categorical exclusion of transgender individuals from military service violates equal protection." Pls. PI Mem. 13; *see also* complaint, ¶¶ 133–139. (Defendants understand that the Court intends to consider the entire Executive Order when assessing the question of animus.) Plaintiffs have not alleged, and do not presently seek a preliminary injunction on the basis of, any claim(s) regarding pronoun usage, sex-segregated berthing/bathing/changing facilities, or gender-affirming medical care. *See generally* Pls. PI Mem. at 13–26 (alleging *only* that a categorical ban is unconstitutional).

Defendants should not have to rebut claims that have not yet been made. If and when Plaintiffs amend their complaint or supplement their PI motion, Defendants would respectfully request that they be given one week from the date of any supplemental motion and amended complaint.

Very respectfully,

**Elizabeth Brooke Layendecker**
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
(202) 616-5046