| | |
|---|---|
| **From:** | Jennifer Levi |
| **To:** | Reyes Chambers; Layendecker, Elizabeth B (CIV) |
| **Cc:** | Amy Whelan; CStoll@nclrights.org; Mary Bonauto; Michael Haley; Sara kmlawfirm; Sarah Austin; Shannon Minter; Joseph Wardenski; Lynch, Jason (CIV) |
| **Subject:** | [EXTERNAL] RE: 25-cv-240, Supplemental Briefing |
| **Date:** | Monday, February 24, 2025 3:55:39 PM |

Dear Judge Reyes Chambers:

Plaintiffs write in response to this Court's Order for an explanation responding to Defendants' email regarding the claims at issue in Plaintiffs' Second Amended Complaint and this Court's scheduling order. Plaintiffs are unaware of any scheduling deadline they have failed to meet and, respectfully, see no reason for this Court to change the schedule it has set.

Plaintiffs have consistently maintained that our First Amended Complaint and PI motion challenged all provisions of the Executive Order, including those that subject transgender service members to different terms of service. This includes being denied medical care because they are transgender, and being required to use pronouns, facilities and berthing units based on birth sex.

Plaintiffs' First Amended Complaint referred to all of the provisions of the Executive Order that require the exclusion or disparate treatment of transgender people, including those referring to medical care, pronouns, facilities, and berthing. Paragraph 1 specifically set forth our claim challenging the Executive Order's provisions "that bar transgender people from serving in the military on equal terms with other service members."  Paragraphs 144-147 set forth the challenged provisions of the Executive Order that bar medical care for gender dysphoria and require the use of pronouns, berthing units, and facilities based on birth sex.  The Prayer for Relief requested injunctive relief against Defendants that expressly provides Plaintiffs "may not be separated from the military, denied reenlistment, demoted, denied promotion, denied medically necessary treatment on a timely basis, or otherwise receive adverse treatment or differential terms of service on the basis that they are transgender."

Plaintiffs' memorandum in support of their application for preliminary injunction similarly cited the provisions of the Executive Order that deny equal treatment to transgender service members, including with respect to medical care, facilities, and pronouns, and expressly requested an injunction providing that Plaintiffs "may not be separated from the military, denied reenlistment, demoted, denied promotion, denied medically necessary treatment on a timely basis, or otherwise receive adverse treatment or differential terms of service on the basis that they are transgender."

Throughout the scheduling conference and the 2-day hearing, the Court was clear that the parties were expected to and Plaintiffs did address how the provisions of the Order relating to pronouns, medical care, berthing, and other access to sex-segregated facilities interfere with service members' ability to serve. Throughout the February 13 scheduling conference, the Court was clear that the parties were expected to address how the provisions of the Order relating to pronouns, medical care, berthing, and other access to sex-segregated facilities interfere with service members' ability to serve.  See, e.g., Tr. of Zoom Pre-motion Conference (Feb. 13, 2025) at 14:12-14 (Defendants to address "support for each assertion made in the executive order"); 15:10-12, 30:9-10 (parties to address provisions requiring use of pronouns based on birth sex); 20:2-3 (parties to discuss how the "mandates of the executive order" advance governmental interests); 29:24-25 (plaintiffs will be required to "go over every issue -

- every mandate in the executive order").

Similarly, at the preliminary injunction hearing, the Court made clear that all provisions of the Executive Order that require differential treatment of transgender service members are at issue. See, e.g., Tr. (Feb. 18, 2025) at 89:1-18, 91:8-92:23 (questioning Defendants about provisions barring treatment for gender dysphoria); 141:7-143:13 (questioning Defendants about pronoun usage provisions and stating "I don't know . . . where you got this idea that this is so limited. It's enjoined -- it's saying that the entire executive order is a violation"); Tr. (Feb. 19, 2025) at 21:18-23:15 (addressing pronoun usage and other provisions that impose "concrete harm that is diminishing these Plaintiffs' ability to serve their mission").  Both parties responded to questions from the Court on these topics throughout the proceedings.

These are not "new claims" as Defendants' email incorrectly suggests. The Court has repeatedly stated that these issues fall within the scope of Plaintiffs' first amended complaint and preliminary injunction motion.

Plaintiffs have now filed a second amended complaint adding new Plaintiffs and are working on filing an updated preliminary injunction motion. However, to be clear, the additional harms alleged in the revised complaint do not arise from new claims and are all directly caused by and the result of the challenged Orders. In fact, the allegations relating to the injuries described in the second amended complaint were included in declarations provided to Defendants 4 days prior to the preliminary injunction hearing. These additional harms are nothing more than the growing harms that service members—including both the original plaintiffs and the additional ones—are experiencing in real time on an ongoing basis as Defendants continue to take aggressive steps to implement the challenged order, as corroborated by Defendants' own submissions.

Additionally, Plaintiffs have complied with this Court's order to file a brief regarding the immutability of transgender status and have been ordered to file a brief by March 2 responding to the report referenced in Section 4(c) of the challenged Order. If anyone has been under pressure to quickly file, it has been Plaintiffs, who are endeavoring in real time to absorb and account for the multitude of ways the policies being rolled out by the various branches of the military pursuant to the Challenged Order are negatively impacting service members across a range of contexts—including medical care restrictions, cancellations of ship-off dates, assignments and more.

For all these reasons, Plaintiffs do not agree with Defendants that there is any need to revise this Court's scheduling Order.

Sincerely,
Jennifer Levi