**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NICOLAS TALBOTT *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-00240 |
| | ) | |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMENTAL DECLARATION OF REGAN MORGAN**

I, Regan Morgan, declare as follows:

1.      I write this declaration to supplement the declaration I signed on March 4, 2025, which was filed on March 7, 2025, ECF No. 72-55 in support of Plaintiffs' motion for preliminary injunction in this matter.

2.      After being removed from my post, on March 3, I was put on a series of planes with multiple layovers, ultimately arriving back to the U.S. on March 7, 2025. I am currently living in my house located off base at Fort Campbell, Kentucky.

3.      In combat zones, it is crucial that all service members be able to trust each other completely. We must have each other's backs at all times. Erosion of this trust has life-or-death consequences. Being pulled from my post has irreparably eroded the trust that my command has put in me and the trust that my fellow soldiers have put in me. Because of Executive Order 14183, I was pulled from the field and could no longer have the backs of my fellow service members.

4.      Even more damaging is the fact that the Executive Order states that the reason I am being pulled from my post is that I am selfish, dishonest, and lacking in integrity and discipline. This irreparably damages reputation and damages my ability to return to the field and work with

the other service members who must rely on me.

5.      On March 10, 2025, I went to the JAG office at Fort Campbell to schedule an appointment to learn about my separation options. I was given an Information Paper entitled "Processes for Transgender Soldiers." A true and accurate copy of the Information Paper is attached to this declaration as **Exhibit A**.

6.      The Information Paper informs me that I have the option to voluntarily separate from the Army or to face involuntary separation. The Information Paper further explains that soldiers identified for separation may apply for a waiver provided that they meet three criteria:

- SM demonstrates 36 consecutive months of stability in SM sex without clinically significant distress or impairment in social occupational, or other important areas of functioning; and
- SM demonstrates that he or she has never attempted to transition to any sex other than their sex; and
- SM is willing and able to adhere to all applicable standards including the standards associated with the member's sex.

Ex. A to Supp. Decl. of Regan Morgan at 2.

7.      I am unable to meet the first criterion for waiver eligibility because, as outlined in my first declaration, my birth sex is male, and I have been living as a woman for many years.

8.      I am unable to meet the second criterion for wavier eligibility because, as outlined in my first declaration, I have transitioned to female and updated my gender marker in DEERS to reflect my transition.

9.      I am unable to meet the third criterion for waiver eligibility because, as outlined in my first declaration, I am a woman and meet all standards applicable to female services members. It is not possible for me to serve in the military as a man, which I am not.

10.      My understanding of the Information Paper is that my only options are to leave the Army voluntarily or involuntarily. The Information Paper does not provide me with an option to

2

remain in the Army.

11.     Administrative separation is a process that is principally used for service members who have engaged in serious and repeated misconduct or who cannot meet standards. Being made to initiate administrative separation will harm me in ways that cannot be undone. It provides information to others with whom I interact both in the military and among civilians the military has information that causes it to conclude that I cannot meet standards or that I have engaged in some wrongdoing. And, of course, because the Executive Order and the implementation rules being distributed by the military states that transgender people are untrustworthy and inconsistent with military values, it creates a serious injury to my credibility immediately and at any point that I may return to service. It will also harm me should I be separated in my ability to even find a civilian position.

12.     Being placed on administrative leave has caused immediate and irreparable harm.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 10, 2024

_____

Regan Morgan

# EXHIBIT A

**INFORMATION PAPER (current as of 5 MAR 25)**
**Processes for Transgender Soldiers (Active Component)**

Pursuant to the attached OSD memo, ("Prioritizing Military Excellence and Readiness Memorandum" dated 26 FEB 25) (Encl. 1), military departments will begin processing actions involving transgender Servicemembers (SMs) imminently.  There will be three options: a SM can elect to voluntarily separate, a SM may be involuntarily separated, or finally, a SM can request a waiver to be permitted to continue to serve.

Guidance as to each of these options is forthcoming.  This IP contains general information about all options as described in the memo, with specific information on the voluntary separation process as the Army has released specific guidance on this process ("Prioritizing Military Excellence and Readiness Implementation Guidance" dated 6 MAR 25 (Encl. 2).

Implementing EXORD and Sample statement verifying election of voluntary separation attached (Encl. 3 and 4)

## Separation, Generally

Military Departments are directed to establish procedures to identify Servicemembers who have gender dysphoria.  Once identified, Military Departments (such as the Army), have 30 days from the date of the attached memo to begin these separation actions.  (See para 3.4f of OSD memo)

Discharge through the Disability Evaluation System (DES) is not typically available unless the Servicemember has another condition (referred to as a 'co-morbidity).  If there is a question about whether or not this applies, the Servicemember should be referred to an Office of Soldier's Counsel office.  (See para 4.4a(2) of OSD memo)

Separated Servicemembers (SMs) and their covered dependents will remain eligible for TRICARE for 180 days.  (See para 4.4a(9) of OSD memo)

Separated SMs will have their remaining military service obligations waived. (See para 4.4a(11) of OSD memo)

## Voluntary Separation (Army Guidance)

Soldiers who elect voluntary separation have until 26 MAR 25. (para 5c(5) Army memo)

Soldiers who elect to voluntarily separate will provide a verifying election of voluntary separation (EXORD 3.B.2.A.)

Soldiers will submit the request for voluntary separation to the first commander in the chain of command by submitting a Personal Action Request (PAR) in IPPS-A.  (EXORD 3.B.2.C.)

Approved separations will be processed IAW AR 600-8-24 para 3-5 (for Officers) (EXORD 3.B.2.F.1), and AR 635-200, Chapter 15 (EXORD 3.B.2.F.3.)

Soldiers will be separated no later than the 1st day of the 7th month after notification to their commander (EXORD 3.B.2.G)

Servicemembers should be informed that they **may** be entitled voluntary separation pay, per 10 USC section 1175a and DODI 1332.43. Servicemembers eligible for separation pay will be paid at a rate twice the amount the amount of those involuntarily separated, IAW DoDI 1332.29. (See para 4.4a(4) of OSD memo and para 5c(5) Army memo)

Soldiers eligible for voluntary separation pay will be paid at a rate that is twice the amount the Soldier would have been eligible for from involuntary separation pay, IAW DoDI 1332.29 and AR 637-2. (See para 5c(5) Army memo)

SMs electing voluntary separation will not have to repay enlistment bonuses received prior to 26 FEB 25 (date of memo). (See para 4.4(10) and rights under 10 USC section 1145.)

### Involuntary Separation

SMs subject to involuntary separation will be afforded either an Administrative Separation Board (if enlisted, see para 4.4a(6)), or a Board of Inquiry (if an officer, see para 4.4a(7).

SMs with over 18 years of service but less that 20 years of active-duty service will be eligible for Early Retirement pursuant to DODI 1332.46. (See para 4.4a(8))

### Waiver

SM identified for separation may request a waiver all the following conditions are met:

1. SM demonstrates 36 consecutive months of stability in SM sex without clinically significant distress or impairment in social occupational, or other important areas of functioning; and

2. SM demonstrates that he or she has never attempted to transition to any sex other than their sex; and

3. SM is willing and able to adhere to all applicable standards including the standards associated with the member's sex.

Waivers will be routed through the ASA M&RA.


References

Boards of Inquiry: 10 U.S.C.S. § 1182 (LexisNexis, Lexis Advance through Public Law 118-274, approved January 6, 2025, with a gap of Public Law 118-159)

Health Benefits: 10 U.S.C.S. § 1145 (LexisNexis, Lexis Advance through Public Law 118-274, approved January 6, 2025, with a gap of Public Law 118-159)

Separation Pay upon involuntary discharge or release from active duty: 10 U.S.C. § 1174 (LexisNexis, Lexis Advance through Public Law 118-274, approved January 6, 2025, with a gap of Public Law 118-159)

Voluntary Separation Pay and Benefits: 10 U.S.C.S. § 1175a (LexisNexis, Lexis Advance through Public Law 118-274, approved January 6, 2025, with a gap of Public Law 118-159)

Repayment of unearned portion of bonus: 37 U.S.C.S. § 373 (LexisNexis, Lexis Advance through Public Law 118-274, approved January 6, 2025, with a gap of Public Law 118-159)