#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

NICOLAS TALBOTT, *et.al.*

    *Plaintiff*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

    *Defendants*.

No. 1:25-cv-240-ACR

### NOTICE TO THE COURT

During the March 12, 2025, hearing on Plaintiffs' renewed motion for a preliminary injunction, the Court offered Defendants the opportunity to submit declaration(s) to respond to the Court's questions regarding the scope of the 2025 DoD Policy at issue in this litigation. Defendants respectfully notify the Court that they will not be submitting any declarations to supplement the record and are standing on the opposition brief they filed on March 11, 2025 [ECF No. 81].

As the Court is aware, under § 3.4.e of the 2025 DoD Policy, the Secretaries of the Military Departments are to establish procedures and implement steps to identify Service members who fall within the scope of the 2025 DoD Policy. A February 28, 2025, clarifying guidance [ECF No. 65-1] from the Official Performing the Duties of the Assistant Secretary of Defense for Manpower and Reserve Affairs further provided that the deadline to do so is March 26, 2026. The clarifying guidance also instructed that in the meantime, DoD personnel shall take no action to identify Service members pursuant to the DoD Policy. Because the Court's questions implicate the ongoing deliberative process, Defendants will refrain from providing any declaration that previews the upcoming guidance. Nevertheless, Defendants note their argument in the opposition brief that the DoD Policy turns on the medical condition of gender dysphoria and does not cover all trans-identifying Service members or applicants.

Defendants likewise do not believe it appropriate at this time to address whether Plaintiffs

satisfy the applicable waiver criteria for accession (under § 4.1.c. of the DoD Policy and the March 4, 2025, clarifying guidance [ECF No. 70-1]) or retention (under § 4.3.c of the DoD Policy).  As stated in the DoD policy, the relevant military decisionmakers will adjudicate requests for waiver on a case-by-case basis, taking into account whether there is a compelling Government interest in accessing an applicant or retaining a Service member who is otherwise presumptively disqualified from service due to the DoD Policy.  Defendants will not prejudge that administrative process or provide an advisory view, particularly when they do not currently know the individual factual circumstances of each Plaintiff beyond their allegations in the Third Amended Complaint and declarations.

Finally, the Court granted Defendants' request at the March 12, 2025 hearing to file on the docket Tab 12, cited in the February 26, 2025, Action Memorandum [ECF No. 73-23]. *See* 3/12/2025 Hr'g Tr. 95:15–24.  Defendants attach to this notice a complete version of Tab 12—that is, documents from the AMSARA study that informed Mr. Selnick's consideration prior to issuing the February 26, 2025 policy.

Dated: March 17, 2025             Respectfully submitted,

                                  YAAKOV M. ROTH
                                  Acting Assistant Attorney General

                                  ALEX HAAS
                                  Director, Federal Programs Branch

                                  JEAN LIN
                                  Special Litigation Counsel

                                  /s/ *Jason C. Lynch*
                                  JASON C. LYNCH
                                  ELIZABETH B. LAYENDECKER
                                  Trial Attorneys
                                  U.S. Department of Justice
                                  Civil Division, Federal Programs Branch
                                  1100 L. Street, NW
                                  Washington D.C. 20005
                                  (202) 514-1359

                Jason.Lynch@usdoj.gov

                *Counsel for Defendants*

3