IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICOLAS TALBOTT, *et.al.*

    *Plaintiff*,

v.

United States of America, *et al.*,

    *Defendants*.

No. 1:25-cv-240-ACR

**DEFENDANTS' MOTIONS TO (1) DISSOLVE THE MARCH 18, 2025, PRELIMINARY INJUNCTION AND (2) EXTEND THE EXTANT STAY, DUE TO EXPIRE AT 10 A.M. ON MARCH 21, 2025, PENDING RESOLUTION OF THE MOTION TO DISSOLVE; OR, ALTERNATIVELY, (3) MOTION FOR A STAY PENDING APPEAL**

This case challenges Executive Order 14183 and the February 26, 2025, implementing guidance issued by the Department of Defense ("DoD Policy"). On March 18, 2025, the Court entered a preliminary injunction requiring Defendants to maintain the status quo that existed immediately before the issuance of Executive Order 14183. *See* Order (Mar. 18, 2025), ECF No. 88 ("PI Order"); Mem. Op. (Mar. 18, 2025), ECF No. 89 ("PI Op."). The injunction is premised on the Court's view that "the Hegseth Policy bans all transgender troops" from military service. PI Op. 20. That view is in turn based on an interpretation of, among other things, the following language in the DoD Policy: "Service members who have a current diagnosis or history of, *or exhibit symptoms consistent with*, gender dysphoria are disqualified from military service." DoD February 26 Guidance § 4.3.a., ECF No. 63-1 (emphasis added); *see* 3/12/2025 Hr'g Tr. 14:15–15:23; PI Op. 60. Defendants had explained, however, that the DoD Policy presumptively barring individuals from serving in the military turns on gender dysphoria—a medical condition—and does not discriminate against trans-identifying persons as a class. *See* Defs. Opp'n to Renewed Mot. for Prelim. Inj. 18–20 (Mar. 11, 2025), ECF No. 81. Defendants had further advised the Court that further guidance was then expected by March 26, 2025. 3/12/2025 Hr'g Tr. 14:15–17:20.

On March 21, 2025, DoD issued that expected guidance. *See* Exhibit 1, Office of the Undersecretary of Defense for Personnel & Readiness, *Prioritizing Military Excellence and Readiness: Military Department Identification* (Mar. 21, 2025).[1] In pertinent part, the new guidance confirms that "the phrase 'exhibit symptoms consistent with gender dysphoria' refers to the diagnostic criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders" and "applies only to individuals who exhibit such symptoms as would be sufficient to constitute a diagnosis (i.e., a marked incongruence and clinically significant distress or impairment for at least 6 months)." *Id.* at 1 n.2. Because the March 21, 2025, guidance confirms that the Court has

---

[1] The March 21, 2025, guidance explains that it "is not to be implemented at this time due to the preliminary injunction" entered in this case.

misconstrued the scope of the DoD Policy, Defendants hereby respectfully move to dissolve the March 18, 2025, preliminary injunction. *See* PI Op. 20 (recognizing that "new developments" may "cause Defendants to move to dissolve th[e] injunction").

The party seeking to dissolve a preliminary injunction must demonstrate "a significant change either in factual conditions or in law" such that continued enforcement of the injunction would be "detrimental to the public interest." *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). The March 21, 2025, guidance constitutes a "significant change." Whereas the Court has broadly construed the scope of the DoD Policy to encompass all trans-identifying servicemembers or applicants, the new guidance underscores Defendants' consistent position that the DoD Policy is concerned with the military readiness, deployability, and costs associated with a medical condition—one that every prior Administration has, to some degree, kept out of the military. Given this confirmation, and for the other reasons stated in their prior opposition, Defendants ask that the Court dissolve its preliminary injunction. Defendants further request that the Court extend the stay of the preliminary injunction, currently scheduled to expire on March 21 at 10 a.m., pending resolution of this motion to dissolve.

Should the Court deny the motion to dissolve, Defendants respectfully request that the Court stay the preliminary injunction pending appeal. The Acting Solicitor General has authorized the appeal of the Court's March 18, 2025 preliminary injunction. "The test for a stay or injunction pending appeal is essentially the same" as the test for a preliminary injunction, "although courts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms strongly favors a stay[.]" *Dunlap v. Pres. Advisory Comm'n on Election Integrity*, 390 F. Supp. 3d 128, 131 (D.D.C. 2019) (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 193 & n.5 (D.D.C. 2005)). Defendants believe that, for the reasons above and in their prior opposition, they have met that standard. Moreover, Federal Rule of Appellate Procedure 8(a)(1) provides that "a party must ordinarily move first in the district

3

court" for an order staying an injunction pending appeal. Defendants are accordingly seeking that relief in this Court.

Defendants have conferred with counsel Plaintiffs, who oppose the reliefs requested herein.

Dated: March 21, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEX HAAS
Director, Federal Programs Branch

/s/ *Jean Lin*
JEAN LIN
Special Litigation Counsel
JASON C. LYNCH
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov

*Counsel for Defendants*

4