IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICOLAS TALBOTT, et.al.

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

No. 1:25-cv-240-ACR

## NOTICE OF INTENT TO FILE DISPOSITIVE MOTION

Pursuant to Section 7(f) of the Court's standing order, ECF No. 10, Defendants hereby give notice of their intent to file a partial motion to dismiss, the basis for which is set forth below. Under the standing order, Plaintiffs' response to this notice is due next Wednesday, May 14, after which the Parties will contact the Court to schedule a pre-motion conference date. Plaintiffs have indicated that they may seek an extension of their time to respond to this notice.

Plaintiff Miriam Perelson, along with other Service members, challenge the Department of Defense's ("DoD's") latest policy on service by persons with a history of gender dysphoria and related medical intervention (the "2025 DoD Policy"). *See generally* 4th Am. Compl. (Mar. 25, 2025), ECF No. 99-1. The Fourth Amended Complaint alleges that the 2025 DoD Policy (1) violates the Equal Protection guarantee of the Fifth Amendment; (2) deprives Plaintiffs of liberty and property without due process of law; and (3) is estopped for improperly upsetting "settled expectations" (*id.* ¶ 448) created by the previous administration's policies.

Since the Fourth Amended Complaint was filed, Plaintiff Perelson has been involuntarily separated from the Army for reasons unrelated to the 2025 DoD Policy.[1] Perelson was afforded notice, an opportunity to respond, and military counsel throughout the separation process.

"A claim is moot when 'the issues presented are no longer 'live' or the parties lack a legally

---

[1] Out of consideration for Perelson's privacy, Defendants omit the specific bases for the separation.

cognizable interest in the outcome.'" *Vanda Pharms., Inc. v. U.S. Food & Drug Admin.*, 123 F.4th 513, 522 (D.C. Cir. 2024) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "Intervening events may moot a claim if they 'make it impossible to grant the prevailing party effective relief.'" *Id.* (quoting *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (cleaned up)). Having been separated from the military for reasons wholly unrelated to the 2025 DoD policy, Perelson no longer has any cognizable interest in the outcome of this case. Nor could the Court grant her effective relief, as she has been separated from the military.

Neither exception to the mootness doctrine would apply here. *See Alphabet Workers Union-Commc'n Workers of Am., Loc. 9009 v. Nat'l Lab. Rels. Bd.*, -- F.4th --, No. 24-1003, 2025 WL 1162314, at *4 (D.C. Cir. Apr. 22, 2025). Defendants did not voluntarily cease applying the 2025 DoD Policy to Perelson; to the contrary, Defendants have sought (and since obtained) emergency relief to allow them to implement the policy. *See* Order, *United States v. Shilling*, No. 24A1030 (U.S. May 6, 2025). Nor is this a case where the challenged government action is capable of repetition yet evading review. The once-enjoined 2025 Policy is again effective, and Perelson's fellow Plaintiffs can continue to challenge that policy even after Perelson is dismissed.

Dated: May 7, 2025                                    Respectfully submitted,

                                              YAAKOV M. ROTH
                                              Acting Assistant Attorney General

                                              ALEX HAAS
                                              Director, Federal Programs Branch

                                              JEAN LIN
                                              Special Litigation Counsel

                                              /s/ *Jason C. Lynch*
                                              JASON C. LYNCH
                                              ELIZABETH B. LAYENDECKER
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L. Street, NW

Washington D.C. 20005
(202) 514-1359
Jason.Lynch@usdoj.gov

*Counsel for Defendants*