IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLAS TALBOTT, et.al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>    *Defendants*. | Civ. A. No. 25-240 (ACR) |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR SCHEDULING CONFERENCE**

Pursuant to the Court's Minute Order of March 4, 2026, Defendants hereby respond to Plaintiffs' Motion for Scheduling Conference (ECF No. 112), which asks the Court to set an initial scheduling conference to discuss the matters set forth in Local Civil Rule 16.3(c). The Court should deny the motion because Plaintiffs' suit challenges an agency action, and thus, is a record-review case exempt from the requirements of Local Rule 16.3(c). That is, Plaintiffs are not "entitled . . . to conduct discovery" in this exempt record-review case. Pls. Mot. (ECF No. 112) ¶ 7. A Rule 16 conference at this time also would not conserve judicial and party resources given the forthcoming appellate guidance in the pending appeal of this Court's preliminary injunction; for that reason, Defendants are simultaneously moving to stay the proceedings pending appeal.

Under the Local Rules, there are two types of civil cases. *See* Local R. 16.3(b). The first type encompasses ten categories of cases, including "an action for review on an administrative record," where the duty to confer and the discovery rules "shall not apply." *Id.* The second type encompasses other civil cases that do not fall within the ten categories. *Id.* The Court properly recognized in its Standing Order that an initial scheduling conference and order to meet and confer

1

are not appropriate when a case is exempt under Rule 16.3(b).  Standing Ord. (ECF No. 10) ¶ 4.  This case falls within the "action for review on an administrative record" exemption.

Plaintiffs challenge the "official policy" of the Department of War (the "Department") regarding the "exclu[sion]" of "transgender people from military service," specifically, the Department's "implementation of the President's directive to prohibit transgender individuals from enlisting or serving in the Armed Forces, to require transgender service members to live and serve in their birth sex . . . , and to deny them medical treatment for gender dysphoria."  4th Am. Compl. (ECF No. 99-1) ¶¶ 1, 18.  The relief that Plaintiffs seek is an "injunction prohibiting enforcement" of the Department's policy, i.e., the policy of February 26, 2025, entitled Additional Guidance on Prioritizing Military Excellence and Readiness ("2025 Policy" or "Policy").  *Id.* at 96–98.  Thus, the 2025 Policy would be the final agency action, for which "the focal point for judicial review should be on the administrative record."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Dep't of Comm. v. N.Y.*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.").

Under the Local Rules, "an action for review on an administrative record," like this one, is exempt from the duty to confer and the discovery rules.  Local R. 16.3(b)(1).  Plaintiffs' argument that they are "entitled . . . to conduct discovery" in this exempt record-review case is thus misplaced.  Pls. Mot. (ECF No. 112) ¶ 7.  As a panel of the D.C. Circuit has held in this case in the context of staying this Court's preliminary injunction, "undergird[ing] the [2025] Policy" are "[s]everal studies and reviews" and it is "the text and sources informing the [2025] Policy"—not "extrinsic" material—that is the "focus" of the case.  *Talbott v. United States*, No. 25-5087, 2025 WL 3533344, at *4, *10 (D.C. Cir. Dec. 9, 2025).  The D.C. Circuit was clear:  there is no need to

2

"look[] beyond the [2025] Policy itself" to review, for example, "various statements made by the President or other officials." *Id.* at *10. Yet this is exactly what Plaintiffs are seeking to do in seeking extra-record discovery.

The Department has already produced to Plaintiffs the record "under[girding]" the Policy, which encompasses "the full administrative record that was before the [decisionmaker] at the time [the decisionmaker] made [the] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The 2025 Policy identifies specific documents and data that the Department considered in issuing its Policy, and the Department has already produced them. No more is warranted in this record-review case.

Importantly, the record-review principle is not disregarded just because Plaintiffs have relabeled their challenge to agency action, typically reviewed under the Administrative Procedure Act ("APA"), as constitutional claims. The APA, after all, expressly includes claims that agency action is "contrary to constitutional right." 5 U.S.C. § 706(2)(B). Plaintiffs are not permitted to circumvent the APA's limitations on judicial review by characterizing claims as constitutional ones when the claims are actually challenges to agency action. *Appalachian Voices v. EPA*, Civ. A. No. 25-1982 (RJL), 2025 WL 2494905, at *9 (D.D.C. Aug. 29, 2025) (holding that plaintiffs may not "circumvent" the APA's record-review principles "by reframing" a challenge to agency action "as a constitutional claim"); *Amica Ctr. for Immigration Rights v. Dep't of Justice*, Civ. A. No. 25-298 (RDM), 2025 WL 1852762, at *17 (D.D.C. July 6, 2025) (same); *Validata Chem. Srvs. v. Dep't of Energy*, 169 F. Supp. 3d 69, 89 (D.D.C. 2016) (rejecting attempt to "reframe" an APA claim as a constitutional claim to "evade" a reviewability bar).

Indeed, "[d]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the APA's bar on extra-record evidence." *Bellion Spirits, LLC*

*v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018), *aff'd*, 7 F.4th 1201, 1210 (D.C. Cir. 2021) (holding that the district court appropriately confined its review to the administrative record).  This is so because "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record"— as is the case here—"that challenge must be judged on the record before the agency."  *Id.*; *see also McCoy v. Spencer*, Civ. A. No. 16-1313 (CKK), 2019 WL 400615, at *11 (D.D.C. Jan. 31, 2019) (holding that plaintiff's constitutional claims that challenge "the substance and the merits" of agency action do not warrant discovery); *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (denying discovery on equal protection and due process challenge to agency action because "[j]udicial review of agency action is generally limited to the administrative record").

"The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery."  *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004).  "To hold otherwise, 'and allow fresh discovery, submission of new evidence and legal arguments' would 'incentivize every unsuccessful party to agency action to allege . . . constitutional violations' in order to 'trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure.'"  *Chiayu Chang*, 254 F. Supp. 3d at 161–62 (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014)).[1]

---

[1] In the record review context, there are established standards governing supplementation of the record, *City of Dania Beach Fed. Aviation Admin.*, 628 F.3d 581, 590–91 (D.C. Cir. 2010), including narrow exceptions for discovery, none of which applies here, *see CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014); *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997–98 (D.C. Cir. 1990).

Discovery on Plaintiffs' equal protection challenge is particularly inappropriate at this juncture given the appellate guidance so far and the upcoming guidance on the standard of review in this case. *See United States v. Shilling*, 145 S. Ct. 2695 (2025) (staying preliminary injunction that halted the 2025 Policy); *United States v. Skrmetti*, 605 U.S. 495, 514–15 (2025) (rational basis review applies when the policy does not "prohibit conduct for one sex that it permits for the other"); *Talbott*, 2025 WL 3533344, at *5 (pursuant to *Skrmetti*, "We doubt that the policy triggers any form of heightened scrutiny."). If rational basis review applies, the Policy must be upheld as long as there is a conceivable set of facts that support the classification, *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993), and that inquiry is decided without regard to "actual[] motiv[es]," *see F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993). Allegations of animus in the rational basis review context do not require any discovery because the Policy must be upheld so long as it is not "impossible to discern a relationship to legitimate state interests" and is not "inexplicable by anything but animus." *Trump v. Hawaii*, 585 U.S. 667, 706 (2018); *see also Trump v. Orr*, 146 S. Ct. 44, 46 (2025).

The Department has already produced the record "undergird[ing] the [2025] Policy." *Talbott*, 2025 WL 3533344, at *4. Nothing more is warranted. To the extent Plaintiffs believe more is needed for them to challenge the 2025 Policy, Defendants are agreeable to produce the administrative record for the Mattis Report (over 3000 pages) because the 2025 Policy relied in part on that Report.

5

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion because this record-review case is exempt from the duty to confer and the discovery rules.

Dated: March 11, 2026                    Respectfully submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division

                                         ALEX HAAS
                                         Director

                                         JEAN LIN
                                         Special litigation Counsel

                                         /s/ *M. Jared Littman*
                                         M. JARED LITTMAN
                                         ROBERT C. BOMBARD
                                         ELIZABETH B. LAYENDECKER
                                         Trial Attorneys
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L. Street, NW
                                         Washington D.C. 20005
                                         (202) 451-7478
                                         Jared.Littman2@usdoj.gov

                                         *Counsel for Defendants*