# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NICOLAS TALBOTT, et.al.

     *Plaintiffs*,

v.

UNITED STATES, et al.,

     *Defendants*.

Civ. A. No. 25-240 (ACR)

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants respectfully request that the Court stay proceedings in this matter pending the resolution of the Government's appeal of the March 18, 2025, Preliminary Injunction (ECF Nos. 88, 89) and the March 26 order denying the motion to dissolve and for other relief (ECF No. 100).[1] As discussed below, a decision on the pending appeal will bear on any future proceedings and could significantly narrow the case. At a minimum, the D.C. Circuit's forthcoming decision will provide helpful guidance on the legal framework governing Plaintiffs' claims, which is likely to affect the scope of further proceedings in this case. Continuing forward with district court proceedings in this posture may result in needlessly duplicative litigation, potentially unnecessary motion practice, and requests for Court intervention to resolve disputes regarding the factual scope of this case. *See* Defs. Resp. to Pls. Moti. for Sched. Conf. (filed simultaneously with this motion). A stay of further proceedings, until the parties and the Court receive appellate guidance, would therefore conserve resources of both the Court and the parties. At the same time, it would not

---

[1] Pursuant to Local Civil Rule 7(m), Defendants have conferred with counsel for Plaintiffs, who oppose the relief requested herein.

impose undue harm on Plaintiffs, as the Supreme Court has implicitly recognized in a parallel case challenging the same Department of War Policy ("2025 Policy" or "Policy") as this case.

## BACKGROUND

This Court is familiar with the factual and procedural background of this case. Following the Court's issuance of the March 18, 2025, preliminary injunction enjoining the implementation of the 2025 Policy (ECF Nos. 88, 89), and the denial of the Government's motion to dissolve the preliminary injunction on March 26, 2025 (ECF No. 100), the Government appealed and successfully sought an administrative stay from the D.C. Circuit. *Talbott v. Trump*, No. 25-5087 (D.C. Cir., Mar. 27, 2025) (per curiam), Doc. No. 2108170. On December 9, 2025, the D.C. Circuit dissolved the administrative stay and entered a stay of the injunction pending resolution of the appeal. *See Talbott v. United States,* No. 25-5087, 2025 WL 3533344, at *1 (D.C. Cir. Dec. 9, 2025). As for the merits of the appeal, the D.C. Circuit heard oral argument on January 22, 2026, and thus, the appeal is ripe for decision. In the meantime, in a case challenging the same 2025 Policy in the U.S. District Court for the Western District of Washington, the Supreme Court granted the Government's application for a stay of that district court's preliminary injunction, which similarly enjoined the implementation of the Policy. *See United States v. Shilling*, 145 S. Ct. 2695 (2025).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy, 'the applicable

jurisprudence appears in [*Landis*]'" (citations omitted)).  When "exercising this power, a court must 'weigh competing interests and maintain an even balance' between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (quoting *Landis*, 299 U.S. at 255).  A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay district court proceedings.  *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009).

## ARGUMENT

The D.C. Circuit will soon decide the Government's appeal.  Judicial economy and efficiency counsels strongly in favor of a stay pending that decision and any further appeals.  The D.C. Circuit's ruling, and any rulings by the Supreme Court, will affect key issues to be litigated by the parties in this Court.  For example, the D.C. Circuit's ruling will likely address the proper characterization of the classification in the 2025 Policy (*e.g.*, whether gender dysphoria is a proxy for trans-identifying persons as a class), and whether, for purposes of the equal protection analysis, the classification is subject to rational basis review, as the D.C. Circuit has suggested in staying this Court's preliminary injunction, or heightened scrutiny, as this Court previously held.  Specifically, the D.C. Circuit is likely to provide guidance on whether the Supreme Court's subsequent decision in *United States v. Skrmetti*, 605 U.S. 495 (2025), controls the equal protection analysis in this case.  Moreover, the D.C. Circuit will likely address the appropriate degree of deference owed to the 2025 Policy.   Answers to all these questions would affect the contours of any additional factual development needed in this case, if any.  *See* Defs. Resp. to Pls. Moti. for

Sched. Conf.  Indeed, no immediate factual development is needed to resolve any of those legal questions; the record that underlies the 2025 Policy is before the D.C. Circuit.  And the Supreme Court may provide further guidance if it grants either party's petition for certiorari.  At a minimum, the issues may be narrowed end the end of the appellate process.  Accordingly, it would be more efficient for the parties to await for that process to conclude.  Staying further proceedings until the Court and the parties have appellate guidance would avoid resource expenditures litigating matters that may ultimately prove unnecessary.

Judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the resolution of issues on appeal will bear on further proceedings before the district court.  *See, e.g.*, *Ready to Win v. Fed. Election Comm'n*, No. 1:22-cv-3282 (RDM), 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Blumenthal v. Trump*, No. 1:17-cv-1154 (EGS) 2019 WL 3948478 at *3 (D.D.C. Aug. 21, 2019); *Phillip v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 1:14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

The equities weigh in favor of staying the case pending resolution of the appeal.  As explained above, proceeding without the benefit of appellate input risks unnecessarily expending significant resources.  Further, Plaintiffs are not unduly harmed in the absence of a stay.  In its most recent ruling granting the Government's request to stay the injunction pending appeal, the D.C. Circuit held that Plaintiffs are not irreparably harmed in the absence of an injunction, as

adequate relief would be available in the event that any Plaintiff is discharged. *Talbott*, No. 25-5087, 2025 WL 3533344, at *11 ("[T]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297–98 (D.C. Cir. 2006)). As the D.C. Circuit further explained, "[c]ourts applying these principles have held that even less-than-honorable military discharges do not constitute irreparable injuries warranting interim relief while challenges to the discharge remain ongoing." *Id.* (citing *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985); *Guerra v. Scruggs*, 942 F.2d 270, 273–74 (4th Cir. 1991)). And the Supreme Court long ago said that the loss of employment and associated benefits are not irreparable harms. *See Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974) (holding that "an employee's discharge, together with the resultant effect on the employee," ordinarily does not amount to irreparable injury). Moreover, any asserted imminent harm from a stay of proceedings is further lessened by the fact that the Supreme Court has already indicated that Plaintiffs' case is unlikely to succeed on the merits. *See Shilling*, No. 24A1030, 2025 WL 1300282 (staying the injunction).

Finally, the duration of the stay sought by Defendants is reasonable. As noted above, the D.C. Circuit already heard oral argument in January, and a ruling may be imminent. And in the event that either party seeks, and the Supreme Court grants, a petition for certiorari to review the D.C. Circuit's decision, there would be even greater reason for the Court to await that ruling. In these circumstances, staying the district court proceedings pending resolution of the preliminary injunction appeal makes eminent sense because it would support judicial economy, would allow the parties to address the relevant issues with the benefit of appellate guidance, and would avoid expending resources that later may prove to be unnecessary.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court stay proceedings in this matter pending resolution of the appeal. Defendants propose that the parties file a joint status report within 5 days of the conclusion of the appeal.

Dated: March 11, 2026                Respectfully submitted,

                                     BRETT A. SHUMATE
                                     Assistant Attorney General
                                     Civil Division

                                     ALEX HAAS
                                     Director

                                     JEAN LIN
                                     Special litigation Counsel

                                     /s/ *M. Jared Littman*
                                     M. JARED LITTMAN
                                     ROBERT C. BOMBARD
                                     ELIZABETH B. LAYENDECKER
                                     Trial Attorneys
                                     U.S. Department of Justice
                                     Civil Division, Federal Programs Branch
                                     1100 L. Street, NW
                                     Washington D.C. 20005
                                     (202) 451-7478
                                     Jared.Littman2@usdoj.gov

                                     *Counsel for Defendants*