**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NICOLAS TALBOTT*, et.al.*<br><br>        *Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>        *Defendants*. | No. 1:25-cv-240-ACR |

### **ANSWER**

Defendants hereby answer Plaintiffs' Fifth Amended Complaint (Apr. 15, 2026), filed at ECF No. 117.

### **INTRODUCTION**

1.      This paragraph consists of Plaintiffs' characterization of the lawsuit, to which no response is required. To the extent an answer is required, denied.

2.      Defendants admit that some Plaintiffs, and other trans-identifying persons, have served in the Armed Forces and are at various stages of their careers. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

3.      Defendants admit that Executive Order 14168, 90 Fed. Reg. 8,615 (Jan. 30, 2024) was signed on January 20, 2205. Defendants respectfully refer the Court to that order for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

4.      Assuming that "the Executive Order" refers to Executive Order 14183, 90 Fed. Reg. 8,757 (Feb. 3, 2025), Defendants admit that it was signed on January 27, 2025.[1] Defendants respectfully refer the Court to that order for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

---

[1]      Throughout this answer, where Defendants respond to allegations about "the Executive Order," they assume that the allegation refers to Executive Order 14183.

5.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

6.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

7.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

8.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

9.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

10.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

11.    Defendants respectfully refer the Court to Executive Order 14183 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

12.    Defendants respectfully refer the Court to the February 7, 2025 guidance (ECF No. 33-1) for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

13.    Defendants respectfully refer the Court to the February 26, 2025 guidance (ECF No. 63-1) for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

14.    Defendants respectfully refer the Court to the February 26, 2025 guidance (ECF No. 63-1) for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

2

15.    Defendants respectfully refer the Court to the February 28, 2025 guidance (ECF No. 65-1) and the March 1, 2025 memorandum (ECF No. 67-1) for full and accurate statements of their contents and deny any allegations inconsistent therewith.

16.    Admitted, except that Plaintiffs' characterization of their service as "with distinction" requires no response. To the extent a response is deemed required, denied.

17.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

18.    This paragraph consists of Plaintiffs' characterization of the lawsuit, to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

19.    This paragraph consists of a legal conclusion, to which no response is required.

20.    This paragraph consists of a legal conclusion, to which no response is required.

## PLAINTIFFS

21.    Defendants admit that some Plaintiffs, and other trans-identifying persons, have served in the Armed Forces. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

22.    Admitted.

23.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

24.    Defendants admit that Plaintiff Talbott's pay entry base date is March 26, 2024. Defendants lack sufficient information to admit or deny the allegation that Plaintiff Talbott served "with distinction."

25.    Defendants admit that Plaintiff Talbott is a thirty-one-year-old female who identifies as a male and is currently assigned to a Reserve Unit in Pennsylvania.

26.    Defendants lack sufficient information to admit or deny the allegation in this paragraph.

27.    Defendants admit that Plaintiff Talbott was named Honor Graduate at Basic Combat Training. Plaintiffs' characterizations of the bases for that award require no response.[2]

28.    Denied.    Plaintiff Talbott is no longer a Platoon Leader, is serving in an overstrength billet, and continues to drill with a Military Policing Unit.

29.    Admitted.

30.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

31.    Admitted.

32.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

33.    Defendants deny the allegations in the first sentence of this paragraph.  Plaintiff Talbott does not serve in the U.S. Army as a man. Male standards do not apply to Plaintiff Talbott. Defendants lack information necessary to admit or deny the allegations in the last sentence of this paragraph.

34.    Defendants deny that Plaintiff Talbott is a man.  Plaintiff Talbott is a female who identifies as a male.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

35.    Defendants admit that Plaintiff Vandal's pay entry base date was May 21, 2011. Plaintiff Vandal voluntarily separated from the Army on January 1, 2026.

36.    Defendants admit that Plaintiff Vandal is a thirty-six-year-old male who identifies as a female and is currently stationed in New York.

---

[2]    Plaintiffs refer to themselves as he/him and she/her throughout the complaint.  Defendants deny that those references are consistent with the individual Plaintiff's sex.

37. Defendants lack information necessary to admit or deny the allegation in this paragraph.

38. Admitted.

39. Denied. Plaintiff Vandal is no longer serving in the Army.

40. Defendants admit the first sentence of this paragraph. Defendants admit that in or around January 2022 Plaintiff Vandal began transitioning socially within the military. Defendants otherwise lack information necessary to admit or deny the balance of the allegations in this paragraph.

41. Defendants admit except that Plaintiff Vandal is no longer serving in the rank of major and has separated from the Army.

42. Defendants lack information necessary to admit or deny the allegations in this paragraph.

43. Defendants admit that Plaintiff Vandal did not receive further evaluation of requested changes to Plaintiff Vandal's medical treatment plan. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

44. Denied. Plaintiff Vandal is no longer in the Army and had a gender marker of male at time of separation.

45. Defendants deny that Plaintiff Vandal is a woman. Plaintiff Vandal is a male who identifies as a female. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

46. Defendants deny that Plaintiff Cole is a Sergeant First Class. Plaintiff is a Master Sergeant. Defendants admit that Plaintiff Cole is a male who identifies as a female, has served in the United States Army for eighteen years, and is currently stationed in California. Plaintiffs' characterization of that service as "with distinction" requires no response. Defendants deny the balance of the allegations in this paragraph.

47. Defendants lack information necessary to admit or deny the allegation in this paragraph.

48. Admitted.

49. Denied.  Plaintiff Cole has been in an administrative absence status since July 12, 2025.

50. Admitted.

51. Admitted that Plaintiff Cole has been deployed and promoted.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

52. Defendants admit that Plaintiff Cole has served for eighteen years.  Defendants lack information necessary to admit or deny the remaining allegations in this paragraph.

53. Defendants deny the first sentence of this paragraph.  Defendants lack information to admit or deny whether Plaintiff Cole meets female standards, as Plaintiff Cole is no longer measured against those standards and is in an administrative absence status.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

54. Defendants deny that Plaintiff Cole is a woman.  Plaintiff Cole is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

55. Defendants admit that Plaintiff Herrero has served in the Army for ten years.  Plaintiffs' characterization of that service as "with distinction" requires no response.

56. Defendants admit that Plaintiff Herrero is a female who identifies as a male and is currently stationed in California.  Defendants deny the balance of the allegations in this paragraph.

57. Defendants lack information necessary to admit or deny the allegation in this paragraph.

58. Admitted.

59.    Denied.  Plaintiff Herrero arrived at the United States Military Academy on March 31, 2025.  Plaintiff Herrero has been in an administrative absence status since September 2, 2025.

60.    Admitted.

61.    Defendants admit the allegations about Plaintiff Herrero's service history. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

62.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

63.    Denied.  As noted above, Plaintiff Herrero arrived at the United States Military Academy on March 31, 2025.

64.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

65.    Defendants deny the allegations in the first sentence of this paragraph.  Plaintiff Herrero's gender marker is female. Defendants lack information necessary to admit or deny whether Plaintiff Herrero meets male standards as Plaintiff Herrero is no longer measured against those standards and is in an administrative absence status.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

66.    Defendants deny that Plaintiff Herrero is a man.  Plaintiff Herrero is a female who identifies as a male.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

67.    Defendants admit that, at the time of the filing of the fifth amended complaint, Plaintiff Danridge has served in the Navy for over 12 years. Plaintiffs' characterization of that service as "with distinction" requires no response.

68.    Defendants admit that Plaintiff Danridge is a female who identifies as male. Defendants deny the balance of the allegations in this paragraph.

69. Defendants lack information necessary to admit or deny the allegations in this paragraph.

70. Defendants admit the allegations in the first two sentences of this paragraph. Defendants admit that Plaintiff Danridge was appointed as an Ensign on December 21, 2023, but otherwise deny the allegations in the third sentence of the paragraph.

71. Defendants admit that, during Plaintiff Danridge's career, Plaintiff Danridge has been awarded two Navy and Marine Corps Achievement medals. Defendants admit that Plaintiff Danridge has received one Sailor of the Year Award. Defendants deny that Plaintiff Danridge received an award for starting a new command. Defendants deny that Plaintiff Danridge received a combat medal for Plaintiff Danridge's participation in Operation Inherent Resolve. Defendants admit that Plaintiff Danridge has received the Global War of Terrorism Service Medal and a Global War on Terrorism Expeditionary Medal.

72. Denied.

73. Admitted.

74. Defendants admit the allegations in the first sentence and that Plaintiff Danridge served aboard the USS CARL VINSON (CVN 70). Defendants lack information necessary to admit or deny the balance of allegations in this paragraph.

75. Defendants lack information necessary to admit or deny the allegations in this paragraph, except that Defendants admit Plaintiff Danridge graduated OCS in February 2024.

76. Defendants lack information necessary to admit or deny the allegations in this paragraph.

77. Defendants admit the first sentence. Defendants lack information to admit or deny whether Plaintiff Danridge meets male standards as Plaintiff Danridge is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

8

78. Defendants deny that Plaintiff Danridge is a man. Plaintiff Danridge is a female who identifies as a male. Defendants lack information necessary to admit or deny the balance of allegations in this paragraph.

79. Defendants admit the allegations in this paragraph, except that Plaintiff Hash is now a Senior Master Seargent and Plaintiffs' characterization of Plaintiff Hash's service as "with distinction" requires no response.

80. Defendants admit that Plaintiff Hash is a male who identifies as female and is currently assigned to the Pentagon in Washington D.C. Defendants deny the balance of the allegations in this paragraph.

81. Defendants lack information necessary to admit or deny the allegations in this paragraph.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted as to Plaintiff Hash's assignments to the United Kingdom, the Pentagon, and the Defense Legislative Fellowship, except that Plaintiff's characterization of the Defense Legislative Fellowship as "highly competitive" requires no response. Defendants lack information necessary to admit or deny the allegations regarding Plaintiff Hash's deployment to Germany.

86. Defendants lack information necessary to admit or deny the allegations in this paragraph.

87. Defendants deny the allegations in the first sentence. Plaintiff Hash's DEERS marker is male. Defendants lack information to admit or deny whether Plaintiff Hash meets female standards as Plaintiff Hash is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

88.    Defendants deny that Plaintiff Hash is a woman.  Plaintiff Hash is a male who identifies as female.  Defendants lack information necessary to admit or deny the allegations in this paragraph.

89.    Denied.  Plaintiff Bettis voluntarily separated from the U.S. Air Force on August 1, 2025.

90.    Admitted.

91.    Denied.  Plaintiff Bettis voluntarily separated from the U.S. Air Force on August 1, 2025.

92.    Defendants lack information necessary to admit or deny the allegations in the third and fourth sentences.  Defendants admit the balance of the allegations in this paragraph.

93.    Admitted.

94.    Defendants lack information necessary to admit or deny the allegation in this paragraph.

95.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

96.    Defendants deny that Plaintiff Bettis is a woman.  Plaintiff Bettis is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

97.    Defendants admits that Plaintiff Graham is a female who identifies as male.  Defendants deny the balance of the allegations in this paragraph.  Plaintiff Graham separated from the U.S. Navy on May 1, 2025.

98.    With respect to the first sentence in this paragraph, Defendants admit that Plaintiff Graham enlisted in the Navy in 2020 and lack information necessary to admit or deny the balance of the allegations. With respect to the second sentence, Defendants lack information necessary to admit or deny the allegations.

99.    Admitted.

100.    Defendants admit that there was a surgery order for February 5, 2025, at the Naval Medical Center in Portsmouth, VA, but deny the balance of the allegations in this paragraph.

101.    Defendants admit that Plaintiff Graham was admitted to the Joint Base Langley-Eustis Ambulatory Surgery Center, Hampton, VA, on February 5, 2025; that Plaintiff Graham was assigned a bed and provided with medication and intravenous therapy (IV); and that Plaintiff Graham was marked for surgery. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

102.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

103.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

104.    Defendants lack information necessary to admit or deny the allegations in the first sentence of this paragraph. Defendants deny the balance of the allegations in this paragraph.

105.    Defendants deny that Plaintiff Graham is a man.  Plaintiff Graham is a female who identifies as a male.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

106.    Defendants admit that Plaintiff Pickett is a female who identifies as a male and is currently serving in the Army Criminal Investigations Division at Fort Polk, Louisiana. Defendants admit the second sentence of this paragraph.

107.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

108.    Admitted.

109.    Admitted.

110.    Defendants admit the allegations in the first sentence of this paragraph. Defendants lack information necessary to admit or deny the allegations in the second sentence of this paragraph.

111.    Admitted.

112.    Admitted.

113.    Defendants deny the first sentence. Defendants lack information necessary to admit or deny the allegations in the second and third sentences of this paragraph. Defendants deny the fourth sentence.

114.    Defendants deny the first sentence. Plaintiff Pickett's gender marker is male. Plaintiff Pickett's gender marker is female. Defendants admit Plaintiff Pickett has met male standards in the past. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

115.    Defendants deny that Plaintiff Pickett is a man. Plaintiff Pickett is a female who identifies as a male. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

116.    Defendants admit that Plaintiff Sale is a male who identifies as a female and is serving in South Korea, with orders through May 5, 2026. Defendants deny the balance of the allegations in this paragraph.

117.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

118.    Admitted.

119.    Admitted.

120.    Admitted.

121. Defendants admit that in fall of 2024 Plaintiff Sale began the process of scheduling a surgery but lack information necessary to admit or deny the allegation that the surgery was "medically necessary."

122. Defendants admit the allegations in the first sentence of this paragraph. Defendants lack information necessary to admit or deny the allegations in the second sentence of this paragraph.

123. Admitted.

124. Defendants admit that Plaintiff Sale's surgery was cancelled. Defendants admit that, per United States Forces Korea ("USFK") Regulation 40-9, all personnel traveling to the Korean Theater must be medically fit for deployment. Individuals deemed unable to comply with USFK deployment requirements are disqualified for deployment. Personnel found to be medically non-deployable prior to travel to the Korean Theater for any length of time will not enter the theater until the non-deployable condition is completely resolved or an approved waiver from USFK waiver authority is granted. *See* USFK 40-9, para. 2-1. Defendants lack sufficient information to admit or deny the balance of the allegations in this paragraph.

125. Defendants lack information necessary to admit or deny the allegations in this paragraph.

126. Defendants deny the first sentence of this paragraph. Plaintiff Sale's gender marker is male. Defendants lack information to admit or deny whether Plaintiff Sale meets female standards as Plaintiff Sale is no longer measured against those standard and is in an administrative absence status. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

127. Defendants deny that Plaintiff Sale is a woman. Plaintiff Sale is a male who identifies as a female. Defendants lack information necessary to admit or deny the allegations in this paragraph.

13

128.    Denied.   Plaintiff Tyson voluntarily separated from the U.S. Space Force on October 31, 2025.

129.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

130.    Admitted.

131.    Defendants admit Plaintiff Tyson's alleged awards, except that Defendants' records reflect that Plaintiff Tyson has received two (not three) Army Commendation Medals. Defendants lack information necessary to admit or deny the allegations in the second sentence of this paragraph.

132.    Admitted, but lack information necessary to admit or deny the allegation that the surgery was "medically necessary."

133.    Admitted.

134.    Defendants lack information necessary to admit or deny the allegations in the second sentence of this paragraph and whether care was "medically necessary" in the third sentence but otherwise admits the allegations in this paragraph.

135.    Defendants deny the allegations in the first sentence of this paragraph and lack information necessary to admit or deny the allegations in the second sentence.

136.    Defendants deny that Plaintiff Tyson is a woman.  Plaintiff Tyson is a male who identifies as a female.  Defendants lack information necessary to admit or deny the allegations in this paragraph.

137.    Defendants admit that Plaintiff Bloomrose is a male who identifies as a female and that Plaintiff Bloomrose served honorably in the U.S. Nay for over nineteen years. Plaintiffs' characterization of Plaintiff Bloomrose's service as "meritorious[]" requires no response. Defendants deny the balance of the allegations in this paragraph

138.    Admitted.

139. Admitted.

140. Defendants deny the allegations in the first sentence of this paragraph. With respect to the second paragraph, Defendants respectfully refer the Court to the cited Navy policy for a full and accurate recitation of its contents and deny any allegations inconsistent therewith.

141. Admitted.

142. Defendants admit the allegations in the first sentence of this paragraph. Defendants otherwise lack information necessary to admit or deny the balance of the allegations in this paragraph.

143. Defendants deny that Plaintiff Bloomrose is a woman. Plaintiff Bloomrose is a male who identifies as a female. Defendants lack information necessary to admit or deny the allegations in this paragraph.

144. Defendants admit that Plaintiff Wolf is a male who identifies as a female and was serving as a weapons specialist in the Air Force. Defendants admit as of the filing of the fifth amended complaint, Plaintiff Wolf has served for approximately nine years. Defendants deny the balance of the allegations in this paragraph.

145. Defendants admit the allegations in the first sentence. Defendants lack information necessary to admit or deny whether Plaintiff Wolf served in explosive ordinance disposal ("EOD") prior to transitioning to a weapons specialist. Defendants admit the allegations in the third sentence of this paragraph as of the filing of the fifth amended complaint. Plaintiff Wolf is now on administrative absence.

146. Defendants admit the allegations in the first and second sentences in this paragraph. Defendants lack information necessary to admit or deny the allegations in the third sentence. Defendants admit that Plaintiff Wolf's second deployment was in Kuwait, but lack information necessary to admit or deny deployments to the other two countries. Defendants admit the

allegations in the fifth sentence, except that Plaintiff Wolf's records reflect no meritorious service medals, and only one Air Force Good Conduct Medal.

147.   Defendants admit the allegations in the first, second, and third sentences of this paragraph but lack information necessary to admit or deny the allegations in the fourth sentence of this paragraph and the allegation that certain treatment was "medically necessary."

148.   Defendants deny the first sentence and lack information necessary to admit or deny the second sentence.

149.   Defendants deny that Plaintiff Wolf is a woman.  Plaintiff Wolf is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

150.   Defendants admit that Plaintiff Morgan is a male who identifies as a female who served as a Special Forces Medical Sargeant with the military occupational specialty (MOS) 18D until voluntary separation on March 1, 2026. and deny the balance of the allegations in the first sentence.  Defendants admit the second sentence.  Defendants deny the balance of the allegations in this paragraph

151.   Defendants lack information necessary to admit or deny the threat allegations in the first sentence of this paragraph. Defendants admit the allegations in the second sentence.

152.   Defendants deny that Plaintiff Morgan is a woman.  Plaintiff Morgan is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

153.    Defendants admit that Plaintiff Ahern is a female who identifies as a male. Defendants deny the balance of the allegations in this paragraph.

154.   Defendants admit the allegations in the first sentence of this paragraph. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

155. Defendants lack information necessary to admit or deny the allegations in this paragraph.

156. Defendants admit that Plaintiff Ahearn was medically cleared by MEPS in August 2024. Defendants admit that Plaintiff Ahearn began Officer Candidate School in November 2024. Defendants admit the allegations in the second sentence (at the time prior to the issuance of the executive order) but otherwise deny the allegations. Defendants lack information necessary to admit or deny the allegations in the third sentence.

157. Defendants deny the first sentence of this paragraph. Plaintiff Ahearn graduated and has been commissioned as an officer. Defendants deny the allegations in the second sentence of the paragraph.

158. Denied.

159. Denied.

160. Defendants deny that Plaintiff Ahearn is a man. Plaintiff Ahearn is a female who identifies as a male. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

161. Defendants admit that Plaintiff McCallister is a female who identifies as a male who, on January 22, 2025, signed a contract to enlist to serve in the Pararescue mission of the Special Warfare Operator Enlistment ("SWOE"). Plaintiff McCallister voluntarily separated from the U.S. Air Force on September 30, 2025. Defendants deny the balance of the allegations in this paragraph.

162. Defendants lack information necessary to admit or deny the allegations in this paragraph.

163. Defendants lack information necessary to admit or deny the allegations in this paragraph.

164.    Denied.   Plaintiff McCallister went to MEPS on July 25, 2024, and Plaintiff McCallister's medical documents were sent to the Air Force Office of the Surgeon General ("AF/SG") for approval.  The SG granted a medical waiver for Plaintiff McCallister on January 14, 2025, as documentation demonstrated that Plaintiff McCallister met Air Force and DoD accession medical standards that were current as of that date.

165.    Defendants admit the allegations in the first sentence of this paragraph. Defendants lack information necessary to admit or deny the allegations in the second and third sentences.

166.    Admitted.

167.    Defendants admit that Plaintiff McCallister's intake paperwork suggests that Plaintiff McCallister has a daughter. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

168.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

169.    Defendants deny that Plaintiff McCallister is a man.  Plaintiff McCallister is a female who identifies as a male.  Defendants lack information necessary to admit or deny whether Plaintiff McCallister meets male standards as Plaintiff McCallister is no longer measured against those standards.  Defendants otherwise admit the allegations in the first and second sentences. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

170.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

171.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

172.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

18

173.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

174.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

175.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

176.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

177.    Defendants admit that Plaintiff Neary is a female who identifies as a male and attended an appointment at the Military Entrance Processing Station ("MEPS") on September 16, 2024. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

178.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

179.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

180.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

181.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

182.    Defendants admit that Plaintiff Neary attended an appointment at MEPS on September 16, 2024. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

183.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

184. Defendants deny that Plaintiff Neary is a man. Plaintiff Neary is a female who identifies as a male. Defendants otherwise admit the allegations in the first and second sentences of this paragraph. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

185. Denied. Plaintiff Bruce voluntarily separated from the U.S. Space Force on November 30, 2025.

186. Defendants admit that Plaintiff Bruce is a male who identifies as a female. Plaintiff Bruce voluntarily separated from the U.S. Space Force on November 30, 2025. Defendants deny the balance of the allegations in this paragraph.

187. Defendants lack information necessary to admit or deny the allegation in this paragraph.

188. Admitted.

189. Denied. Plaintiff Bruce voluntarily separated from the U.S. Space Force on November 30, 2025.

190. Admitted.

191. Defendants lack information necessary to admit or deny the allegations in this paragraph.

192. Defendants deny the allegation in the first sentence of this paragraph. Plaintiff Bruce's DEERS marker is male. Defendants deny that Plaintiff Bruce serves in the U.S. Space Force. Plaintiff Bruce voluntarily separated from the U.S. Space Force on November 30, 2025. Defendants lack information necessary to admit or deny whether Plaintiff Bruce meets female standards as Plaintiff Bruce is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

193.    Defendants deny that Plaintiff Bruce is a woman.  Plaintiff Bruce is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

194.    Admitted.

195.    Defendants admit that Plaintiff Converse is a male who identifies as female. Defendants deny the balance of the allegations in this paragraph.

196.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

197.    Admitted.

198.    Defendants lack knowledge that as of when the fifth amended complaint was filed Plaintiff Converse was a Requirements Officer in the Reserve Warfare Directorate, in the Warfighting Requirements Branch, serving as the Expeditionary Warfare Requirements Officer. Defendants deny the balance of the allegations in this paragraph.

199.    Admitted but lack information necessary to admit or deny the allegation that Plaintiff Converse "began serving as a woman."

200.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

201.    Defendants admit the first sentence.  Defendants lack information to admit or deny whether Plaintiff Converse meets female standards as Plaintiff Converse is no longer measured against those standards.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

202.    Defendants deny that Plaintiff Converse is a woman.  Plaintiff Converse is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

203.    Admitted.

204.    Defendants admit that Plaintiff Davis isa forty-two-year-old male who identifies as a female and was serving as an Air Force Aviator and Air Battle Manager in the United States Air Force  Plaintiff Davis is presently on administrative absence.  Defendants deny the balance of the allegations in this paragraph.

205.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

206.    Admitted, except that Defendants lack information necessary to admit or deny whether Plaintiff Davis has received a Nuclear Deterrence Operations Service Medal or a French Medal.

207.    Admitted.

208.    Admitted but lack information necessary to admit or deny the allegation that Plaintiff Davis "began serving as a woman."

209.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

210.    Defendants admit the allegation in the first sentence of this paragraph.  Defendants lack information necessary to admit or deny whether Plaintiff Davis meets female standards as Plaintiff Davis is no longer measured against those standards.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

211.    Defendants deny that Plaintiff Davis is a woman.  Plaintiff Davis is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

212.    Admitted.

213.    Defendants admit that Plaintiff Dulaney is a male who identifies as a female. Defendants deny the balance of the allegations in this paragraph.

214.    Admitted.

215.    Denied.

216.    Admitted.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Defendants deny that Plaintiff Dulaney is a woman.  Plaintiff Dulaney is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

221.    Admitted.

222.    Defendants admit that Plaintiff Gross is a male who identifies as a female serving as an administrative law JAG in the Pennsylvania Army Reserve National Guard.

223.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

224.    Admitted.

225.    Admitted but lack information necessary to admit or deny the allegation that Plaintiff Gross "began serving as a woman."

226.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

227.    Defendants deny the allegations in the first sentence of this paragraph.  Defendants admit the allegations in the second sentence of this paragraph.  Defendants lack information necessary to admit or deny the balance of the allegations.

228.    Defendants deny that Plaintiff Gross is a woman.  Plaintiff Gross is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

229.    Admitted.

23

230.    Defendants admit that Plaintiff Kersch-Hamar is a male who identifies as a female serving as an active duty First Lieutenant who was stationed at Seymour Johnson Air Force Base in North Carolina as of when the fifth amended complaint was filed.  Plaintiff Kersch-Hamar is presently on administrative absence.

231.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

232.    Defendants admit that Plaintiff Kersch-Hamar has been awarded Combat Systems Officer Wings. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

233.    Admitted that Kersch-Hamar was previously qualified as a Weapons Systems Officer.  Plaintiff Kersch-Hamar is presently on administrative absence.

234.    Admitted but lack information necessary to admit or deny the allegation that Plaintiff Kersch-Hamar "began serving as a woman."

235.    Admitted as to the first sentence.  Admitted as to the second sentence, except that the administrative absence was at Plaintiff Kersch-Hamar's request, and that Plaintiff Kersch-Hamar maintains a security clearance but has lost advanced program access due to the administrative leave.

236.    Defendants deny that Plaintiff Kersch-Hamar is a woman.  Plaintiff Kersch-Hamar is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

237.    Admits that Plaintiff Maiwald is a female who identifies as a male currently serving in the United States Air Force, currently assigned to the Seymour Johnson Air Force Base in North Carolina. Defendants admit Plaintiff Maiwald has now completed just under seven years of military service.

24

238.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

239.    Admitted.

240.    Admitted.

241.    Defendants deny the first sentence.  Defendants lack information to admit or deny whether Plaintiff Maiwald meets male standards as Plaintiff Maiwald is no longer measured against those standards.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

242.    Defendants deny that Plaintiff Maiwald is a man.  Plaintiff Maiwald is a female who identifies as a male.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

243.    Admits that Plaintiff Marquez is a  female who identifies as male.  Plaintiff Marquez graduated from the Air Force Academy in May 2025.  Defendants deny the balance of the allegations in this paragraph

244.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

245.    Admitted.

246.    Admitted.

247.    Denied. Pursuant to guidance from the Assistant Secretary of the Air Force for Manpower and Readiness ("SAF/MR"), Plaintiff Marquez was provided the option of using a single use restrooms or female facilities as well as complying with female standards. Plaintiff Marquez was using a single use shower in Vandeburg Hall (3-5A). Currently, based on "Implementation of "Additional Guidance for Executive Order 14183, 'Prioritizing Military Excellence and Readiness,'" 1 March 2025" dated April 2, 2025, Plaintiff Marquez has returned to utilizing facilities in alignment with the above-cited SAF/MR policy "for members who have

had their gender marker changed in DEERS, the requirement that members serve in the standards and use the facilities associated with their biological sex is suspended." Plaintiff Marquez had an exception to policy ("ETP") prior to Plaintiff Marquez's gender marker being changed in DEERs, which previously allowed Plaintiff Marquez to use male restrooms and adhere to male dress and appearance standards.

248. Defendants lack information necessary to admit or deny the allegations in this paragraph.

249. Denied to the extent that Plaintiff Marquez completed coursework and Plaintiff Marquez graduated on May 29, 2025. Plaintiff Marquez is currently in a paid administrative absence status and was notified of discharge processing in approximately February 2026.

250. Defendants admit that Plaintiff Marquez will not commission and will not be a Combat Systems Officer. Defendants lack information necessary to admit or deny that Plaintiff Marquez was deemed "highly qualified." Defendants lack information to admit or deny whether Plaintiff Marquez meets male standards as Plaintiff Marquez is no longer measured against those standards.

251. Defendants lack information to admit or deny whether Plaintiff Marquez meets male standards as Plaintiff Marquez is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

252. Defendants deny that Plaintiff Marquez is not a woman. Plaintiff Marquez is a woman who identifies as a male. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

253. Denied. Plaintiff Orth voluntarily separated from the U.S. Navy on March 27, 2026.

254. Defendants admit that Plaintiff Orth is a male who identifies as a female. Defendants deny the balance of the allegations in this paragraph.

255.   Defendants lack information necessary to admit or deny the allegations in this paragraph.

256.   Admitted.

257.   Defendants Admit that Plaintiff Orth was a Damage Control Assist (DCA) for five months before being placed on administrative leave.   Defendants deny the balance of the allegations in this paragraph.

258.   Admitted.

259.   Admitted. Plaintiff Orth received an Exception to Policy on April 1, 2024. Defendant further admits that Plaintiff Orth's gender marker change package was submitted to DEERS in January 2025. Defendants lack information necessary to admit or deny the allegation that the package was placed on hold because of "ongoing DOD guidance."

260.   Denied. On March 13, 2025, Plaintiff Orth was placed on administrative leave. Further, Plaintiff Orth was not instructed on March 13, 2025, to use male facilities nor to appear in male grooming standards.

261.   Defendants deny that Plaintiff Orth is a woman.   Plaintiff Orth is a male who identifies as a female.   Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

262.   Defendants deny that Plaintiff Orth is a woman.   Plaintiff Orth is a male who identifies as a female.   Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

263.   Denied. Plaintiff Richter promoted to Major effective February 21, 2025.  Plaintiff Richter retired from the U.S. Air Force on October 1, 2025.

264.   Denied.  Plaintiff Richter retired from the U.S. Air Force on October 1, 2025.

265.   Defendants lack information necessary to admit or deny the allegations in this paragraph.

266.    Admitted.

267.    Defendants admit the allegations in this paragraph only to the extent supported by the Plaintiff's medical records, which are the best evidence of their contents. Defendants otherwise lack information necessary to admit or deny the allegations in this paragraph.

268.    Admitted.

269.    The first sentence in this paragraph sets forth a legal conclusion, to which no response is required. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

270.    Admitted.

271.    Defendants admit the allegations in the second sentence of this paragraph. Defendants lack information to admit or deny whether Plaintiff Richter meets female standards as Plaintiff Richter is no longer measured against those standards  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.  Plaintiff Richter retired from the U.S. Air Force on October 1, 2025.

272.    Defendants deny that Plaintiff Richter is a woman.  Plaintiff Richter is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

273.    Admitted.

274.    Defendants admit that Plaintiff Simpson is a female who identifies as a male serving as a Major and Judge Advocate in the Maryland Army National Guard.

275.    Defendants lack information necessary to admit or deny the allegation in this paragraph.

276.    Admitted.

277.    Admitted.

278.    Defendants admit the allegations in this paragraph only to the extent supported by the Plaintiff's medical records, which are the best evidence of their contents. Defendants otherwise lack information necessary to admit or deny the allegations in this paragraph.

279.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

280.    Defendants deny the allegations in the first sentence of this paragraph.  Plaintiff Simpson does not serve as a man.  Defendants lack information to admit or deny whether Plaintiff Simpson meets male standards as Plaintiff Simpson is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

281.    Defendants deny that Plaintiff Simpson is a man.  Plaintiff Simpson is a female who identifies as a male.  Defendants lack information to admit or deny whether Plaintiff Simpson meets male standards as Plaintiff Simpson is no longer measured against those standards. Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

282.    Admitted.

283.    Defendants admit that Plaintiff Winchell is a male who identifies as a female currently serving as a Lieutenant Junior Grade in the United States Navy.  Defendants deny the balance of the allegations in this paragraph.

284.    Defendants lack information necessary to admit or deny the allegations in this paragraph.

285.    Admitted.

286.    Admitted.

287. Defendants admit that Plaintiff Winchell waited to pursue "Gender Affirming Hormone Treatment" until the shipyard period.   Defendants deny the balance of the allegations in this paragraph.

288. Defendants lack information necessary to admit or deny the allegations in this paragraph.

289. Defendants deny that Plaintiff Winchell's command accelerated Plaintiff Winchell's training schedule and otherwise lack information necessary to admit or deny the allegations in the first sentence of this paragraph. Defendants admit that an officer on administrative leave would not be able to attend the Prospective Nuclear Engineering Officer course and would not, by extension, be able to serve as a department head on a Navy submarine.

290. Defendants lack information to admit or deny whether Plaintiff Winchell meets female standards as Plaintiff Winchell is no longer measured against those standards.

291. Defendants deny that Plaintiff Winchell is a woman.  Plaintiff Winchell is a male who identifies as a female.  Defendants lack information necessary to admit or deny the balance of the allegations in this paragraph.

## DEFENDANTS

292. Denied.

293. Admitted.

294. Admitted.

295. Admitted.

296. Admitted.

297. Admitted.

298. Denied, except to admit that John C. Phelan was the Secretary of the Navy as of the date of the fifth amended complaint.  Hung Cao is the Acting Secretary of the Navy.

299. Admitted.

300.    Admitted.

301.    DHA's roles and responsibilities are defined by various legal authorities, to which Defendants would refer the Court for a thorough and accurate explication.

302.    Admitted.

## TRANS-IDENTIFYING PEOPLE

303.    Denied.

304.    Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the "DSM-5") and deny any alleged definition to the contrary or inconsistent with that definition.

305.    Denied.

306.    Denied.

307.    Denied.

308.    This paragraph does not allege a fact amenable to admission or denial. To the extent it alleges a fact, denied.

## STATEMENT OF FACTS

309.    Denied. On May 11, 2014, then-Secretary Hagel was asked whether the universal exclusion of "transgender service members "should be looked at again."[3] Secretary Hagel answered:

> The issue of transgender is a bit more complicated [than sexual orientation], because it has a -- a medical component to it. These issues require medical attention. Austere locations where we -- we put our men and women in -- in many cases, don't always provide that kind of opportunity. I do think it -- it continually should be reviewed. I'm open to that, by the way. I'm open to those assessments, because, again, I go back to the bottom line. Every qualified American who wants to serve our country should have an

---

[3] *See* Rough Transcript, *'This Week': Defense Secretary Chuck Hagel, Sen. Marco Rubio* (May 11, 2014), Milgroon Decl. Ex. A, *Doe v. Trump*, No. 1:17-cv-1597-CKK (May 11, 2018), ECF No. 131-2.

opportunity if they fit the qualifications and can do it. This is an area that we – we've – we've not defined enough.

*Id.* Defendants deny any allegations inconsistent with that answer.

310.    Denied.

311.    Denied, but see ¶ 309, *supra*.

312.    Defendants admit that, on July 28, 2015, then-Secretary of Defense Ash Carter issued a memorandum to the Secretaries of all Military Departments, requiring that "no Service member shall be involuntarily separated or denied reenlistment or continuation of active or reserve service on the basis of their gender identity, without the personal approval of the Under Secretary of Defense for Personnel and Readiness." [4]   Secretary Carter's memorandum also required a "working group" be convened to "formulate policy options for the DoD regarding the military service of transgender Service members." *Id.* at 1.  Secretary Carter ordered that working group to "start with the presumption that transgender persons can serve openly without adverse impact on military effectiveness and readiness, unless and except where objective, practical impediments are identified." *Id.*

Defendants respectfully refer the Court to Secretary Carter's memorandum and deny any allegations inconsistent therewith.

313.    See ¶ 312, *supra*.

314.    See ¶ 312, *supra*.

315.    Defendants respectfully refer the Court to the Transgender Service Review Work Group Report Out for a full and accurate description of its contents, including the working group's methodology.

316.    See ¶ 315, *supra*.

317.    See ¶ 315, *supra*.

---

[4] *See* Mem. for Sec'ys of the Military Departments, *Shilling v. United States*, No. 2:25-cv-241-BHS (Mar. 14, 2025), ECF No. 76-2.

318.    Defendants respectfully refer the Court to the 2016 RAND Corporation report, ECF No. 32-1, for a full and accurate statement of its contents, including its methodology. Defendants deny any allegations inconsistent with the report itself.

319.    See ¶ 318, supra.

320.    See ¶ 318, supra.

321.    See ¶ 318, supra.

322.    Denied. In fact, the resulting policy still excluded many persons on the sole basis that they had a "history of gender dysphoria"; a "history of medical treatment associated with gender transition"; or a history of sex reassignment of genital-reconstruction surgery." *See* DTM-16-005, Att. §§ 2(a)(1)–(3), ECF No. 13-22 at 5–6.

323.    Defendants respectfully refer the Court to then-Secretary Carter's June 30, 2016 remarks, ECF No. 73-2, for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

324.    See ¶ 323, supra.

325.    Defendants respectfully refer the Court to DTM-16-005, ECF No. 13-22, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

326.    See ¶ 325, supra.

327.    Defendants respectfully refer the Court to the Implementation Handbook, ECF No. 13-5, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

328.    Defendants respectfully refer the Court to the October 1, 2016 version of DoDI 1300.28 for a full and accurate statement of its contents and deny any allegation inconsistent therewith. Defendants respectfully refer the Court to the "Guidance for Treatment of Gender Dysphoria for Active and Reserve Component Service Members" manual for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

329. Defendants admit that, subject to numerous requirements and exceptions, Service members were permitted under the DTM-16-005, to transition and change their gender markers in DEERS.

330. Plaintiffs' broad characterization of what occurred over a nine-month period is not amenable to specific admission or denial. To the extent a response is required, denied.

331. Defendants respectfully refer the Court to the November 29, 2016 DoD Directive 1020.02E for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

332. Defendants admit that in 2016, the Coast Guard changed its policy to permit service by transgender individuals and deny the balance of the allegations in this paragraph.

333. Defendants respectfully refer the Court to then-Secretary of Defense Mattis' June 30, 2017 Press Release, ECF No. 13-6, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

334. Defendants respectfully refer the Court to President Trump's July 26, 2017 tweets, ECF No. 73-5, for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

335. See ¶ 334, *supra*.

336. Plaintiffs' characterization of congressional responses requires no response. To the extent a response is required, denied. Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

337. Defendants respectfully refer the Court to the cited press release, ECF No. 73-6, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

338. Defendants respectfully refer the Court to the cited statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

339.    Defendants respectfully refer the Court to the cited memorandum, ECF No. 73-7, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

340.    Defendants respectfully refer the Court to the September 14, 2017 memorandum, entitled *Military Service by Transgender Individuals – Interim Guidance*, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

341.    Defendants respectfully refer the Court to the March 2018 Mattis report, ECF No. 73-8, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

342.    Defendants respectfully refer the Court to the cited statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

343.    Defendants respectfully refer the Court to the cited statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

344.    Defendants admit that there was a 2018 Palm Center Report, ECF No. 73-20, and refer the Court to the report for a full and accurate statement of its contents. Defendants deny the balance of the allegations in this paragraph.

345.    Plaintiffs' characterization of congressional testimony requires no response. To the extent a response is required, denied. Defendants respectfully refer the Court to the cited testimony for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

346.    Defendants respectfully refer the Court to the March 2018 Mattis report, ECF No. 73-8, for a full and accurate statement of its contents and deny any allegation inconsistent therewith. Defendants admit that a new DoD policy went into effect after the prohibitive injunctions were lifted and that some Service members with gender dysphoria continued to service in the interim and deny the balance of the allegations.

347.   Defendants respectfully refer the Court to Executive Order 14004, 86 Fed. Reg. 7.471 (Jan. 28, 2021), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

348.   Defendants respectfully refer the Court to the March 2021 version of DoDI 6130.03, Volume I for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

349.   Defendants respectfully refer the Court to the April 30, 2021 version of DoDI 1300.28 for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

350.   Defendants admit that the Military Departments and Services implemented the April 2021 DoDI 1300.28 and deny the balance of the allegations in this paragraph.

351.   Defendants respectfully refer the Court to the October 2021 implementation handbook for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

352.   Defendants admit that many trans-identifying service members have served with honor and distinction and enjoyed support from fellow Service members. Defendants deny the balance of the allegations in this paragraph.

353.   Defendants deny the first sentence of this paragraph. Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

354.   Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

355.   Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

356.    Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

357.    Defendants respectfully refer the Court to the cited campaign statements for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

358.    Denied.

359.    Admitted.

360.    Defendants respectfully refer the Court to Executive Order 14168, 90 Fed. Reg. 8,615 (Jan. 30, 2025), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

361.    See ¶ 360, *supra*.

362.    Denied.

363.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, denied.

364.    Defendants respectfully refer the Court to Executive Order 14183, 90 Fed. Reg. 8,757 (Feb. 3, 2025), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

365.    See ¶ 364, *supra*.

366.    See ¶ 364, *supra*.

367.    See ¶ 364, *supra*.

368.    See ¶ 364, *supra*.

369.    See ¶ 364, *supra*.

370.    See ¶ 364, *supra*.

371.    See ¶ 364, *supra*.

372.    See ¶ 364, *supra*.

373.    Deny the first sentence of the paragraph.  For the second sentence of the paragraph, Defendants respectfully refer the Court to Executive Order 14183, 90 Fed. Reg. 8,757 (Feb. 3, 2025), for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

374.    Defendants respectfully refer the Court to the cited document, ECF No. 14-2, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

375.    Defendants respectfully refer the Court to the cited document, ECF No. 14-3, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

376.    Defendants respectfully refer the Court to the cited document, ECF No. 23-1, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

377.    Defendants respectfully refer the Court to the cited document[5] for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

378.    Defendants respectfully refer the Court to the cited document, ECF No. 33-1, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

379.    See ¶ 378, *supra*.

380.    With respect to the first sentence of the paragraph, see ¶ 378, *supra*.  Deny the allegations in the balance of the paragraph.

381.    Defendants respectfully refer the Court to the cited post for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

382.    Defendants respectfully refer the Court to the cited policy, ECF No. 63-1, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

383.    See ¶ 382, *supra*.

---

[5]    *See*    https://www.af.mil/News/Article-Display/Article/4054626/daf-releases-memorandum-onimplementation-of-executive-order-14168-defending-wo/.

384. With respect to the first sentence of the paragraph, see ¶ 382, *supra*. Defendants lack sufficient information to admit or deny the balance of the allegations in this paragraph.

385. Denied.

386. Defendants lack information necessary to admit or deny this allegation.

387. Defendants deny the first sentence of the paragraph. For the balance of the allegations in the paragraph see ¶ 382, *supra*.

388. See ¶ 382, *supra*.

389. See ¶ 382, *supra*.

390. See ¶ 382, *supra*.

391. See ¶ 382, *supra*.

392. Defendants respectfully refer the Court to the cited document, ECF No. 65-1, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

393. Defendants respectfully refer the Court to the cited document, ECF No. 67-1, for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

## CLASS ACTION ALLEGATIONS

394. This paragraph describes the relief sought by Plaintiffs, to which no response is required. To the extent a response is required, denied.

395. This paragraph describes the relief sought by Plaintiffs, to which no response is required. To the extent a response is required, denied.

396. This paragraph describes the relief sought by Plaintiffs, to which no response is required. To the extent a response is required, denied.

397. This paragraph consists of Plaintiffs' characterization of the proposed class, to which no response is required. To the extent an answer is required, denied.

398. Defendants lack sufficient information to admit or deny the number of trans-identifying service members as of February 2025. Defendants respectfully refer the Court to

Defendants' March 1, 2025 Notice (ECF No. 66). The remainder of the paragraph sets forth legal conclusions. To the extent a response is required, denied.

399. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

400. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

401. The second sentence describes the relief sought, to which no answer is required. The balance of the paragraph sets forth legal conclusions that Plaintiffs would fairly and adequately represent the proposed Class and subclasses, to which no response is required. To the extent a response is required, denied.

402. The allegation that Plaintiffs satisfy the adequacy requirements of Rule 23(a)(4) is a legal conclusion to which no response is required. To the extent a response is required, denied.

403. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

## COUNT I

404. Defendants incorporate by reference the preceding responses.

405. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

406. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

407. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

408. Plaintiffs' characterization of the President's intent requires no response. To the extent a response is required, denied. Defendants deny the second sentence of this paragraph.

409. Denied.

410.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

411.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

## COUNT II

412.    Defendants incorporate by reference the preceding responses.

413.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

414.    This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

415.    Plaintiffs' characterization of the President's intent requires no response. To the extent a response is required, denied. Defendants deny the second sentence of this paragraph.

416.    Denied.

417.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

418.    This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

419.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

## COUNT III

420.     Defendants incorporate by reference the preceding responses.

421.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

422.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

423. Plaintiffs' characterization of the President's intent requires no response. To the extent a response is required, denied. Defendants deny the second and third sentences of this paragraph.

424. Denied.

425. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

426. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

## COUNT IV

427. Defendants incorporate by reference the preceding responses.

428. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

429. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

430. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

431. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

432. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

433. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

434. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, denied.

## COUNT V

435. Defendants incorporate by reference the preceding responses.

436. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

437. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

438. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

439. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

440. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

*        *        *

Defendants deny any allegation not expressly admitted or denied herein.

## AFFIRMATIVE DEFENSES

441. Plaintiffs have failed to state a claim on which relief can be granted.

1. Plaintiff have failed to exhaust their administrative remedies.

///

Dated: April 29, 2026, 2025                Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General
                                           Civil Division

                                           ALEX HAAS
                                           Director

JEAN LIN
Special litigation Counsel

/s/ *Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER   (CA Bar No. 357429)
ROBERT C. BOMBARD (CO Bar. No. 45388)
M. JARED LITTMAN (PA Bar. No. 91646)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-0773
(202) 514-5578
(202) 616-5046
Robert.Bombard2@usdoj.gov
Jared.Littman2@usdoj.gov
Elizabeth.b.Layendecker@usdoj.gov

*Counsel for Defendants*