**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NICOLAS TALBOTT*, et al.*<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    *Defendants*. | No. 1:25-cv-240 (ACR) |

**JOINT STATUS REPORT**

Pursuant to the Court's July 1, 2026 Minute Order, the parties report as follows:

**1. Proposed Class Definition**

The parties propose the following definitions. Defendants have enumerated their remaining objections to class certification in Section 2 below.

**Class:**

"All individuals who, on or after January 28, 2025, the date this lawsuit was filed, who were serving in the United States military (excluding the Coast Guard) or had submitted an application to a military service branch (other than the Coast Guard) for commission or to enlist in said service and: (1) have a current diagnosis of gender dysphoria; (2) a prior diagnosis of gender dysphoria; and/or (3) currently exhibit symptoms consistent with gender dysphoria, in that they meet the diagnostic criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders ("DSM 5"). *See* Secretary of Defense Memorandum, "Prioritizing Military Excellence and Readiness," dated February 7, 2025. The class includes individuals who do not meet the criteria to obtain a waiver from Department of War ("DOW") policies implementing EO 14183. The class excludes the named individual plaintiffs in *Shilling v. United States*, No. 2:25-cv-00241-BHS (W.D. Wash.), and all individual members of the *Shilling* organizational plaintiff, Gender Justice League, as of the first date the Court orders any class-wide injunctive relief, who are not named Plaintiffs in *Talbott*."

**Subclass 1: Voluntarily Separated or Retired Plaintiffs**

"All class members who voluntarily separated or retired from service pursuant to DOW policies implementing EO 14183 after January 28, 2025, the date this lawsuit was filed."

**Subclass 2: Involuntarily Separated Plaintiffs**

"All class members who were subject to involuntary separation proceedings pursuant to DOW policies implementing EO 14183 on or after January 28, 2025, the date this lawsuit was filed."

**Subclass 3: Accession Plaintiffs**

"All class members who submitted an application to a military service branch for commission or to enlist in said service branch on or after January 28, 2025, the date this lawsuit was filed."

## 2. Government's Objections to Class Certification

As stated in their opposition, Defendants maintain that a class should not be certified due to potential interference with other pending litigation and that the proposed definition creates an ascertainability issue.

Class certification risks interference with litigation in other Courts. As discussed at the hearing, class-wide relief could interfere with the ongoing litigation in *Shilling v. United States*, 2:25-cv-00241-BHS (W.D. Wash.). In an effort to avoid interference with *Shilling*, the proposed definitions include a carveout for individuals who are members of Gender Justice League ("GJL"), a plaintiff in *Shilling*. That provision of the class definition introduces new ascertainability problems, as the membership of GJL is mutable and may change over the course of the litigation. To avoid that issue, the parties have proposed a date certain by which class membership would be determined. However, because GJL membership is not publicly or otherwise available to Defendants, they are not able to determine who is or is not a class member at that date certain. Counsel for the *Shilling* Plaintiffs initially informed Defendants that they would not provide Defendants with information regarding GJL members who otherwise would

fall within the class definition.  Counsel for *Shilling* suggested that they would consider agreeing to share that information, but only if designated as Attorney Eyes Only, which would inhibit Defendants' ability to implement any relief granted.  Defendants require such information in order to implement any future relief granted to class members by this Court (and by the *Shilling* court).  For example, should an injunction be issued in either case, DOW will need to communicate to each service branch and the individuals responsible for administration of separation proceedings which separation proceedings must be stayed pursuant to court order. Many of those individuals are not attorneys.  Although the parties have conferred and come to agreement on a class definition that addresses some of Defendants' practical concerns, these additional required measures demonstrate that the proposed class is not ascertainable.  Given the involvement of GJL in *Shilling*, no class definition avoids both the problem of interference with that litigation and the ascertainability issue.

In addition, certifying a nationwide class would interfere with litigation currently pending in the Court of Federal Claims, *Ireland v. United States*, No. 1:25-cv-1921 (Fed. Cl.).  The plaintiffs in that case likely fall within the proposed class definition and seek relief that conflicts with the relief sought by the Plaintiffs in this case.  Each of them was issued retirement orders pursuant to a May 23, 2025, Air Force memorandum implementing the Executive Order, which provided that servicemembers could apply for an exception to policy for Temporary Early Retirement Authority ("TERA") if they had served for 15 to 18 years.  *See* Defs.' Partial Mot. to Dismiss, at 6, *Ireland v. United States*, 1:25-cv-1921 (Fed. Cl. Mar. 16, 2026).  On August 4, 2025, the Air Force issued another memorandum indicating that such exceptions to policy would be disapproved.  *See id.*  The *Ireland* plaintiffs' retirement orders were subsequently rescinded. *See id.* at 6–7.  The *Ireland* plaintiffs seek enforcement of the rescinded retirement orders.  If the *Ireland* plaintiffs are included as class members, and if this Court issues preliminary or permanent relief preventing retirements pursuant to the policy, that would impact the relief sought in *Ireland*, *i.e.*, the enforcement of retirement orders issued pursuant to Department policy implementing EO 14183.

3

Finally, Defendants object to two of the proposed subclasses. The accession subclass lacks commonality, as some individuals who sought to or who seek to accede may not be otherwise eligible to serve. In addition, the proposed subclass of those who have voluntarily separated or retirement lacks commonality. Because Plaintiffs seek an injunction preventing exclusion from the military pursuant to DOW policy implementing the EO, relief among that subclass will not be uniform across the subclass. Rather, relief would likely vary significantly among subclass members, including possibly: negation of payments made to individuals who separated or retired pursuant to the policy; reinstatement and back pay (which Defendants reserve the right to object to on jurisdictional grounds); and removal from the list of retired servicemembers and reinstatement to active duty. The assessment of what remedies would be appropriate in each case would require individualized assessment of each servicemember, and could not be resolved on a class-wide (or subclass-wide) basis.

### 3. Case Schedule

The parties respectfully request that the Court enter the following schedule for this matter:

| Event | Proposed Date |
|---|---|
| Deadline to file simultaneous briefs regarding *West Virginia v. B.P.J.*, 609 U.S. --- (2026) (No. 24-38), 2026 WL 1868739 | July 31, 2026 |
| Deadline to serve discovery requests | August 7, 2026 |
| Deadline to serve expert disclosures and reports | September 4, 2026 |
| Deadline for written responses/objections to discovery requests and productions of documents not subject to objection | September 11, 2026 |
| Deadline to submit a discovery dispute to the Court pursuant to Section 10 of the Standing Order | September 16, 2026 |
| Deadline to serve rebuttal expert reports | September 25, 2026 |
| Deadline to file notice of intent to file dispositive motion pursuant to Section 7(f) of the Standing Order | October 13, 2026 |

| Close of discovery | October 16, 2026 |
|---|---|
| Deadline to file motions in limine | October 29, 2026 |
| Deadline to oppose motions in limine | November 12, 2026 |
| Deadline to file replies on motions in limine | November 19, 2026 |
| Deadline to file motion(s) for summary judgment | November 13, 2026 |
| Deadline to file Joint Pretrial Statement | November 20, 2026 |
| Pretrial Conference | December 7, 2026, at 11:00 am |
| Deadline to file response(s) to any motion(s) for summary judgment | December 14, 2026 |
| Bench Trial | January 4, 2027, through January 22, 2027 |

This Court also ordered to parties to "propose next steps, as necessary, to address the D.C. Circuit's decision on appeal in this case. *See Talbott v. United States*, 176 F.4th 720 (D.C. Cir. 2026)." Minute Order (July 1, 2026), § 5. On June 1, 2026, in a split decision, the D.C. Circuit affirmed this Court's preliminary injunction enjoining the Department's 2025 policy as it relates to plaintiffs already in the military at the time the suit was filed but vacated the preliminary injunction as it relates to plaintiffs seeking accession into the military. *Talbott*, 176 F.4th at 727. Citing *Trump v. CASA, Inc.*, 606 U.S. 831, 851–52 (2025), the D.C. Circuit held that this Court's "universal injunction should be narrowed to the named [Plaintiffs] who are currently serving in the military." *Talbott*, 176 F.4th at 750. The D.C. Circuit remanded for proceedings consistent with the opinion. *Id.*

The D.C. Circuit withheld issuance of the mandate until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc, Clerk's Order, June 1, 2026, which are due within 45 days after entry of judgment, FRAP 40(d)(1). Therefore, absent expedition of the mandate, the earliest that the D.C. Circuit can issue a mandate is July 23, 2026. Additionally, when a party files a petition for rehearing, petition for rehearing en banc, or motion to stay the mandate pending the filing of a petition for writ of certiorari in the Supreme Court, the issuance of the mandate is automatically stayed. FRAP 40(b), (d). The Office of the Solicitor General is considering its options.

In the meantime, this Court does not regain jurisdiction over "those aspects of the case involved in the appeal" until after the D.C. Circuit issues its mandate. *United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) (citation omitted). Therefore, until the mandate issues, besides alteration of bond and other terms under FRCP 62(d), the Court is divested of jurisdiction to modify its preliminary injunction issued on March 27, 2025, including but not limited to extending its preliminary injunction to a class.

The parties propose that they file a Joint Status Report within seven days of the issuance of the mandate addressing their respective positions on whether and how the preliminary injunction should be modified or expanded in light of certification of this case as a class action. The Joint Status Report shall include a jointly proposed briefing schedule for any motions the parties intend to file regarding the scope of the preliminary injunction.

Dated: July 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEX HAAS
Director, Federal Programs Branch

KRISTINA WOLFE
Assistant Director, Federal Programs Branch

/s/ *M. Jared Littman*
M. JARED LITTMAN
ROBERT C. BOMBARD
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 451-7478
Jared.Littman2@usdoj.gov

*Counsel for Defendants*

*/s/ Joseph J. Wardenski*
Joseph J. Wardenski (D.C. Bar No. 995549)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

Jennifer Levi (Bar ID MA0056)
Mary L. Bonauto (*pro hac vice*)
Sarah Austin (*pro hac vice*)
Michael Haley (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@glad.org
mbonauto@glad.org
saustin@glad.org
mhaley@glad.org

Shannon P. Minter (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
Amy Whelan (*pro hac vice*)
National Center for LGBTQ Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 392-6257
sminter@nclrights.org

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
65A Atlantic Avenue
Boston, MA 02110
Telephone: (617) 742-6020
ibernstein@zalkindlaw.com

*Counsel for Plaintiffs*