## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NICOLAS TALBOTT *et al.*,
*individually and on behalf of all similarly
situated individuals*,

         Plaintiffs,

v.

THE UNITED STATES OF AMERICA*, et al.*,

         Defendants.

Civil Action No. 25-cv-240-ACR

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS'
REMAINING OBJECTIONS TO CLASS CERTIFICATION**

Pursuant to the Court's Minute Order of July 8, 2026, Plaintiffs respectfully respond as follows to the government's remaining objections to class certification.

The government raises three objections to the parties' proposed class and subclass definitions, none of which has merit. First, it wrongly contends that certification of the proposed class could interfere with proceedings in *Shilling v. United States*, No. 2:25-cv-00241-BHS (W.D. Wash.). Specifically, it argues that the proposed definition, which excludes members of the Gender Justice League, the organizational plaintiff in *Shilling,* creates ascertainability issues even if class membership is determined as of a specific date. The government contends that implementation of classwide relief would be impaired because the government does not currently have access to the Gender Justice League's membership list. The government speculates that if it obtains access to membership information, it likely would be pursuant to a protective order that designates that information Attorneys' Eyes Only.

As Plaintiffs have argued, it is doubtful whether ascertainability is even required for classes certified under Rule 23(b)(2), *see J.D. v. Azar,* 925 F.3d 1291, 1320 (D.C. Cir. 2019). Even

1

assuming it is, nothing would require the government to identify League members to implement any classwide relief ordered in this case. For example, the government could comply with any relief granted by this Court declaring the Military Ban unconstitutional by staying separation proceedings as to all service members subject to the Ban. To the extent identification of League members is required to implement any relief ordered in *Shilling*, that would be necessary regardless of the relief ordered in this case, and those individuals are expressly excluded from the class definition here. The plaintiffs in *Shilling* are represented by capable attorneys who can address any issues concerning relief in that case at the appropriate time, including by identifying members of the League if needed. The government has no need to identify League members to implement the classwide relief sought in this case, and the potential that there may someday be a need to do so in *Shilling* is no reason to deny certification under Rule 23(b)(2) in this case.

Moreover, even if identification of League members became necessary to implement the classwide relief Plaintiffs seek here, the practical concerns raised by the government are entirely speculative. Should any practical issues related to implementation of relief arise based on potential Attorney Eyes Only designations or similar approaches, those issues can be addressed in each case at the appropriate time. The proper solution to these issues is ~~to~~ for counsel to modify confidentiality designations as needed to implement relief, or, if necessary, to amend protective orders to address any issues that arise, not to deny certification of the class.

Second, the government objects that certification could interfere with *Ireland v. United States,* No. 1:25-cv-1921 (Fed. Cl., filed Nov. 10, 2025). That case was brought by a group of 17 transgender Air Force members who elected voluntary retirement and initially received orders granting them retirement with 15–18 years of service pursuant to the Air Force Secretary's authority under 10 U.S.C. §§ 9311 and 9314 and 102 P.L. §§ 4403(b) and (c). They challenge the

2

Air Force's subsequent rescission of those orders on the ground that it violates the Air Force's own retirement instruction, DAFI 36-3203, which permits rescission of retirement orders only under very limited circumstances, none of which were satisfied.  Entry of classwide relief in this case would not affect the *Ireland* litigation, which is based on the Air Force's unlawful rescission of their retirement orders and does not depend on the constitutionality or unconstitutionality of the Military Ban.  With respect to the classwide relief sought in this case, the *Ireland* plaintiffs are in the same position as all other members of proposed Subclass 1, which includes all class members who have voluntarily separated or retired pursuant to the Ban.  Their presence in the subclass does not prevent certification pursuant to Rule 23(b)(2), and any relief ordered in this action would not prevent them from maintaining their separate litigation to obtain unlawfully rescinded retirement benefits.

Third, the government objects to two of the proposed subclasses.  With respect to the Accession Plaintiffs subclass, the government objects that some individuals might not otherwise be eligible to serve.  But the classwide relief sought in this action—declaratory and injunctive relief barring enforcement of the Military Ban—would not prevent the government from applying otherwise applicable standards to accession and retention.  To the contrary, as Plaintiffs demonstrated in their motion for preliminary injunction, they have consistently met all applicable standards of fitness and eligibility to serve but are prevented from doing so by the Ban.  The relief sought in this action would provide all similarly situated individuals who otherwise meet applicable standards the opportunity to enter military service.

Finally, the government argues that the Voluntarily Separated or Retired Plaintiffs subclass lacks commonality.  In so doing, the government largely repeats the same unfounded objections it asserted in its opposition to Plaintiffs' motion for class certification.  As Plaintiffs have argued,

3

the fact that individual class members' remedies may vary to some extent with respect to issues such as reinstatements, withheld promotions, and back pay does not prevent certification pursuant to Rule 23(b)(2), as long as a common question central to each class member's claim can be resolved in "one stroke." *D.L. v. District of Columbia*, 713 F.3d 120, 127 (D.C. Cir. 2013) (citing *McReynolds v. Merrill Lynch & Co.*, 672 F. 3d 482, 488–90 (7th Cir. 2012)).

For the reasons stated above and in Plaintiffs' previous briefing, the Court should reject the government's objections and grant Plaintiffs' Motion for Class Certification.

DATED: July 14, 2026

Respectfully submitted,

*/s/ Joseph J. Wardenski*

Jennifer Levi (MA0056)
Mary L. Bonauto (*pro hac vice*)
Sarah Austin (*pro hac vice*)
Michael Haley (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@glad.org
mbonauto@glad.org
saustin@glad.org
mhaley@glad.org

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
65A Atlantic Avenue
Boston, MA 02110
Telephone: (617) 742-6020
ibernstein@zalkindlaw.com

Shannon P. Minter (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org

*Attorneys for Plaintiffs*

4