**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br>*individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-240-ACR |

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF KODA NATURE AND REMOVE NATURE AS A PROPOSED CLASS REPRESENTATIVE**

Pursuant to Local Civil Rule 83.6(c) and D.C. Rule of Professional Conduct 1.16, Plaintiffs' undersigned attorneys move to withdraw as counsel for Plaintiff Koda Nature and to remove Plaintiff Nature as a proposed representative of the putative Class and Accession Plaintiff Subclass in this case. Despite undersigned counsel's diligent efforts, Mr. Nature has failed to respond to counsel's communications and, accordingly, counsel can no longer provide him effective representation in this case and do not believe he can be an adequate class representative. Defendants, through counsel, have indicated that they do not oppose this motion.

## I. RELEVANT FACTS

Mr. Nature is one of the original eight plaintiffs in this case. *See* Compl., Dkt. No. 1. Over the last several months, Plaintiffs' counsel made repeated attempts to contact Mr. Nature in connection with Plaintiffs' motion for class certification, as set forth in the attached Declaration of Michael R. Haley. The most recent communication from counsel, on July 1, 2026, was by certified letter to Mr. Nature's last known address, explaining that if Mr. Nature did not contact

counsel by July 15, 2026, counsel would be unable to continue to represent him. Mr. Nature has not responded to that letter.

## II. LEGAL STANDARD

Under Rule 1.16 of the D.C. Rules of Professional Conduct, "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: . . . (3) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]" Rule 1.16(b). The "lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," Rule 1.16(c), and "shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client," Rule 1.16(d).

Under the Local Civil Rules, "[i]f a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case." LCvR 83.6(c). "The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d).

## III. ARGUMENT

### A. Counsel's Requested Withdrawal from Representation of Mr. Nature is Appropriate

Counsel's requested withdrawal from representation of Mr. Nature comports with their obligations under Rule 1.16 and this Court's requirements under Local Civil Rule 83.6.

First, Mr. Nature, by not communicating with counsel, has "fail[ed] substantially to fulfill an obligation" to counsel as a plaintiff in this case and, through the written communications

described in Mr. Haley's declaration, has been given reasonable warning of counsel's requested withdrawal. *See* Rule 1.16(b)(3). Mr. Nature's interests as a member of the putative Class and Accession Plaintiff Subclass, regardless of his participation in the case as a named plaintiff, will still be served by counsel's representation of the other Plaintiffs and putative class representatives.

Second, counsel's withdrawal as counsel for Mr. Nature "would [not] unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). The current discovery schedule, pretrial schedule, and bench trial set for January 4, 2027 will proceed as planned if this Motion is granted. Defendants will not be prejudiced by the relief requested in this motion.

As required by LCvR 83.6(c), counsel have served a copy of this Motion and a notice advising Mr. Nature of his right to obtain other counsel, or, if he intends to proceed *pro se* or object to the withdrawal, to so notify the Clerk in writing within seven days of service of the Motion, by registered mail at Mr. Nature's last known address.[1]

**B. Mr. Nature Should Be Removed as a Proposed Class Representative**

Under Rule 23(a)(4), proposed class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Whether a representative party will fairly and adequately protect the interests of class members is a question of fact that depends on the individual circumstances of each case, and is committed to the sound discretion of the district court." *Cobell v. Norton*, 213 F.R.D. 43, 45 (D.D.C. 2003) (citations omitted).

[1] LCvR 83.6(c) requires a motion to withdraw appearance to "be accompanied by a certificate of service listing the party's last known address, unless such address does not appear on the public docket[.]" Because Mr. Nature's address does not appear on the public docket in this case, counsel have omitted that information from the certificate of service. The Clerk may mail a copy of the Court's order on this motion to Mr. Nature at his last known address, which was filed with the Court under seal on January 28, 2025, at Dkt. No. 4. *See* LCvR 83.6(d).

Under these circumstances, Mr. Nature, by not communicating with undersigned class counsel, cannot adequately represent the proposed Class or Accession Plaintiff Subclass. *See Cobell*, 213 F.R.D. at 44 (granting motion to withdraw as class counsel and to remove class representative). Accordingly, the other named Plaintiffs request that Mr. Nature be removed as a proposed class representative. The other Plaintiffs will continue to adequately represent the interests of the putative Class and Subclasses for the reasons stated in Plaintiffs' Memorandum of Law in Support of Motion for Class Certification. Dkt. No. 118-1, at 13-14. Plaintiff Cael Neary, who remains an active Plaintiff in the case, will adequately represent the interests of the putative Accession Plaintiff Subclass as that subclass's proposed representative.

Plaintiffs' undersigned counsel respectfully request that the Court grant this Motion.

DATED: August 17, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
65A Atlantic Avenue
Boston, MA 02110
Telephone: (617) 742-6020
ibernstein@zalkindlaw.com

Jennifer Levi (MA0056)
Mary L. Bonauto (*pro hac vice*)
Sarah Austin (*pro hac vice*)
Michael Haley (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@glad.org
mbonauto@glad.org
saustin@glad.org
mhaley@glad.org

Shannon P. Minter (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2026, a copy of the foregoing Motion to Withdraw as Counsel for Plaintiff Koda Nature and Remove Nature as Proposed Class Representative (the "Motion"), and a notice advising Plaintiff Koda Nature of his right to obtain other counsel or, if he intends to proceed *pro se* or object to the withdrawal, to notify the Clerk in writing within seven days of service of the Motion, was served by registered mail sent to Mr. Nature's last known address.

/s/ Joseph J. Wardenski
Joseph J. Wardenski