**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NICOLAS TALBOTT *et al.*,

*Plaintiffs,*

v.

UNITED STATES *et al.*,

*Defendants.*

Civil Action No. 1:25-cv-240-ACR

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO APPOINT O'MELVENY & MYERS LLP AS ADDITIONAL CLASS COUNSEL

The Court granted Plaintiffs' motion for class certification at the June 30, 2026 hearing, with an order forthcoming. *See* Ex. A, June 30, 2026 Hr'g Tr. 47:19-21. O'Melveny entered appearances after that hearing and has since begun working with Plaintiffs' existing counsel on trial preparation. Weinstein Decl. ¶¶ 8-9. Plaintiffs respectfully ask the Court to include O'Melveny among the firms appointed as Class Counsel in the forthcoming certification order.

## LEGAL STANDARD

"An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). In appointing counsel, the Court must consider "the work counsel has done in identifying or investigating potential claims in the action"; "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted"; "counsel's knowledge of the applicable law"; and "the resources that counsel will commit to representing the class." *Id.* 23(g)(1)(A)(i)-(iv). The Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* 23(g)(1)(B). Rule 23(g) permits

multiple organizations to be appointed as class counsel. *See Little v. Wash. Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 426 (D.D.C. 2017) (appointing one firm and two public-interest law organizations as class counsel); *Springs v. Del Toro*, 2022 WL 741865, at *7 (D.D.C. Mar. 11, 2022) (finding Rule 23(g) factors favored appointment of two organizations).

## ARGUMENT

O'Melveny satisfies each factor under Rule 23(g)(1)(A) and (B).

### I. O'Melveny Has Already Done Substantial Work Investigating and Advancing the Claims in This Action.

O'Melveny entered appearances on July 31, 2026. Dkts. 134-137; Weinstein Decl. ¶ 8. Since then, its lawyers have reviewed the district-court and appellate records, conferred with Plaintiffs' existing counsel on case background and strategy, and assisted with trial preparation, including Plaintiffs' Supplemental Brief Addressing *West Virginia v. B.P.J.* *See* Dkt. 138; Weinstein Decl. ¶ 8.

O'Melveny is also supporting Plaintiffs' existing counsel in investigating the claims through discovery and factual development. It assisted with preparing and serving Plaintiffs' first and second requests for production, first requests for admission, and first set of interrogatories, and is supporting expert-witness development and deposition preparation. Weinstein Decl. ¶ 9.

### II. O'Melveny Has Extensive Class-Action, Trial, and Expert Experience.

The Court has made clear that live testimony will be central to the trial. Ex. A, Tr. 49:2-3, 49:12-13 (June 30, 2026). It emphasized the importance of counsel's trial background, including "experience putting on experts, doing trials, doing witnesses at trials." *Id.* 46:10-15.

O'Melveny brings substantial experience trying cases, examining witnesses, and presenting expert testimony.

Partners Lauren Weinstein, Benjamin Bradshaw, and Brett Williamson will lead O'Melveny's team. Ms. Weinstein's practice includes class actions and constitutional litigation, as well as complex antitrust litigation involving extensive discovery and expert practice. Weinstein Decl. ¶¶ 2-3. Mr. Bradshaw has approximately thirty years of class-action and complex-litigation experience and has tried multiple cases to verdict. *Id.* ¶¶ 4-5. Mr. Williamson, O'Melveny's firmwide partner in charge of pro bono, has more than thirty years of litigation experience, has served as lead trial counsel in complex federal jury and bench trials, and has conducted direct and cross-examinations of witnesses. *Id.* ¶¶ 6-7.

## III. O'Melveny Has Knowledge of the Applicable Law.

Plaintiffs' claims arise under the equal-protection and due-process components of the Fifth Amendment. O'Melveny counsel have litigated analogous constitutional issues. Ms. Weinstein served as counsel in *Bank Markazi v. Peterson*, 578 U.S. 212 (2016), which examined Article III separation of powers. Weinstein Decl. ¶ 3. She also served as counsel of record on an amicus brief in *Garza v. Idaho*, 586 U.S. 232 (2019), addressing the Sixth Amendment right to effective assistance of counsel. *Id.* Mr. Bradshaw represented the plaintiffs in *Koe v. Noggle*, 688 F. Supp. 3d 1321 (N.D. Ga. 2023), against Georgia's ban on hormone therapy for minors with gender dysphoria. *Id.* ¶ 5. Mr. Williamson's pro bono practice includes equal-protection matters. *Id.* ¶ 7.

## IV. O'Melveny Will Commit the Resources Necessary to Represent the Class.

O'Melveny has approved this representation on a pro bono basis and will commit the attorney time and professional resources necessary to represent the Class. Weinstein Decl. ¶ 10.

The firm has ample resources and will coordinate with co-counsel to address costs for testifying experts, litigation-support platforms, and any other litigation expenses. *Id*. O'Melveny will not charge fees or costs to any member of the Class. *Id*.

### V. Including O'Melveny Among Class Counsel Will Not Disturb the Existing Representation or the Schedule.

O'Melveny will work alongside Plaintiffs' existing counsel and does not seek any change to the current schedule, including the January 4, 2027 trial date. *Id.* ¶ 11.

O'Melveny has cleared this representation through its firmwide conflicts process. It does not represent the United States, the Department of Defense, any service branch, the Defense Health Agency, or any other Defendant in this action in any matter. *Id.* ¶ 12.

## CONCLUSION

Plaintiffs respectfully request that the Court include O'Melveny & Myers LLP among the firms appointed as Class Counsel under Rule 23(g) in the forthcoming certification order, alongside GLBTQ Legal Advocates & Defenders, the National Center for LGBTQ Rights, Wardenski P.C., and Zalkind Duncan & Bernstein LLP.

DATED: August 25, 2026

Respectfully submitted,

/s/ *Lauren M. Weinstein*
Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Shruti Kannan (90006641)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
skannan@omm.com

Brett Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street
Suite 200
Boston, MA 02109
Phone: (617) 742-6020
ibernstein@zalkindlaw.com

Jennifer Levi (MA0056)
Mary Bonauto (*pro hac vice*)
Michael R. Haley (*pro hac vice*)
Sarah K. Austin (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
Phone: (617) 426-1350
jlevi@gladlaw.org
mbonauto@gladlaw.org
mhaley@gladlaw.org
saustin@gladlaw.org

Christopher F. Stoll (*pro hac vice*)
Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st St. #11548
Sacramento, CA 95811
Phone: (415) 365-1320
cstoll@nclrights.org
sminter@nclrights.org
awhelan@nclrights.org

*Counsel for Plaintiffs*