# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLAS TALBOTT, et al., | ) | Civil Action |
| | ) | No. 25-CV-240 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Washington, DC |
| | ) | June 30, 2026 |
| | ) | Time: 2:02 p.m. |
| Defendants. | ) | |

TRANSCRIPT OF MOTION HEARING
HELD BEFORE
THE HONORABLE JUDGE ANA C. REYES
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S

For Plaintiffs: Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001

Jennifer Levi
Michael R. Haley
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108

Shannon P. Minter
NATIONAL CENTER FOR LESBIAN RIGHTS
1401 21st Street
Suite 11548
Sacramento, CA 95811

For Defendants: M. Jared Littman
Elizabeth Brooke Layendecker
Kristina Wolfe
DOJ-CIV
1100 L Street NW
Washington, DC 20005

Also present: Omar Gonzalez-Pagan
Lambda Legal
120 Wall Street
19th Floor
New York, NY 10005

Sasha Buchert
Lambda Legal
815 16th Street NW
Suite 4140
Washington, DC 20006

---

Court Reporter: Rebecca Monroe, RPR
Official Court Reporter
United States Courthouse, Room 6706
333 Constitution Avenue, NW
Washington, DC 20001

a plaintiff representative is to ensure that the class has adequate counsel.

MR. TALBOTT: Yes, Your Honor.

THE COURT: And that the plaintiffs are actually paying attention to who counsel is at every stage of the litigation.

MR. TALBOTT: Yes, Your Honor.

THE COURT: So at the District Court, at the Appellate Court, at the Supreme Court.

And since you're not a lawyer, have you had discussions with or been made aware of the sort of counsel who specialize in litigation versus appeals, versus the Supreme Court?

MR. TALBOTT: (No response.)

THE COURT: If you haven't, that's fine. I just -- I'm going to need to make sure that someone is aware of the issues.

MR. TALBOTT: Understood, Your Honor. I'm just trying to think of how to appropriately articulate.

Current counsel has been very forthcoming with all plaintiffs on their level of experience, their backgrounds in dealing with similar cases or similar issues. I -- it's very tough. I can't speak for everybody --

THE COURT: And you clearly --

MR. TALBOTT: -- in the case.

THE COURT: And you clearly trust them, which is good.

MR. TALBOTT: Sure. Yes.

THE COURT: You should trust your lawyers.

MR. TALBOTT: Yes, Your Honor.

THE COURT: And you've known them for a long time.

MR. TALBOTT: I trust them very much, and I think it would be appropriate for me to say that my co-plaintiffs feel the same way. We have a lot of trust in our counsel.

THE COURT: All right. You understand that if I'm going to appoint you to make decisions for thousands of people, that you not just need to assess their experience with respect to, say, a particular substance -- like, merits issue, but their experience putting on experts, doing trials, doing witnesses at trials.

MR. TALBOTT: Yes, Your Honor.

THE COURT: Doing arguments, right?

MR. TALBOTT: Yes, Your Honor.

THE COURT: And that different people have different expertises in this way?

MR. TALBOTT: Yes, Your Honor.

THE COURT: Okay. And you understand that it would be partly your responsibility to ensure not just that you had adequate counsel, but the best counsel that was available to you?

MR. TALBOTT: Yes, Your Honor.

THE COURT: Okay. All right. All right. Thank you, sir.

MR. TALBOTT: Thank you, ma'am.

THE COURT: All right. Anything else from either of the other parties?

MR. WARDENSKI: Your Honor, we have one -- we have an update about one of the plaintiffs we'd like to share with you off the record or after the hearing.

THE COURT: Okay. Well, why don't -- just remind me of that at the end.

MR. WARDENSKI: Okay.

THE COURT: All right. I'm going to take a -- no one leave. I'm going to take a quick break. I will be right back.

THE DEPUTY CLERK: All rise. This Honorable Court stands in a brief recess.

(Recess.)

THE COURT: Please be seated.

All right. So I am going to grant the class certification motion. I am going to carve out the *Shilling* proposed carve-out.

You guys figure out if I'm going to carve out the members of the Gender Justice League. I want the parties and *Shilling* -- I want you all to give me a proposed class definition with the subclasses. I guess we'll have three

subclasses along the lines of what we discussed today.

I will want to know, once I certify the class and assuming I get the mandate back on the preliminary injunction, what I need to do, if anything, to amend the preliminary injunction, to add the class members. Because right now the preliminary injunction obviously mentions a nationwide injunction, which is no longer obviously allowable. So I will need to change the language on that. So you guys figure out what I need to do to do that.

Which reminds me -- it just reminded me of something and then I just forgot it. Just give me one moment. I apologize.

I want the parties also to get together a schedule. I want to be at a permanent injunction hearing in this case -- what's today? June?

THE DEPUTY CLERK: June 30th, Your Honor.

THE COURT: I want to do this in January. So you guys figure out everything that you all need to do. You all can file summary judgment, but I have no idea how I'm going to decide summary judgment when all of these issues involve questions of fact with respect to the animus or lack thereof with respect to the -- the executive order.

It may help all of you to actually read my standing order before you file a summary judgment motion because I have a pre-motion conference requirement. But you guys figure out

the timing for all that.

I am going to want to hear from witnesses. I'm not going to do the permanent injunction based on declarations.

So, Ms. White, what does my January look like?

THE DEPUTY CLERK: Very flexible right now, Your Honor.

THE COURT: Yeah?

THE DEPUTY CLERK: Right now.

THE COURT: Super exciting. What's the first Monday in January?

THE DEPUTY CLERK: That would be the 4th.

THE COURT: All right. I'm going to start a two-week trial starting -- bench trial starting January 4th. That date is not changing, so don't ask. Absent some Circuit Court or Supreme Court telling me I can't move forward.

When I say it's not moving, let me express to you what I mean by that. What I mean by that is if, on December 24th, you come down and say to me that aliens have come down from outer space and wiped all of our hard drives and taken all of our witnesses and lead lawyers and put them in a room together and wiped their memories and so, therefore, we would like to move the trial by a week, what I will say to you is, I hope you have things saved on the Cloud. I assume you have deposition transcripts or something available with respect to the witnesses, and what a wonderful opportunity for young

lawyers to get trial experience because I'm not moving the date. It is not moving. Don't ask.

The only way it's moving is if some circuit court or Supreme Court tells me it's moving.

With respect to that -- all right. I am going to certify the law firms and the lawyers on this case. I'm going to cert -- I'm going to appoint the plaintiff representatives with the following caveat.

If any lawyer or any law firm reaches out offering to assist, whether in the District Court or the Appellate Courts, I'm ordering plaintiffs' attorneys to do what I assume they were going to be doing anyway, which is their ethical obligation, to tell the plaintiff representatives. And then I want to ensure that they have a non-conflicted counsel, which means counsel not from any of the current firms or the firm or lawyers who are offering to help to give them advice as to the law firm.

There are thousands of people who are going to be members of this class, their livelihoods are at stake, and I want to ensure that the representation decisions are made on a best-available-evidence standard.

So we're going to do that. Yeah. I mean, obviously, independent counsel only -- I mean, it sounds like at least one other firm has already surfaced. So if other firms or if another firm surfaces in terms of who is going to do what,