**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES *et al.*,<br><br>*Defendants*. | No. 1:25-cv-240 (ACR) |

# [PROPOSED] PROTECTIVE ORDER

Pursuant to the Parties' Joint Motion (ECF No. 142), and to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order, and **ORDERS** as follows:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

This Order shall govern the handling of "Confidential Material" as defined below that is produced, used or otherwise disclosed by any party or non-party in response to any discovery request in the above-captioned case, including, but not limited to, confidential material contained in the administrative record, medical documents, other documents, interrogatory answers,

responses to requests for admissions, and deposition transcripts and exhibits. Any use of protected health information or any other documents or discovery at trial shall be governed by a separate agreement or order to be determined at the time of trial.

2. PROTECTED HEALTH INFORMATION

The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena, and transmit "protected health information" (or "PHI") pertaining to Plaintiffs and members of any certified class ("Plaintiff class members").[1] In order for the PHI of any current or former servicemember to be disclosed by any Department of War entity to the parties and their attorneys pursuant to this Order, that individual must execute DD Form 2870, attached as Exhibit B, and return it to counsel for Defendants. For the purposes of this Order, "protected health information" or "PHI" shall have the same meaning as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936; *see also* 45 C.F.R. §§ 160.103, 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, that identifies the individual or reasonably could be expected to identify the individual, and any other information protected from unauthorized disclosure by a covered entity pursuant to HIPAA, Pub. L. No. 104-191, and 45 C.F.R. § 164.512.

All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff class members, to attorneys representing Plaintiff class members, and to Defendant(s) in the above-captioned litigation, except to the extent such disclosure is otherwise prohibited. The Parties and their attorneys shall

[1] The Court indicated during the June 30, 2026 hearing that it was "going to grant the class certification motion." Hr'g Tr. 47:19–20 (June 30, 2026). The Court subsequently ordered the parties to submit a jointly proposed class definition, and for Defendants to enumerate any remaining objections to the proposed class definition, which the parties filed on July 7, 2026. *See* ECF No. 130.

be permitted to use or disclose the protected health information of Plaintiff class members only for the purposes of prosecuting or defending this action, including any appeals of this case, and for any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation. This includes, but is not necessarily limited to, disclosure to their attorneys, non-attorney staff employed by counsel of record, experts or consultants retained by the Parties, the Court and Court personnel, court reporters or stenographers, copy services, and other entities or persons involved in the litigation process. Before any of the foregoing individuals is given access to protected health information received from an opposing party or a third party, each person (other than counsel for the Parties, the Court, and Court personnel) shall be advised of the terms of this Order and shall agree in writing to be bound by this Order by signing the "Acknowledgment and Agreement to Be Bound" appended to this Order as Exhibit A. Counsel for the Parties shall maintain a list of all persons to whom they or their client(s) have provided any protected health information, and that list shall be available for inspection by the Court and opposing counsel, by order of the Court. Protected health information respecting one class member shall not be disclosed to or discussed with any other class member, except after order of the Court, consent of opposing counsel, or failure of opposing counsel to object in writing after ten (10) calendar days' notice of intent to make the specific disclosure.

For the purposes of this Order, "Personally Identifiable Information" or "PII" means any information that identifies, relates to, describes, or is reasonably capable of being associated with or linked, directly or indirectly, to a specific individual, whether alone or in combination with other information. PII includes, without limitation, names, Social Security numbers, dates of birth, home addresses, telephone numbers, email addresses, financial account information, biometric data, government-issued identification numbers, and any other information that, alone or in combination with other information, can identify a specific individual. This definition is intended to be broad and is consistent with relevant standards and guidance, including OMB Memorandum M-07-16, Safeguarding Against and Responding to the Breach of Personally

Identifiable Information, and NIST Special Publication 800-122, Guide to Protecting the Confidentiality of Personally Identifiable Information (PII).

3. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material may include the following documents and tangible things produced or otherwise exchanged if so designated:

- Protected Health Information ("PHI");
- Information protected by the provisions of the Privacy Act;
- Documents containing personal, financial, medical, proprietary, or other private information relating to an individual, including Personally Identifiable Information ("PII") as defined in Section 2 and information that would properly be redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2;
- Any information that the producing party is obligated by contract or by state or federal law to keep confidential;
- All information that is derived from Confidential Material, even if incorporated into another document or compilation or referred to in testimony;
- Information and internal policies and procedures for which disclosure could reasonably give rise to a risk of harm to information technology security, personnel security, or national security interests; and
- Any other documents or information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure.

4. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, except when the disclosure of the information was unauthorized.

5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1 Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. No Confidential Material obtained in the course of this litigation shall be used in any contemporaneous or subsequent administrative proceedings or separation proceedings as evidence against any of the named Plaintiffs or Class Members.[2] Confidential Material shall be, and will remain, Confidential, and shall not be disclosed in any fashion, nor be used for any purpose, except as provided for in this Order. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

a. the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information only for purposes of defending or prosecuting this litigation;

b. the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary only for purposes of defending or prosecuting this litigation;

[2] Nothing in this Order prevents the parties from authorized use of documents and tangible things designated in this matter as Confidential Material, should the parties obtain such material outside of this litigation.

c. experts and consultants consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in this litigation and to whom disclosure is reasonably necessary only for purposes of defending or prosecuting this litigation;

d. the Court, Court personnel, and court reporters and their staff;

e. outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions retained by the Parties or their counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

f. a witness who has been noticed or subpoenaed for deposition or a court appearance in the case to the extent reasonably necessary for the preparation or giving of his or her deposition testimony about Confidential Material. Pages of transcribed deposition testimony or deposition exhibits that reveal Confidential Material may be designated CONFIDENTIAL and, if so designated, may not be disclosed to anyone except as permitted under this agreement;

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and only for purposes of defending or prosecuting this litigation; and

h. any other person who is so designated by order of this Court or by written agreement of the producing party but only for purposes of defending or prosecuting this litigation.

No Confidential Material may be disclosed to persons identified in subparagraphs (c), (e), (f), or (h) until they have reviewed this Order and have executed the written "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A, which executed

agreements shall be maintained by counsel of record for the party making the disclosure to such persons. Counsel who makes such disclosure shall retain the written agreements and shall provide the agreements to the opposing counsel only upon request.

5.3 Filing Confidential Material. Unless the Designating Party gives written permission, all Confidential Material that is filed with the Court must be filed under seal or in camera in accordance with the Court's Local Rules and procedures. Any party that seeks to file under seal any Confidential Material must comply with the Local Civil Rules. The Court's Standing Order in Civil Cases Rule 7(k) and (l) sets forth the procedures that must be followed when a party seeks permission from the Court to file a document under seal. Any Confidential Material referenced in any pleading or contained in any document filed with the Court in this action by the producing party shall at the time of filing cease to be Confidential Material unless the producing party files the unredacted pleading or document under seal.

6. DESIGNATING PROTECTED MATERIAL

6.1 Effect of Designation. The designation of Confidential Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Confidential Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Confidential Material be construed as a concession by the receiving parties that such material is, in fact, confidential or otherwise entitled to protection under the terms of this Order.

6.2 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.3 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly designated before or when the material is disclosed or produced.

a. Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, and to the extent practicable, the producing party will identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b. Testimony given in deposition or in other pretrial proceedings: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

c. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.4 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any party may, in good faith, object to the designation of any Discovery Material as Confidential Material within fourteen (14) days of receipt of a document that has been designated. The objecting party must state its objection in writing, specifying (by Bates numbers if possible) the discovery material challenged and explaining the basis for each objection. The objecting party shall make a good faith effort to resolve the dispute with the designating party and shall provide the designating party the opportunity to revise its designation before raising the issue with the Court. If the Parties cannot reach an agreement as to the designation, the objecting party may move the Court for an order determining whether the document is Confidential Material. The designating party shall bear the burden of establishing the propriety of any designation. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order remain in effect.

The parties agree that any dispute arising under this Protective Order with respect to discovery shall be resolved in accordance with the discovery dispute resolution procedures set forth in the Court's Standing Order for civil cases.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a. promptly notify the designating party in writing and include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom the unauthorized disclosure was made of all the terms of this agreement; (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A; and (e) if PII was included in the unauthorized disclosure, notify each affected individual in writing within a reasonable time and in no event later than thirty (30) days after discovering the unauthorized disclosure.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that

provides for production without prior privilege review. The parties agree to cooperate to develop a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. In addition to the foregoing return or destruction obligations, upon termination of this action, including all appeals, each receiving party must permanently delete any PII from its electronic systems and storage media, except to the extent such deletion is prohibited by the Federal Records Act or any other federal document obligations applicable to Defendants. Counsel for each receiving party must certify in writing to the producing party that such deletion has occurred.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**SO ORDERED.**

Date:

______________________________

ANA C. REYES
UNITED STATES DISTRICT JUDGE

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*<br>*Plaintiffs,*<br>v.<br>UNITED STATES *et al.,*<br>*Defendants.* | Civil Action No. 25-cv-240-ACR |

**DECLARATION**

I, ___________________, under penalty of perjury, depose and state that the following is true and correct:

1. I am over 18 years of age.

2. I have read the Stipulated Protective Order entered in the above-referenced action before reviewing or receiving access to the content of any documents or information subject to the provisions of the Stipulated Protective Order.

3. I hereby consent to be bound by the terms of the Stipulated Protective Order.

4. I further consent to the jurisdiction of the U.S. District Court for the District of Columbia for the purpose of any proceeding to enforce the terms of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the ____ day of ___________, 20__, in ____________, ____________.