**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES *et al.*,<br><br>*Defendants.* | Civil Action No. 25-cv-240-ACR |

**JOINT MOTION TO ADJUST PRETRIAL DEADLINES**

Plaintiffs Nicolas Talbott *et al.* and Defendants United States of America *et al.* (the "Parties"), pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 7(m), jointly move to adjust certain deadlines in the Court's July 27, 2026 Scheduling Order. *See* Dkt. 133. The Parties do not seek to move the trial date, the pretrial conference, or any deadline governing dispositive motions, motions in limine, or the Joint Pretrial Statement. In support of this Motion, the Parties state as follows:

The Court adopted the Parties' jointly proposed schedule with two modifications. Dkt. 133 ("Scheduling Order"). Following that, the Parties served discovery requests by August 14, 2026 and expert disclosures and reports on September 4, 2026. The Parties have conferred regularly about the scope of discovery, an electronically stored information ("ESI") protocol, and a protective order. Following those discussions, the Parties jointly moved for entry of a stipulated protective order and a stipulated ESI protocol. Dkt. 142.

Under the Scheduling Order, written responses and objections, together with the production of documents not subject to objection, came due on September 11, 2026. The Parties

must submit any discovery dispute to the Court by September 16, 2026, and discovery closes on October 16, 2026. No deadline requires the Parties to identify fact witnesses before the November 20, 2026 Joint Pretrial Statement.

The Parties have conferred and agreed on an adjusted schedule that will permit sufficient time for discovery, including the more than 50 depositions that may be necessary, and leave both sides prepared for dispositive motions and trial.[1] The Parties respectfully propose the following adjustments:

| **Event** | **Current Deadline (Dkt. 133)** | **Proposed Deadline** |
|---|---|---|
| Deadline for written responses/objections to discovery requests | September 11, 2026 | September 14, 2026 |
| Deadline for production of documents not subject to objection | September 11, 2026 | Rolling production, to be completed on or before October 5, 2026 |
| Mutual disclosure of fact witnesses | None | October 9, 2026 |
| Deadline to submit a discovery dispute to the Court pursuant to Section 10 of the Standing Order | September 16, 2026 | October 12, 2026 |
| Close of discovery | October 16, 2026 | November 2, 2026 |

Every other deadline in the Scheduling Order, including the anticipated trial date, remains unchanged.

Rule 16(b)(4) allows the Court to modify a scheduling order for good cause. *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (good cause

[1] The Parties reached agreement on these adjustments only after continued conferral concerning the ESI protocol and the timing of document production. Because the Parties finalized that agreement fewer than four days before certain existing deadlines, they could not comply with the four-day requirement in Section 9(b) of the Court's Standing Order. *See* Dkt. 10.

met when existing deadlines "cannot reasonably be met despite [the parties'] diligence"). Good cause supports each of these proposed changes.

**Written responses and objections to discovery requests.** Defendants asked for one additional business day to serve responses and objections, in part because a religious holiday fell on September 11, 2026. Plaintiffs agreed on a reciprocal basis. The Parties ask the Court to approve that one-business-day extension.

**Production of documents not subject to objection.** Defendants have represented that because of the volume of their anticipated productions and because they have been preparing productions prior to agreeing on an ESI protocol with Plaintiffs, they need additional time to complete document productions. Defendants have agreed to produce documents on a rolling basis, with production complete no later than October 5, 2026.

**Mutual disclosure of fact witnesses.** The Scheduling Order sets no deadline for the Parties to identify the fact witnesses they may call at trial. To avoid the need for a rush of pretrial depositions after the Parties exchange witness lists in connection with preparing the Joint Pretrial Order in November, the Parties have agreed to a mutual disclosure of fact witnesses who may testify at trial on October 9, 2026, which will give both sides a fair opportunity to depose any newly identified witnesses before the close of fact discovery.

**Close of discovery.** Defendants will complete document production by October 5, 2026, eleven days before discovery closes, and the Parties have identified more than 50 potential deponents between them to date.[2] While they expect to narrow that list, eleven days is not enough time to complete the necessary depositions. Moving the close of discovery to November

[2] Defendants have disclosed seventeen witnesses under Fed. R. Civ. P. 26(a)(2)(C), and Plaintiffs have disclosed two expert witnesses under Fed. R. Civ. P. 26(a)(2)(B). Named Defendants and Plaintiffs may be subject to deposition as well.

2, 2026 gives the Parties four weeks to take depositions after production is complete while leaving the November 13, 2026 deadline for dispositive motions intact.

**Deadline to submit a discovery dispute to the Court.** The current deadline falls five days after the production deadline, which gave the Parties time to identify any resulting disputes. Under the proposed schedule, production may continue until October 5, 2026. The current September 16, 2026 deadline would prevent both sides from raising disputes arising during the fact discovery period. The Parties propose to adjust the deadline to October 12, 2026, one week after production is complete. That week will allow the Parties time to review the completed discovery, identify any disputes, and confer in an effort to narrow or resolve those disputes before submitting them to the Court.

For these reasons, the Parties respectfully request that the Court adopt the schedule above.[3] A proposed order accompanies this Motion.

Pursuant to Local Civil Rule 7(m), the undersigned counsel certify that they have conferred in good faith and agree on the relief this Motion seeks.

---

[3] The Court has previously granted one extension of time to Plaintiffs and none to Defendants. *See* Dkt. 105 (granting seven-day extension to Plaintiffs to respond to Defendants' Notice of Intent to File Dispositive Motion).

Dated: September 15, 2026

Respectfully submitted,

/s/ *Lauren M. Weinstein*
Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Shruti Kannan (90006641)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
skannan@omm.com

Brett J. Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Shannon P. Minter (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
Amy E. Whelan (*pro hac vice*)
NATIONAL CENTER FOR
LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org
cstoll@nclrights.org
awhelan@nclrights.org

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
65A Atlantic Avenue
Boston, MA 02110
Telephone: (617) 742-6020
ibernstein@zalkindlaw.com

Jennifer Levi (MA0056)
Mary L. Bonauto (*pro hac vice*)
Sarah K. Austin (*pro hac vice*)
Michael R. Haley (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
Phone: (617) 426-1350
jlevi@gladlaw.org
mbonauto@gladlaw.org
saustin@gladlaw.org
mhaley@gladlaw.org

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

*Counsel for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20006
Phone: (202) 451-7478
jared.littman2@usdoj.gov

*Counsel for Defendants*