**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br>*individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-240-ACR |

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AXEL (AUDRIE) GRAHAM AND REMOVE GRAHAM AS A PROPOSED CLASS REPRESENTATIVE**

Pursuant to Local Civil Rule 83.6(c) and D.C. Rule of Professional Conduct 1.16, Plaintiffs' undersigned attorneys move to withdraw as counsel for Plaintiff Axel (Audrie) Graham[1] and to remove Plaintiff Graham as a proposed representative of the putative Class and Voluntarily Separated or Retired Plaintiffs Subclass ("Subclass 1") in this case. Despite undersigned counsel's diligent efforts, Graham has failed to respond to counsel's communications and, accordingly, counsel can no longer provide him effective representation in this case and do not believe he can be an adequate class representative. Defendants, through counsel, have indicated that they do not oppose this motion.

## I. RELEVANT FACTS

Graham was added to this lawsuit as a named plaintiff in the Second Amended Complaint, Dkt. No. 60, filed on February 24, 2025, and actively participated in the case until last month.

[1] At the time that plaintiff Axel Graham joined this lawsuit on the Second Amended Complaint, he used the first name Audrie.

Plaintiffs' counsel made repeated attempts to contact Graham in connection with Plaintiffs' preparation of responses to Defendants' interrogatories and requests for production. *See* Declaration of Michael R. Haley ¶¶ 1-2 ("Haley Decl."). Plaintiffs' attorney, Michael Haley, contacted all named plaintiffs, including Graham, on August 20, 2026, regarding Defendants' discovery requests. *Id.* ¶ 1. After receiving no response from Graham, Haley attempted to contact Graham by email on August 22, 2026; text message on August 24, 2026; again by email on August 31, 2026; and by telephone on September 1, 2026 (to a number that was no longer in service). *Id.* ¶¶ 2(a)-(d). After receiving no response to these communications, Mr. Haley sent Graham a certified letter to his last known addresses requesting that he contact Mr. Haley and informing him that, if he did not respond by September 10, 2026, that Plaintiffs' counsel would no longer be able to represent him in this case. *Id.* ¶ 2(e). Graham has not responded to that letter. *Id*.

## II. LEGAL STANDARD

Under Rule 1.16 of the D.C. Rules of Professional Conduct, "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: . . . (3) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]" Rule 1.16(b). The "lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation," Rule 1.16(c), and "shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client," Rule 1.16(d).

Under the Local Civil Rules, "[i]f a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all

parties to the case." LCvR 83.6(c). "The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d).

## III. ARGUMENT

### A. Counsel's Requested Withdrawal from Representation of Graham is Appropriate

Counsel's requested withdrawal from representation of Graham comports with their obligations under Rule 1.16 and this Court's requirements under Local Civil Rule 83.6.

First, Graham, by not communicating with counsel, has "fail[ed] substantially to fulfill an obligation" to counsel as a plaintiff in this case and, through the written communications described in Mr. Haley's attached declaration, has been given reasonable warning of counsel's requested withdrawal. *See* Rule 1.16(b)(3). Graham's interests as a member of the putative Class and Subclass 1, regardless of his participation in the case as a named plaintiff, will still be served by counsel's representation of the other Plaintiffs and putative class representatives.

Second, counsel's withdrawal as counsel for Graham "would [not] unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). The current discovery schedule, pretrial schedule, and bench trial set for January 4, 2027, will proceed as planned if this Motion is granted. Defendants will not be prejudiced by the relief requested in this motion.

As required by LCvR 83.6(c), counsel have served a copy of this Motion and a notice advising Graham of his right to obtain other counsel, or, if he intends to proceed *pro se* or object

to the withdrawal, to so notify the Clerk in writing within seven days of service of the Motion, by registered mail at Graham's last known address.[2]

**B. Graham Should Be Removed as a Proposed Class Representative**

Under Rule 23(a)(4), proposed class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Whether a representative party will fairly and adequately protect the interests of class members is a question of fact that depends on the individual circumstances of each case, and is committed to the sound discretion of the district court." *Cobell v. Norton*, 213 F.R.D. 43, 45 (D.D.C. 2003) (citations omitted).

Under these circumstances, Graham, by not communicating with undersigned class counsel, cannot adequately represent the proposed Class or Subclass 1. *See Cobell*, 213 F.R.D. at 44 (granting motion to withdraw as class counsel and to remove class representative). Accordingly, the other named Plaintiffs request that Graham be removed as a proposed class representative. The other Plaintiffs will continue to adequately represent the interests of the putative Class and Subclasses for the reasons stated in Plaintiffs' Memorandum of Law in Support of Motion for Class Certification. Dkt. No. 118-1, at 13-14. Plaintiffs Bettis, Bloomrose, Bruce, Cole, Davis, Dulaney, McCallister, Morgan, Orth, Richter, Tyson, and Vandal, will adequately represent the interests of the putative Subclass 1 as that subclass's proposed representatives.

---

[2] LCvR 83.6(c) requires a motion to withdraw appearance to "be accompanied by a certificate of service listing the party's last known address, unless such address does not appear on the public docket[.]" Graham's address is not on the public docket. Thus, the Clerk may mail a copy of the Court's order on this motion to Graham at his last known address, contained in the attached Exhibit A (filed under seal). *See* LCvR 83.6(d).

For the foregoing reasons, Plaintiffs' undersigned counsel respectfully request that the Court grant this Motion.

DATED: September 15, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Shruti Kannan (90006641)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
skannan@omm.com

Brett J. Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
65A Atlantic Avenue
Boston, MA 02110
Telephone: (617) 742-6020
ibernstein@zalkindlaw.com

Jennifer Levi (MA0056)
Mary L. Bonauto (*pro hac vice*)
Sarah Austin (*pro hac vice*)
Michael Haley (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@glad.org
mbonauto@glad.org
saustin@glad.org
mhaley@glad.org

Shannon P. Minter (*pro hac vice*)
Christopher F. Stoll (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2026, a copy of the foregoing Motion to Withdraw as Counsel for Plaintiff Axel (Audrie) Graham and Remove Graham as Proposed Class Representative (the "Motion"), and a notice advising Graham of his right to obtain other counsel or, if he intends to proceed *pro se* or object to the withdrawal, to notify the Clerk in writing within seven days of service of the Motion, was served by registered mail sent to Graham's last known address.

/s/ Joseph J. Wardenski
Joseph J. Wardenski