**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00240 (ACR) |

**PLAINTIFFS' BRIEF ADDRESSING**
**THE DELIBERATIVE PROCESS PRIVILEGE**

On October 12, 2026, Plaintiffs timely raised a discovery dispute regarding Defendants' improper invocation of the deliberative process privilege to shield documents and deposition testimony from disclosure. On October 14, 2026, this Court heard argument on that dispute and ordered the parties to submit briefs on the issue. Plaintiffs respectfully submit this brief pursuant to this Court's Order (Oct. 14, 2026 Minute Order).

On Defendants' October 1, 2026 privilege log, corresponding to their September 11, 2026 production of documents, Defendants asserted the deliberative process privilege for 278 of the 351 entries on their privilege log. On Defendants' October 14, 2026 privilege log, corresponding to their October 5, 2026 production of documents, Defendants asserted the deliberative process privilege for an additional 73 entries out of 126 on the privilege log. All in all, nearly 75% of the documents Defendants have logged were withheld on the basis of deliberative process privilege. Defendants have also instructed witnesses not to answer deposition questions about conversations regarding the development and implementation of the Hegseth Policy on the basis of deliberative process privilege.[1]

Defendants' invocation of the privilege defies binding precedent. The deliberative process privilege is "not appropriately asserted . . . when a plaintiff's cause of action turns on the

[1] *See, e.g.*, Ortega Rough Tr. at 115:15-119:6 (during questioning regarding Executive Order 14183, Defense Counsel stated, "If you would like to proceed in asking if he was consulted, you can, but anything more than that, whether the fact of consultation occurred, I am going to object and instruct him not to answer."); Lombardo Rough Tr. at 76:18-22 (Defense Counsel stated, "I'm instructing him not to answer anything that would implicate the deliberative process privilege where he gets into specific deliberations about Department of Army decision-making."); DeGoes Rough Tr. at 36:8-17 (Defense Counsel stated, "Again – I'm going to object, again, on even the post February 28th implementation as being pre-decisional and deliberative, and instruct the witness not to go into any specifics about deliberations that were held among the different stakeholders within the [D]epartment of Air Force about the implementation of the policy as well. You can speak at a high level, but not anything specific as deliberated."); *Id.* at 73:14-17 (Plaintiffs' Counsel asked, "Did you consult with anyone about EO 14183 before it was issued?" Defense Counsel instructed the witness not to answer, relying on the deliberative process privilege.); *Id.* at 98:1-8 (When Plaintiffs' Counsel asked whether Lt. Gen. DeGoes spoke with anyone about the Department of Defense's implementing memorandum before it was issued, Defense Counsel instructed the witness "not to get into any deliberative conversations or discussions with high-level policymakers at the [D]epartment of Air Force predecisional."). Plaintiffs would be glad to provide full transcripts of these depositions should they be helpful to the Court.

government's intent." *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998); *Convertino v. U.S. Dep't of Justice*, 669 F. Supp. 2d 1, 4 (D.D.C. 2009) ("The deliberative process privilege does not apply when the government's intent is squarely at issue." (cleaned up)); *see also Elkins v. District of Columbia*, 250 F.R.D. 20, 27 (D.D.C. 2008); *Doe 2 v. Esper*, 2019 WL 4394842, at *6 (D.D.C. Sept. 13, 2019); *Tri-State Hosp. Supply Corp. v. United States*, 2005 WL 3447890, at *8 (D.D.C. Dec. 16, 2005). Plaintiffs' claims turn on that precise issue: Plaintiffs allege animus fueled both Executive Order 14183 and the Hegseth Policy. *See* Fifth Am. Compl., Dkt. No. 117 ¶¶ 13, 399(b), 409, 416, 424. Plaintiffs are entitled to discovery into the question. Permitting Defendants to shield documents that may reveal their motivation would let Defendants hide the very intent Plaintiffs must prove. The Court should compel production of the materials withheld under the deliberative process privilege, compel responses to Plaintiffs' questions that Defense Counsel instructed witnesses not to answer on the basis of the deliberative process privilege, and bar Defendants from instructing witnesses not to answer deposition questions based on that privilege moving forward.

## I. The Privilege Does Not Apply Because Plaintiffs' Animus Claims Turn on the Government's Intent

Defendants cannot use the deliberative process privilege to conceal communications or testimony that may reveal their intent in adopting the Hegseth Policy. The privilege "was fashioned in cases where the governmental decisionmaking process is collateral to the plaintiff's suit." *In re Subpoena*, 145 F.3d at 1424. But where, as here, a cause of action "is directed at the government's intent," "it makes no sense to permit the government to use the privilege as a

shield." *Id.* Courts do not balance interests in that setting; the privilege "does not enter the picture at all." *Id.* at 1425.

The government's motive is at the heart of this case. Plaintiffs allege that animus motivated the Policy. This Court found Plaintiffs likely to prevail on that claim. *See Talbott v. United States*, 775 F. Supp. 3d 283, 326-29 (D.D.C. 2025). The D.C. Circuit agreed. *See Talbott v. United States*, 176 F.4th 720, 745-46 (D.C. Cir. 2026) (Wilkins, J.); *id.* at 754 (Rogers, J., concurring in part and dissenting in part). Plaintiffs must now prove that animus underlies the Policy. There can be no serious dispute that internal discussions about the Policy are probative of Plaintiffs' claims.

The government has already tried and failed to use the deliberative process privilege to shield the development of a military policy restricting transgender service. In *Doe 2 v. Esper*, the plaintiffs challenged the Mattis Plan concerning service by transgender troops, and the government "ask[ed] for deference, then proceed[ed] to invoke the deliberative process privilege to prevent discovery into the evidence which would show whether or not such deference is appropriate." 2019 WL 4394842, at *6. The court properly rejected the government's invocation of the privilege, holding that "[g]iven that Plaintiffs in fact assert a constitutional claim for discrimination [and b]ecause Defendants decision-making process in developing the [policy] is central in this case, the deliberative process privilege does not apply to documents used or considered by the Panel" that developed the policy. *Id.*

Defendants advance the same argument here but expect a different outcome despite the lack of any intervening change in the law governing the privilege. They say the Department made a "reasoned decision" that "is entitled to substantial deference." Dkt. No. 139, at 5; *see also* Dkt. No. 154, at 1-2. Yet they invoke the privilege to withhold documents that may reveal

the basis for that decision. Dkt. No. 139, at 7. At the same time, Defendants urge that their public statements reflecting anti-transgender animus are irrelevant. *See* Defendants' Notice of Intent to Move for Summary Judgment, Dkt. No. 154, at 3. In Defendants' view, Plaintiffs cannot prove animus based on public statements, nor are they entitled to the private record that may show animus. Neither is a correct view of the law. This Court should follow *Doe 2* and order production of the withheld material.

## II. Plaintiffs Are Entitled To All Withheld Material Under the Privilege

Because the privilege does not apply, it protects none of the 351 documents Defendants have withheld or redacted on the basis of deliberative process privilege. Plaintiffs are entitled to examine those documents for evidence of an invidious purpose. Proving that purpose "demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). The "administrative history may be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Id.* at 268. Plaintiffs are entitled to examine the records of that history to determine whether the readiness and other justifications Defendants offer for the Policy were sincerely held or whether they are *post hoc* rationalizations for a Policy fueled by animus.

An *in camera* review of 20 documents cannot substitute for discovery of the rest. Even if none of the 20 documents reviewed *in camera* shows animus, the remainder may well. Plaintiffs are entitled to the communications in order to assess Defendants' claim that the Policy was motivated by a desire to maintain readiness, lethality, and the like. Defendants have not argued—nor could they—that there must be some threshold showing of animus in the withheld documents or testimony before the deliberative process privilege falls away. Because the government's intent and purpose are at issue in this litigation, the deliberative process privilege

"does not even enter into the picture and the documents are discoverable." *Tri-State Hosp.*, 2005 WL 3447890, at *8.

## III. Defendants' Authorities Are Inapposite

The cases Defendants cited in their response to Plaintiffs' discovery dispute do not address the privilege's application to animus claims. *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019), concerns what belongs in an administrative record under the APA. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975), and *Judicial Watch, Inc. v. U.S. Department of Defense*, 847 F.3d 735 (D.C. Cir. 2017), are even further afield: They are FOIA decisions that explain the privilege's protection of agency deliberations. None of the cited cases involved a claim that turned on animus. When a claim does, the privilege's rationale "evaporates." *In re Subpoena*, 145 F.3d at 1424.

Nor does *B.P.J.* change the analysis. There, the Supreme Court considered classifications that were undisputedly "not invidious." *West Virginia v. B.P.J.*, 609 U.S. ---, 146 S. Ct. 2356, 2377 (2026); *see also* Dkt. No. 138 (Plaintiffs' *B.P.J.* brief) at 2-4. No one argued that animus motivated the statute at issue. The Supreme Court necessarily did not address animus, nor did it address the deliberative process privilege. The opinion does not even contain the word "animus," as Defendants have admitted. Oct. 14, 2026 Status Conf. Tr. 11:18-12:18, Dkt. No. 159.

Finally, "Defendants [m]isread *Trump v. Hawaii* [a]gain." *Talbott*, 775 F. Supp. 3d at 329; *see also* Dkt. No. 159, at 13:14-25. In that case, the Supreme Court analyzed Hawaii's arguments that animus fueled the proclamation at issue. *Trump v. Hawaii*, 585 U.S. 667, 706 (2018). The Supreme Court did not dismiss the animus arguments as irrelevant. *See id.* That decision fit within the framework set by prior cases, in which courts consider evidence of animus and whether a law "can reasonably be understood to result from a justification independent of

unconstitutional grounds." *Id*. at 705-06. In some cases, courts accepted the independent justification; in others, they did not. *Talbott*, 775 F. Supp. 3d at 330. But nowhere did any court hold—including the Supreme Court in *Trump v. Hawaii*—that evidence of animus plays no role in the analysis. Because evidence of animus remains relevant even under the deferential standard Defendants invoke, the government's intent is squarely at issue, and the privilege falls away.

This Court has already rejected Defendants' claim that the Court cannot probe "government officials' subjective intentions," making clear that "the Court cannot read minds[,] [b]ut it can read." *Talbott*, 775 F. Supp. 3d at 326–27. Plaintiffs can too, if given the documents. The deliberative process privilege does not permit Defendants to withhold critical evidence that speaks to the government's intent in crafting the policies at issue in this action. The withheld information should be produced without further delay.

## CONCLUSION

Plaintiffs respectfully request that the Court order Defendants to produce all materials withheld in whole or in part under the deliberative process privilege, compel responses to Plaintiffs' questions that Defense Counsel instructed witnesses not to answer on the basis of the deliberative process privilege, and bar Defendants from instructing witnesses not to answer deposition questions based on that privilege moving forward.

DATED: October 21, 2026

Respectfully submitted,

/s/ Lauren M. Weinstein
Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Shruti Kannan (90006641)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
skannan@omm.com

Brett Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street
Suite 200
Boston, MA 02109
Phone: (617) 742-6020
ibernstein@zalkindlaw.com

Jennifer Levi (MA0056)
Mary Bonauto (*pro hac vice*)
Michael R. Haley (*pro hac vice*)
Sarah K. Austin (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
Phone: (617) 426-1350
jlevi@gladlaw.org
mbonauto@gladlaw.org
mhaley@gladlaw.org
saustin@gladlaw.org

Christopher F. Stoll (*pro hac vice*)
Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st St. #11548
Sacramento, CA 95811
Phone: (415) 365-1320
cstoll@nclrights.org
sminter@nclrights.org
awhelan@nclrights.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, a true and correct copy of the foregoing was served via the Court's ECF system on counsel of record.

*/s/ Lauren M. Weinstein*
Lauren M. Weinstein