**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT, et.al.<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES, et al.,<br><br>*Defendants*. | Civ. A. No. 25- 240 (ACR) |

**DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE CERTAIN STATEMENTS OUTSIDE THE POLICY'S OPERATIVE TERMS TO DETERMINE THE BASIS ON WHICH THE POLICY CLASSIFIES**

Pursuant to Federal Rules of Evidence (FRE) 401 and 403 and the Court's July 27, 2026 Order (ECF. No. 133), as modified by the Court's October 21, 2026 Order (ECF No. 162) and November 6, 2026 Minute Order, Defendants respectfully move to exclude from evidence statements made outside of the operative terms of the 2025 Policy to determine the basis on which the Policy classifies. Like the Carter, Mattis, and Austin policies before it, the 2025 Policy draws classifications based on a medical condition (gender dysphoria) and related interventions (cross-sex hormone therapy or sex reassignment or genital reconstruction surgery). There is nothing suspect about those classifications. *See United States v. Skrmetti*, 605 U.S. 495, 510–19 (2025) (applying rational-basis review to a law prohibiting the use of hormones to treat gender dysphoria in minors); *Anderson v. Crouch*, 169 F.4th 474, 486 (4th Cir. 2026) ("using medical diagnosis" of gender dysphoria "as the distinguishing factor" as to "whether West Virginia Medicaid patients receive coverage for medical services does not turn on their sex or transgender status"); *id.* at 490 (holding that "the plan does not use gender dysphoria as a proxy for transgender person" because "we cannot presume discriminatory intent from the fact that gender dysphoria 'happen[s] to [occur]

exclusively' in transgender persons") (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 270 (1993)).

Despite the plain terms of the 2025 Policy that address gender dysphoria, Plaintiffs are expected to rely on a litany of material outside of the 2025 Policy's operative terms, including statements made in Executive Order 14,183 and statements made by Department of War officials on social media and in public speeches, to try to establish that the Policy targets transgender people. That is not permitted under *West Virginia v. B.P.J.*, 609 U.S. 958 (2026), and thus such evidence is both irrelevant under FRE 401 and, even if relevant, the evidence should be excluded because its probative value is "substantially outweighed" by the danger of unfair prejudice and confusing the issues under FRE 403. Although the laws at issue in *B.P.J.* were accompanied by legislative findings about "gender identity," W. Va. Code Ann. § 18-2-25d(a)(4), and "gender-affirming treatment in transgender individuals," Idaho Code Ann. § 33-6202(11), the Court rejected the contention that those laws "discriminate[d] against transgender individuals." *B.P.J.*, 609 U.S. at 987. Instead, the Court examined the laws' operative terms—which "determine[d] eligibility for women's and girls' sports based on biological sex," *id.* at 982 —and concluded that they "classify on the basis of biological sex," *id.* at 987.

Here, the operative terms of the 2025 Policy classify based on a medical condition (gender dysphoria) and related interventions. Just as legislative findings did not change the operative terms of the laws at issue in *B.P.J.*, so too the Executive Order and other statements outside of the 2025 Policy do not change the operative terms of the 2025 Policy at issue here, which classify based on gender dysphoria and related interventions. Plaintiffs' contention that the 2025 Policy discriminates based on transgender status fails for the same reason as in *B.P.J.*: no operative provision of the 2025 Policy "classif[ies] based on gender identity or transgender status." *B.P.J.*,

609 U.S. at 987. The Court therefore should not permit Plaintiffs to introduce evidence beyond the 2025 Policy's terms to determine the basis on which the 2025 Policy classifies.[1]

DATED: November 13, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

*/s/M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
MICHAEL T. CRABB
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 451-7478
Email: jared.littman2@usdoj.gov

*Counsel for Defendants*

[1] Pursuant to Local Rule 7(m), counsel for the parties discussed this motion. Plaintiffs oppose.