**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT, et.al.<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES, et al.,<br><br>*Defendants*. | Civ. A. No. 25- 240 (ACR) |

## DEFENDANTS' MOTION IN LIMINE #3 TO PROHIBIT QUESTIONING CIVIL SERVANTS AND MILITARY OFFICIALS ABOUT THEIR PERSONAL VIEWS REGARDING THE POLICY

Pursuant to Federal Rules of Evidence (FRE) 401 and 403 and the Court's July 27, 2026 Order (ECF. No. 133), as modified by the Court's October 21, 2026 Order (ECF No. 162) and November 6, 2026 Minute Order, Defendants respectfully move to prohibit Plaintiffs from questioning civil servants and military officials about their personal views about the 2025 Policy and whether they personally agreed or disagreed with certain statements made in Executive Order 14,183. At depositions, Plaintiffs' counsel incessantly questioned the government's witnesses about their personal views regarding the Executive Order and the 2025 Policy. The government's witnesses' personal views as to the lawfulness of the 2025 Policy or regarding specific statements in the Executive Order do not have "any tendency to make a fact more or less probable than it would be without the evidence." FRE 401.

To be clear, the military officials' expert opinions and professional judgments as to military readiness and medical operational readiness are relevant to the case and are fair game at trial. But whether those same military officials personally agree with the 2025 Policy and statements of the President and Secretary are not; they are obligated to implement lawful policies, regardless of whether they personally agree or disagree with a policy. Those officials followed the contrasting

policies of prior administrations, regardless of their personal opinions, as lawful orders issued by their chain of command. Military officers, by their very training and ethos, are disinclined to provide personal opinions generally and may only offer their professional judgments related to matters in which they have the appropriate training, experience, or expertise.

Similarly, this principle should apply respect to career civil servants, whose job was to implement Department policy pursuant to the directives of the Executive Order and Secretary Hegseth, regardless of whether they personally agreed or disagreed with the policy. At least one of those career civil servants worked on the last four iterations of the gender dysphoria policy and always did their job—to implement a policy pursuant to the directives of the Commander in Chief and Secretary at the time, regardless of their personal opinions. Political appointees, not their career civil servant staff members, are the final decision makers with respect to policies. While professional observations of career civil servants may be relevant, personal opinions of those who lack decision making authority are not relevant to the reasoning, development, or implementation of the 2025 Policy or related statements.

The Court therefore should prohibit Plaintiffs from questioning military officials and civil servants about their personal views concerning the 2025 Policy and about certain statements in the Executive Order because their personal opinions are not relevant under FRE 401.[1]

[1] Pursuant to Local Rule 7(m), counsel for the parties discussed this motion. Plaintiffs oppose.

DATED: November 13, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

*/s/M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
MICHAEL T. CRABB
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 451-7478
Email: jared.littman2@usdoj.gov

*Counsel for Defendants*