# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT, *et al.*,<br>*Plaintiffs*,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>*Defendants*. | Civ. A. No. 25- 240 (ACR) |

**DEFENDANTS' RESPONSES AND OBJECTIONS**
**<u>TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Civil Rules of this Court, and the parties' expedited discovery agreement documented in the letter dated September 10, 2026, from Plaintiffs' counsel to Defendants' counsel (Expedited Discovery Agreement), Defendants object and respond to Plaintiffs' First Set of Interrogatories as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. The parties have entered into an Expedited Discovery Agreement. Pursuant to the Expedited Discovery Agreement, Plaintiffs have "deferred" certain interrogatories. Specifically, pursuant to the Agreement, Plaintiffs are "deferring" Interrogatory Nos. 1, 2, 3, 4, and 19, upon receipt of adequate document productions and Requests for Admissions responses. Defendants will not be asserting objections or otherwise responding to those

interrogatories below. Defendants have provided objections and responses to the remaining interrogatories (Interrogatory Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 20). As to all interrogatories, including those that Plaintiffs have deferred, Defendants explicitly reserve the right to supplement their objections and responses.

2. By making the accompanying responses and objections to Plaintiffs' interrogatories, Defendants do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceeding, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the responses and objections herein without in any way implying that they consider the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

3. A response to an interrogatory stating objections shall not be deemed or construed to mean that Defendants acquiesce in the characterization of the conduct or activities contained in the interrogatory.

4. Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. The following General Objections are continuing in nature and apply to each interrogatory. Accordingly, the objections are hereby incorporated into each response provided, as if fully set forth therein, unless expressly waived with regard to a particular interrogatory.

2. On February 26, 2025, the Department of War (Department) issued its gender dysphoria policy, entitled Additional Guidance on Prioritizing Military Excellence and Readiness (Policy). The supporting Action Memo, dated the same date, identifies specific documents and data that the Department considered in issuing its Policy, and the Department has produced those documents and data on April 30, 2026, including the "Mattis Report" and the underlying administrative record to the Report (over 3000 pages). To the extent the following interrogatories seek information contained in those records, pursuant to Rule 33(d), Defendants respectfully refer Plaintiffs to the April 30, 2026 production.

3. Defendants object to each and every interrogatory to the extent they seek information before January 20, 2025 (the President's inauguration) or after February 26, 2025 (the Policy date). Defendants, accordingly, explicitly object to Instruction #12, which states that the "applicable time period" is "November 15, 2022 through the present." Instruction #12 is overly broad and disproportional to the needs of the case. Discovery should be limited to the period between the President's inauguration on January 20, 2025, and the issuance of the Department's Policy on February 26, 2025. This case is a challenge to agency action—the Department's Policy of February 26, 2025. Plaintiffs request to extend the timeframe "to the present"—about 17 months after issuance of the Policy—or for that matter, any time after February 26, 2025, is disproportional to the needs of the case, as is their request to extend the scope of their requests to before the President's January 20, 2025 inauguration.

4. Defendants object to each and every interrogatory or indication that Plaintiffs' suit is brought on behalf of a class. Plaintiffs moved for class certification, ECF No. 118, which Defendants opposed, ECF No. 127. After a hearing, the Court ordered the parties to

collaborate and propose "new class definitions that addresses the Court's concerns," for which Defendants could object. Minute Order, July 1, 2026. On July 7, 2026, the parties submitted proposed definitions and Defendants' objections. ECF No. 130. The Court gave Plaintiffs an opportunity to respond to Defendants' objections. Minute Order, July 8, 2026. Plaintiffs responded. ECF No. 132. The Court has not further acted on Plaintiffs' class certification motion. No classes or subclasses have been certified.

5. Defendants object to any definition or instruction in Plaintiffs' First Set of Interrogatories to Defendants, insofar as they purport to broaden Defendants' obligations beyond the scope of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, any order of this court, or any agreements by the parties.

6. Defendants object to these interrogatories on the grounds that they are overbroad, unduly burdensome, disproportional to the needs of the case, and seek information that is not relevant. Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.

7. Defendants object to these interrogatories insofar as they seek information more appropriately sought through other discovery means.

8. Defendants object to these interrogatories to the extent they seek information that is unnecessarily cumulative or duplicative of information sought by other discovery requests.

9. Defendants object to these interrogatories to the extent they seek information already in the possession, custody, or control of Plaintiffs.

10. Defendants object to these interrogatories to the extent they seek information that is available from public sources or third parties.

11. Defendants object to these interrogatories to the extent they seek information that is not within the custody, control, or possession of the Department of War.

12. Defendants object to these interrogatories to the extent they seek information protected from disclosure by any form of executive privilege (including the presidential communications privilege and the deliberative-process privilege), the attorney-client privilege, work-product doctrine, law-enforcement privilege, legislative privilege, or any other applicable privilege or immunity recognized under statute or applicable case law.

13. The objections and answers to these interrogatories are subject to, and without waiver of, any right of the Department of War to revise, correct, supplement, or clarify the content of the responses in accordance with the Federal Rules; to provide additional responsive information in the future; and to rely upon such information in any hearing or proceeding, including, without limitation, any hearing, proceeding, or trial in the above-captioned case or any other action or proceeding.

14. The answers and objections to these requests are subject to, and without waiver of, any right of the Department of War to raise objections, including objections to other discovery requests directed at the subject matter of the requests or to any other discovery request; to make additional or supplementary objections to the requests; to produce additional information that might be responsive to the requests or that otherwise might be relevant to the above-captioned case; or to produce and refer to, or submit as evidence at trial, or at any hearing or proceeding in the above-captioned case or any other action or proceeding, any

evidence, facts, information and documents not yet discovered or produced by the United States.

15. By providing responses to specific interrogatories, the Department of War does not concede that the interrogatories seek information that is relevant to a claim or defense in the above-captioned case, or that the interrogatories seek information that is proportional to the needs of the case. The Department expressly reserves all further objections as to the relevance and admissibility of the information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

16. Defendants object to these requests to the extent they seek information that is not within the custody, control, or possession of the Department officials responsible for formulating, approving and issuing the Policy.

17. Except for explicit facts admitted herein, no general admission of any nature whatsoever is implied or should be inferred from the Department of War's responses to these interrogatories.

18. Defendants object to each instruction, definition, and request to the extent it seeks information protected from disclosure by law, including, but not limited to, the Privacy Act, 5 U.C.S. § 552a. Should any such disclosure by Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege.

19. Defendants incorporate by reference the objections to definitions set forth in Defendants' Objections and Responses to Plaintiffs' First and Second Set of Requests for Production to All Defendants and Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Admission to Defendants (Nos. 1-169).

service like physical and mental health, selflessness, and unit cohesion" as stated in Executive Order 14183.

**Response:** Deferred pursuant to the Expedited Discovery Agreement.

**INTERROGATORY NO. 5:**

State all facts, Describe all studies, data, or analyses, and Identify all Documents and each person with knowledge of such facts, supporting Defendants' contention, as stated in Executive Order 14183 or reflected in the Related Military Orders and Policies, that service by individuals disqualified under the Hegseth Policy negatively affects: (a) unit cohesion; (b) military readiness; (c) lethality; or (d) deployability.

**Specific Objections:** Defendants object to this interrogatory on the basis that it is compound, insofar as it requests that Defendants "state all facts," identify all documents," and identify "each person with knowledge of such facts[.]" "[T]he interrogatory may properly seek identification of documents and facts supporting a contention, but it may not do so in a single interrogatory." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 524 (D.D.C. 2006). "Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories." *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004); *see also Smith v. Cafe Asia*, 256 F.R.D. 247, 254 (D.D.C. 2009). This would count as three interrogatories (state all facts, identify all documents, and identify each person with knowledge of facts).

Defendants further object to the extent the interrogatory seeks information about the formulation and development of the Executive Order, which would be improper. This case is a challenge to agency action, *i.e.*, implementation of the Executive Order, namely, the

Department's Policy of February 26, 2025. The Executive Order does not have and has never had any independent operative effect; by its own terms; it is a directive to an agency that requires agency action, and only the resulting agency action has any actual impact. The President is not a defendant in this action, the Executive Order is not a proper subject of judicial review, *see Trump v. California*, 609 U.S. ___, 2026 WL 2473573 (Aug. 24, 2026), and the Executive Order does not change the operative terms of the Policy, *see West Virginia v. B.P.J.*, 609 U.S. ___, 146 S. Ct. 2356 (2026).

Defendants further object because Plaintiffs fail to define the term "Related Military Order and Policies". To the extent Plaintiffs intended to define the term as defined in their other discovery requests, Defendants object. The definition improperly incorporates the Testosterone Screening Policy and Executive Order 14168. The Testosterone Screening Policy is not the subject of Plaintiffs' operative complaint, and no law permits treating a complaint as a living document that allows a plaintiff to challenge events that occurred after filing of the complaint. Executive Order 14168 is, at most, tangentially related to the Policy, and in any event, discovery regarding any Executive Order is improper.

**Response:** Subject to and without waiving the foregoing objections, please see the Policy and sources informing the Policy, including the Mattis Report, which the Policy relied on, and which were produced in this matter on April 30, 2026. The Policy and sources informing the Policy provide "[support for] Defendant's contention . . . that service by individuals disqualified under the Hegseth Policy negatively affects: (a) unit cohesion; (b) military readiness; (c) lethality; or (d) deployability."

"have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria." The Department estimated there were approximately 4,200 active duty or active Reserve Component servicemembers with gender dysphoria at the time of the issuance of the Hegseth Policy.

For separation and waiver data, see Defendant's responses to Interrogatories 16 and 17.

Dated: September 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

/s/ *M. Jared Littman*
M. JARED LITTMAN
ROBERT C. BOMBARD
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs
Branch 1100 L Street, NW
Washington, DC 20530
(202) 451-7478
Jared.littman2@usdoj.gov

*Counsel for Defendants*