# EXHIBIT P

O'Melveny

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

October 8, 2026

**Janine Panchok-Berry**
D: +1 212 326 2246
jpanchok-berry@omm.com

**VIA EMAIL**

M. Jared Littman
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
jared.littman2@usdoj.gov

**Re: *Talbott et al. v. United States et al.*, Civil Action No. 25-cv-00240-ACR (D.D.C.)**

Jared:

We write in response to your September 22, 2026, email response to our September 17, 2026, correspondence regarding Defendants' expert disclosures. We appreciate the response, but it does not resolve Plaintiffs' concerns as explained below. Plaintiffs reiterate their request to meet and confer on these issues before raising them with the Court and request dates for a call at Defendants' earliest convenience.

As an initial matter, thank you for agreeing to withdraw the disclosures of MG(R) John F. Hussey, Col. Neese and Col. Black. We understand Defendants will not offer MG(R) Hussey, Col. Neese, and Col. Black as expert witnesses in this matter. If that understanding is incorrect, please promptly advise.

Defendants failed to respond to several points in Plaintiffs' September 17 correspondence. First, Plaintiffs' September 17 letter asked Defendants to identify, with specificity, which of Plaintiffs' witnesses General Thomas Carden Jr. and Colonel Kevin Cron are expected to rebut. The September 22 email stated only that "Defendants will serve rebuttal expert reports on or before 9/25/26," which does not respond to the question. Nor did the rebuttal materials Defendants provided on September 25 answer the question. Plaintiffs again ask Defendants to identify which of Plaintiffs' witnesses each proposed rebuttal witness is expected to rebut.

Second, Defendants' September 22 email does not respond to our question on the cumulative nature of several expert disclosures. Defendants responded that VADM Miguez, MG(R) Hussey (whom you have since withdrawn), and LtGen Bowers are from different service branches (Navy, Army Reserve, and Marine Corps) and that their testimony will be based on "different experiences and perspectives." But the disclosures themselves do not identify how each witness's branch-specific opinions differ from those of the other witnesses provided for those branches, and

O'Melveny

Defendants' September 22 email does not identify any such differences either. Defendants concede there "may be some overlap," yet offer no explanation of what is not overlapping. The disclosures remain facially cumulative and duplicative.

Third, Defendants state that VADM Miguez, LTG Lombardo, LtGen Bowers, and COL Black (who you have since withdrawn) will not testify about "implementation" of the Policy, but rather about "the military's operations and readiness mandates and the potentially devastating ramifications of an unfit and unready service member." Defendants further assert that the witnesses' changed positions are "irrelevant" and "reject [Plaintiffs'] request for implementation discovery." But these witnesses' knowledge of those very matters derives from their post-Policy service—for example, VADM Miguez assumed command of the 3rd Fleet on July 21, 2026. Defendants cannot offer testimony grounded in post-Policy experience while simultaneously refusing discovery on that period on the basis that implementation is irrelevant. *See* August 31, 2026 Correspondence from M. Jared Littman to Plaintiffs' counsel (claiming implementation discovery was not relevant). Defendants must either withdraw these witnesses or agree to produce the post-implementation discovery Plaintiffs have requested. Plaintiffs reserve the right to move to compel discovery and/or to preclude testimony from these witnesses.

## I. Defendants' Expert Disclosures Do Not Satisfy Rule 26(a)(2)(C).

You state that Defendants have provided disclosures as required under Federal Rule of Civil Procedure 26(a)(2)(C), and that Plaintiffs are "improperly conflating the requirements of Rule 26(a)(2)(B) with those of Rule 26(a)(2)(C)." Defendants mischaracterize Plaintiffs' position. Plaintiffs' position is, and has always been, that Rule 26(a)(2)(C) requires a disclosure that states both "the subject matter on which the witness is expected to present evidence" *and* "a *summary* of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) (emphasis added). The Rule thus imposes two requirements: (1) a statement of subject matter, and (2) a summary of *facts and opinions*. A list of topics or categories satisfies only the first prong—not the second. As identified in our September 17 letter, Defendants' disclosures summarize very few specific opinions, largely identify only categories and topics, and do not identify facts to support any opinion.

Defendants' email states that *Owens-Hart v. Howard Univ.*, 317 F.R.D. 1 (D.D.C. 2016), rejected a challenge to the sufficiency of disclosures, but ignores the court's clear statement that disclosures must "identif[y] the subject matter on which [the expert] is expected to present evidence and [] summarize[] [the expert's] opinions as to those subject matters." *Id.* at 3. The opinion also contains a lengthy description of the specific conforming opinions in the party's disclosure, descriptions that are easily distinguishable from Defendants' disclosures here. The expert in that case provided over 100 pages of medical records which contained factual details regarding her diagnosis, treatment, and recommendations for certain accommodations for Plaintiff, all of which were relevant facts to which the expert would testify. *Id.* at 4. Defendants provide no such detail here.

Defendants' own authority confirms that disclosures must convey the opinions themselves and the facts supporting them. The 2010 Committee Note to Rule 26(a)(2)(C) cited in your email states that the Rule "mandate[s] summary disclosures of the opinions to be offered . . . and of the facts

supporting those opinions." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. The government's own cited authority thus requires disclosure of facts supporting the opinions.

Defendants' suggestion that Plaintiffs may simply "follow up with the witnesses . . . at their depositions" does not cure the deficiency; the purpose of the disclosure is to enable adequate preparation for depositions, not to serve as a placeholder to be filled in during depositions.[1]

## II. Declaration of Timothy Dill

Defendants served a declaration of Timothy Dill that is not an expert disclosure at all. The declaration does not invoke any Federal Rule of Civil Procedure and does not purport to be a disclosure under Rule 26(a)(2)(A), Rule 26(a)(2)(B), or Rule 26(a)(2)(C). Please identify which Federal Rule of Civil Procedure the Dill declaration is served under and whether Defendants intend to call Dill as a witness at trial and, if so, in what capacity. Plaintiffs reserve the right to move to strike the Declaration and/or preclude any testimony based on this filing.

* * *

Plaintiffs remain willing to work cooperatively to resolve these issues. Note that this letter is not exhaustive, and Plaintiffs reserve the right to raise further objections, including under the Federal Rules of Civil Procedure; Federal Rules of Evidence 702, 703, and 705; and/or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and related authority.

Thank you.

Janine Panchok-Berry
O'Melveny & Myers LLP

*cc:* Counsel of record

---

[1] Plaintiffs appreciate Defendants' explanation regarding whether any of the witnesses they disclosed as experts were specially retained for this matter and reserve their rights to contest the representation that none of the witnesses were specially retained and thus required to serve disclosures under Federal Rule of Civil Procedure 26(a)(2)(B).