**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-240-ACR |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE OPINIONS OFFERED IN DR. HOPEWELL'S RULE 26(a)(2)(C) DISCLOSURE**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs move *in limine* to exclude the affirmative opinions Defendants disclosed for Dr. C. Alan Hopewell under Rule 26(a)(2)(C). Dr. Hopewell is a retained expert.[1] His position as a Special Government Employee ("SGE") in the Department of Defense ("DoD") began on ***the same day*** Defendants served his Rule 26(a)(2)(C) disclosure. His principal assignment was to provide expert testimony in this case. He should have been identified as a Rule 26(a)(2)(B) witness and provided a written report. The testimony disclosed in his Rule 26(a)(2)(C) disclosure should be excluded.

Dr. Hopewell later submitted a rebuttal report pursuant to Rule 26(a)(2)(B). Plaintiffs do not move to exclude the opinions offered in that report. This motion merely targets his opinions about the nature of sex, gender identity, and gender dysphoria; standards of care and "gender affirming" care; the effects of treatment or denial of treatment; military readiness; and the February 2025 Policy contained in his Rule 26(a)(2)(C) disclosure. Hopewell Disclosure ¶¶ 4–6 (Ex. A).

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs conferred with Defendants about this motion. Defendants oppose.

## I. DR. HOPEWELL WAS SPECIALLY EMPLOYED TO PROVIDE EXPERT TESTIMONY.

Rule 26(a)(2)(B) requires a detailed written report when an expert is "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are not available for witnesses "specially employed to provide expert testimony in the case." Only the testimony of non-retained experts, such as "employees of a party who do not regularly provide expert testimony," may be disclosed pursuant to Rule 26(a)(2)(C). Fed. R. Civ. P. 26 Advisory Committee's note to 2010 amendment. It is not a shortcut for experts to avoid filing an initial report.

A witness with "a relationship to the subject matter of the action independent of the litigation itself" may be disclosed as an expert pursuant to Rule 26(a)(2)(C). *Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 4 (D.D.C. 2011). But a witness who is "retained or specially employed" when, "without prior knowledge of the facts giving rise to litigation," he "is recruited to provide expert opinion testimony," must provide a full report that meets the requirement of Rule 26(a)(2)(B). *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011); *see Am. Prop.*, 274 F.R.D. at 4.

Dr. Hopewell was required to submit a full report under Rule 26(a)(2)(B). He has no relationship to the "subject matter of this action independent of the litigation itself." He testified that he "first" learned of this litigation when a DOJ lawyer contacted him in September about serving as an expert witness; he "wasn't aware of anything prior to that." Hopewell Dep. 14:18-15:4 (Ex. B). He did not work on developing the Policy at issue or implementing it after it went into effect. Nor does he have any firsthand knowledge of the impact service members with gender dysphoria have had on military readiness, unit cohesion, or any military operations. His appointment as Special Government Employee began on September 4, 2026, the same date

Defendants served his Rule 26(a)(2)(C) disclosure. *Id.* at 19:13-20:6; Hopewell Disclosure at 4. His previous government role as a civil federal employee ended in ***2014***—years before the first policy regarding service by transgender service members went into effect. Hopewell CV at 6 (Ex. C). Dr. Hopewell has no conceivable connection to the subject-matter of this litigation other than the fact that Defendants created a special position for him to provide expert testimony in this case.

That his new role was created for this litigation was made clear during his deposition. His job responsibilities are "to analyze a report by Dr. Brown," Plaintiffs' testifying medical expert, and "provide an analysis of that [report]." Hopewell Dep. 25:7-26:1. He also is required to attend a weekly Zoom meeting, where he has spoken at the weekly meeting only once. *Id.* at 31:5-14. Any other non-litigation work was at most "five to eight, five to ten hours" of required meetings and related training. *Id.* at 34:21-35:10. By contrast, he turned in "about eight days" of work on this matter and then spent approximately twelve more hours preparing for his deposition with the Defendants' lawyers. *Id.* at 33:17-34:2, 35:19-36:16. And he is paid for it: $77 per hour. *Id.* at 33:12-16, 34:3-20. Dr. Hopewell testified that he has not "done much active work in" other projects, as he is "too busy" working on this case. *Id.* at 20:19-21:7.

Since Dr. Hopewell's "only connection to the matter was [his] being 'recruited to provide expert opinion testimony,'" he was "required to produce a report under Rule 26(a)(2)(B)." *Caruso v. Bon Secours Charity Health Sys., Inc.*, 703 F. App'x 31, 34 (2d Cir. 2017) (quoting *Downey*, 633 F.3d at 6). Unlike a DoD employee whose testimony arises from "ground-level involvement in the events giving rise to the litigation," Dr. Hopewell's knowledge of this case arises only from "facts supplied by others." *Downey*, 633 F.3d at 6.

Dr. Hopewell's four-page disclosure does not contain the required elements of a report issued pursuant to Rule 26(a)(2)(B): it does not contain "a complete statement of all opinions the witness will express and the basis and reasons for them"; "the facts or data considered by the witness in forming them"; "any exhibits that will be used to summarize or support them"; "the witness's qualifications, including a list of all publications authored in the previous 10 years"; "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; or "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). Moreover, while a Rule 26(a)(2)(B) report must be "prepared and signed by the witness," Fed. R. Civ. P. 26(a)(2)(B), Defense counsel "actually drafted" and signed Dr. Hopewell's disclosure, Hopewell Dep. 16:8-17:13; Hopewell Disclosure at 4 (signed by Defense counsel).

Under Rule 37(c)(1), a party that fails to provide information required by Rule 26(a) "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It is Defendants' burden to show that their failure was substantially justified or harmless. *Hargrove v. MedStar Wash. Hosp. Ctr.*, 188 F.4th 423, 431 (D.C. Cir. 2026). They can show neither.

On September 17, Plaintiffs explained that Dr. Hopewell appeared to be an expert retained for this litigation and that "Defendants were required to serve, no later than September 4, the disclosures required under Rule 26(a)(2)(B)." Sept. 17, 2026 Ltr. from J. Panchok-Berry to M. J. Littman, at 4 (Ex. D). Defendants refused to withdraw Dr. Hopewell or issue the full report required by the Federal Rules. *See* Sept. 22, 2026 Email from M. J. Littman to Pls.' Counsel (Ex. E). A failure that is "the direct result of such a choice" is not "substantially justified." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 430 (D.C. Cir. 2014).

Nor was the failure harmless. Expert disclosures are not placeholders to be reconstructed at deposition. "[I]t is not the responsibility of opposing counsel to elicit the disclosures required from experts; Rule 26 clearly places that burden squarely on the party who has retained the expert." *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011). Nor does Plaintiffs' "ability to ask . . . questions during [Dr. Hopewell's] deposition" show "that his disclosure was adequate." *Hargrove*, 188 F.4th at 432. And here, the deposition confirmed the issue rather than cured it—Dr. Hopewell was unable to clarify the opinions he intends to offer at trial. *See, e.g.*, Hopewell Dep. 377:21-378:6 (there "well could be" opinions within his disclosure that were not discussed at deposition); *id.* at 382:6-16 (disclosure's reference to "the nature of sex gender identity and gender dysphoria" was "so broad" that he could not explain it "in a succinct way"); *id.* at 380:21-381:11 (could testify to "psychiatric issues" or "military issues," but that he "can't predict" what those issues are).

Plaintiffs respectfully request an order excluding opinions offered under Dr. Hopewell's Rule 26(a)(2)(C) disclosure and limiting his testimony to the opinions offered, and data disclosed, in his rebuttal report.

Dated: November 13, 2026

Respectfully submitted,

/s/ *Lauren M. Weinstein*
Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Shruti Kannan (90006641)
Timur Akman-Duffy (1779260)
Jack Derewicz (1779953)
Max J. Rosenthal (90028849)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
skannan@omm.com
takman-duffy@omm.com
jderewicz@omm.com
mrosenthal@omm.com

Brett Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Janine F. Panchok-Berry (*pro hac vice*)
Eamonn W. Campbell (*pro hac vice*)
Qiran "Anna" Xie (*pro hac vice*)
Maggie M. Niu (*pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Phone: (212) 326-2000
jpanchok-berry@omm.com
ecampbell@omm.com
axie@omm.com
mniu@omm.com

Jennifer Levi (MA0056)
Mary Bonauto (*pro hac vice*)
Michael R. Haley (*pro hac vice*)
Sarah K. Austin (*pro hac vice*)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
Phone: (617) 426-1350
jlevi@gladlaw.org
mbonauto@gladlaw.org
mhaley@gladlaw.org
saustin@gladlaw.org

Christopher F. Stoll (*pro hac vice*)
Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st St. #11548
Sacramento, CA 95811
Phone: (415) 365-1320
cstoll@nclrights.org
sminter@nclrights.org
awhelan@nclrights.org

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street
Suite 200
Boston, MA 02109
Phone: (617) 742-6020
ibernstein@zalkindlaw.com

*Counsel for Plaintiffs*