**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT, et.al.<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES, et al.,<br><br>*Defendants*. | Civ. A. No. 25-240 (ACR) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE UNDISCLOSED DATA AND SOURCES FROM EXPERT TESTIMONY**

The Court should deny Plaintiffs' Motion *In Limine* No. 1 (ECF No. 179, Pls' Mot.). Plaintiffs' motion is off base because it improperly tries to impute the expert report rules that apply to retained and specially-employed experts, *see* Fed. R. Civ. P. 26(a)(2)(b), to other expert witnesses—often referred to as hybrid or non-retained experts who are frequently employees of a party who do not regularly provide expert testimony, as is the case here—who must be identified through a Rule 26(a)(2)(C) disclosure that is "considerably less extensive than the report required by Rule 26(a)(2)(B)." *See* Fed. R. Civ. P. 26, Comm. Notes on Rules—2010 Amendment. Importantly, Plaintiffs do not argue that any of the ten expert witnesses who they take issue with were retained or specially-employed experts; therefore, Rule 26(a)(2)(C), and not Rule 26(a)(2)(B), applies. Thus, the only issues before the Court are whether (I) Rule 26(a)(2)(C), which requires disclosure of "the subject matter" of a witness' expected testimony and "a summary of the facts and opinions," also requires disclosure of the underlying data and sources akin to reports for retained experts; and (II) if so, whether Defendants' failure to identify in the disclosure specific data was "substantially justified" or "harmless," Fed. R. Civ. P. 37(c).

Here, Defendants did not fail to disclose anything that is required under Rule 26(a)(2)(C), and even if so, the failure was "substantially justified" and caused no harm to Plaintiffs under Rule 37(c).

**I. Defendants' Rule 26(a)(2)(C) Expert Disclosures Are Proper.**

The plain language of Rule 26 belies Plaintiffs' argument that non-retained expert disclosures must specify supporting "data." Pursuant to Rule 26(a)(2)(B), only retained and specially-employed experts must provide expert reports. Such reports must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support [their opinions]." Fed. R. Civ. 26(a)(2)(B). In contrast, the disclosure of Rule 26(a)(2)(C) witnesses must contain only "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. Civ. R. 26(a)(2)(C). Rule 26(a)(2)(C) does not require disclosure of "facts or data" the witness considered or supporting "exhibits." *Compare* Fed. R. Civ. P. 26(a)(2)(B)(ii),(iii), *with* Fed. R. Civ. P. 26(a)(2)(C). Rule 26(a)(2)(C) disclosures are thus "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26, Comm. Notes on Rules—2010 Amendment.

In arguing that certain "undisclosed data" should be excluded because Defendants' Rule 26(a)(2)(C) witnesses did not "identify that data" in their disclosures, Pls' Mot. at 1–2, Plaintiffs are improperly conflating the extensive requirements of Rule 26(a)(2)(B) that apply to retained and specially-employed experts with the "considerably less extensive" requirements of Rule 26(a)(2)(C) that apply to the non-retained expert witness' disclosures here. *See* Fed. R. Civ. P. 26, Comm. Notes on Rules—2010 Amendment; *see also* Wright & Miller, 8A Fed. Prac. & Proc. Civ.

§ 2031.1 Expert Witnesses—1993 Requirement for Detailed Report and Routine Depositions Regarding Retained Expert Witnesses (3d ed.); *id.* § 2031.2 Expert Witnesses—Requirement for Disclosure Regarding Testimony of Experts Not Required to Provide a Report.

Not only does the plain language of Rule 26 refute Plaintiffs' argument, but they have not cited a single case that supports their proposition that Rule 26(a)(2)(C) requires identification of underlying data. *See* Pls. Mot. at 3, 9. For example, in *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 72 (D.D.C. 2014), and *Harvey v. Mohammed*, 941 F. Supp. 93, 99–100 (D.D.C. 2013), the courts excluded physicians from providing expert testimony because the parties provided no disclosures pursuant to Rule 26(a)(2)(C). Here, in contrast, Defendants provided such disclosures for each of their hybrid witnesses. In *Owens-Hart v. Howard University*, the court rejected a similar argument that Plaintiffs make here—that Rule 26(a)(2)(C) requires disclosure of "specific" opinions and facts. 317 F.R.D. 1, 3–4 (D.D.C. 2016) (holding that Rule 26(a)(2)(C) requires only summaries and rejecting challenge to the sufficiency of disclosures). In *Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013), the court held that "when a party merely states the name of the witness along with the witness' connection to the case, or where the party solely refers to medical or similar records that have already been produced, without providing a summary of the witness' expected testimony, the party is not in full compliance with the disclosure requirements found in Rule 26(a)(2)(C)." *Anderson* does not discuss underlying sources or data, and Plaintiffs do not contend that Defendants' disclosures "merely stated the name or the witness" or "refers to a medical or similar record." *See* Pls.' Mot. at 4–7. Nor could they as Defendants' disclosures comport with the limited requirements of Rule 26(a)(2)(C). Finally, *Iacangelo v. Georgetown University*, 272 F.R.D. 233, 233–34 (D.D.C. 2011), *Hargrove v. MedStar Washington Hospital Center*, 188 F.4th 423, 431–32 (D.C. Cir. 2026), and *S. States Rack & Fixture, Inc. v.*

*Sherwin-Williams Co.*, 318 F.3d 592, 594–95 (4th Cir. 2003), involved the more demanding report requirements of a retained expert, not the limited requirements of Rule 26(a)(2)(C). Thus, not only does the plain language of Rule 26 fail to support Plaintiffs' argument, but none of Plaintiffs' cited cases support it either.

The content of Defendants' expert disclosures strictly adhere to the limited requirements of Rule 26(a)(2)(C). Lt. Gen. DeGoes, the Surgeon General of the United States Air Force and Space Force, appropriately disclaimed that he was not an expert in the condition of gender dysphoria, but he was an expert in "medical readiness" and "comprehensive mental health policy" and was being disclosed to testify about "medical readiness" and "the current deployability rate" of personnel, among other subject matters. DeGoes Discl. ¶ 3, Pls' Mot., Ex. B. As Lt. Gen. DeGoes explained, he has been conducting monthly data reviews of deployability and medical readiness of service members with gender dysphoria since the summer of 2025 as "part of [his] job" to know the impact of gender dysphoria "on readiness and availability for duty," not for the purposes of this litigation. DeGoes Dep. at 65:8-25, Ex. 1. Plaintiffs extensively questioned Lt. Gen. DeGoes about the source and gathering of the data, the review of the data, the documentation of the data (for which Plaintiffs declined to request even following the deposition), the limitations of the data, and the conclusions reached from the data. *Id.* at 46–68. In a case challenging the Department's gender dysphoria policy, it is shocking for Plaintiffs to act surprised that Lt. Gen. DeGoes testified about the medical readiness and deployability of service members with gender dysphoria; there was no "trial by ambush." Pls' Mot. at 4. Indeed, Plaintiffs had ample opportunity before the close of discovery to request the data Lt. Gen. DeGoes discussed during the deposition and they chose not to do so. Plaintiffs might be dissatisfied with the "considerably less extensive"

requirements of Rule 26(a)(2)(C) disclosure, but this Court is not the proper forum for their arguments.

Similarly, General Carden, Vice Chief of the National Guard Bureau and an expert in military readiness, disclosed that he was going to testify about, *inter alia*, "disqualifying conditions for accessions and retention," "his experience with military personnel with gender dysphoria who need special treatment and accommodation to continue serving and the effect this has on military readiness and deployability," and that gender dysphoria is incompatible with military service. Carden Discl. ¶¶ 3, 4, Pls' Mot., Ex. D. During his testimony, although admittedly not an expert in the medical condition of gender dysphoria, General Carden explained that based on his reading of publications, which he read to satisfy his "curiosity about how we [can] do a better job on suicide"—not to prepare for deposition—it was his understanding that the suicidality rates of people with gender dysphoria is extremely high. Carden Dep. at 192:3–195:1, Ex. 2. Plaintiffs' criticism for failing to disclose the source in General Carden's disclosure is not consistent with the limited requirements of Rule 26(a)(2)(C).

More troubling is that Plaintiffs' own psychiatric expert, Dr. Brown, has published literature and other materials that support General Carden's testimony about the relationship between gender dysphoria and suicidality. *See* Ex. 3, George R. Brown, M.D., *Medical and Mental Health Issues in Gender-Affirming Hormonal Treatments for Transgender and Gender-Diverse Patients* at 12 ("Lifetime suicide rate is ~9x higher than general US population"); Ex. 4, *Prevalence of Gender Identity Disorder and Suicide Risk Among Transgender Veterans Utilizing Veterans Health Administration Care*, at e27 (rate of suicide-related events among veterans with a gender-identity disorder is more than 20 times higher than for the general Veterans Health Administration

population). Plaintiffs' attempt to exclude this information from trial should be rejected, particularly in light of the fact that their own expert has confirmed General Carden's testimony.

As to the other Rule 26(a)(2)(C) witnesses who mentioned literature and sources during their depositions, Pls' Mot. at 5–6, Plaintiffs continue to show their misunderstanding of the scope Rule 26(a)(2)(C) disclosures. Defendants fully complied with Rule 26(a)(2)(C) by providing "the subject matter" and a "a summary of the facts and opinions." The literature, data, and studies that the non-retained expert witnesses mentioned at their depositions fall outside of Rule (a)(2)(C)'s limited disclosure requirements. [1]

## II. In Any Event, Defendants Were "Substantially Justified" and Plaintiffs Were Not Harmed.

Even if Rule 26(a)(2)(C) required disclosure of data contrary to the plain language of the rule (which it does not), exclusion of the evidence is inappropriate under Rule 37(c)(1). First, Defendants were more than "substantially justified" because, at the very least, they reasonably interpreted the limited Rule 26(a)(2)(C) requirements as not requiring the disclosure of data and other sources. Fed. R. Civ. P. 37(c)(1); *see Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) (holding that, even if a position is incorrect—which is not the case here—a party is substantially justified if a reasonable person would think it correct); *Nat'l Law Center of Homelessness & Poverty v. U.S. Dep't of Vet. Aff.*, 10 F. Supp. 21, 25 (D.D.C. 2013) (holding that "substantially justified positions include . . . reasonable interpretation[s]" of text). Exclusion would be an

---

[1] Plaintiffs principally rely on Rule 26(a)(2)(C) as requiring additional pre-deposition disclosures but also mention Interrogatory No. 5. Pls. Mot. at 2. Interrogatory No. 5, however, is directed at studies and data that the Department relied on in issuing the February 2025 Policy. Lt. Gen. DeGoes, however, testified that he did not start tracking the gender dysphoria deployability data until the summer of 2025. DeGoes Dep. at 65:8-25.

"unduly harsh penalt[y] in these circumstances, which is precisely what Rule 37(c)(1) is designed to prevent. Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1993 Amendment.

Second, Plaintiffs were not harmed. Defendants fully complied with Rule 26(a)(2)(C), and Plaintiffs had an opportunity to extensively question the witnesses about the basis for their opinions. Moreover, Plaintiffs cannot credibly claim harm when they declined to request any of the "undisclosed" materials post-deposition even though discovery had not yet closed. Indeed, even now, Plaintiffs do not seek an order compelling Defendants to produce the literature or data. Pls' Mot. at 9–10. The only party who would be harmed by exclusion would be the factfinder, who presumably would want to know if evidence shows that individuals with gender dysphoria pose significant deployability concerns and are highly suicidal; the United States military, who is seeking to enforce their high accession and retention standards to reduce risk to mission, risk to force, and risk to the individual and their teammates; and the American public, who Plaintiffs are asking to ignore the safety risk of valuable slots in a capped military that are currently occupied by a cohort of individuals with significant medical readiness concerns that drive risk up, drive military readiness down, and decrease commander optionality.

Third, to the extent these witnesses testify about such matters at trial, Plaintiffs can cross-examine them on the basis for their opinions and this Court as the factfinder can reach its own conclusions about the support for their opinions. Exclusion of testimony, however, would be entirely inappropriate in these circumstances. *Cf.* Fed. R. Civ. P. 37(c)(1)(B) (instead of exclusion, court "may inform the jury of the party's failure").

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion.

DATED: November 20, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

*/s/M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
MICHAEL T. CRABB
United States Department of Justice
Civil Division
1101 L Street NW
Washington, DC 20006
Phone: (202) 451-7478
Email: jared.littman2@usdoj.gov

*Counsel for Defendants*