**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*, *individually and on behalf of all similarly situated individuals*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES *et al.*,<br><br>*Defendants.* | Civil Action No. 25-cv-240-ACR |

## JOINT PRETRIAL STATEMENT

In accordance with the Court's Standing Order Item No. 12, by and through their respective undersigned counsel, Plaintiffs and Defendants hereby submit this Joint Pretrial Statement. The Joint Pretrial Conference is scheduled for December 7, 2026 at 11:00 a.m. ET. The bench trial is scheduled to take place beginning on January 4, 2027.

### I. Joint Statement of the Case

This is a civil case brought by current, former, and prospective members of the United States military. The Plaintiffs are Nicolas Talbott and 27 other named putative class representatives, each of whom has been diagnosed with gender dysphoria and is transgender. They seek to represent a putative class of similarly situated individuals. The Defendants are the United States of America; the Secretary of Defense; current and former Secretaries of the Army, Navy, and Air Force; and the Director of the Defense Health Agency, each sued in their official capacity; and the Departments of the Army, Navy, and Air Force and the Defense Health Agency. Plaintiffs challenge Executive Order 14183 and the Department of Defense policies

implementing it (including the February 7, 2025 "Prioritizing Military Excellence and Readiness" Memorandum signed by Secretary Hegseth; the Department of Defense's February 26, 2025 "Additional Guidance on Prioritizing Military Excellence and Readiness"; and any implementing or successor guidance or policy statements), which govern whether individuals with a current diagnosis, or history, of gender dysphoria, or who exhibit symptoms consistent with gender dysphoria, may accede to, or continue to serve in, the United States military and which require all troops to adhere to the standards, requirements, and policies applicable to their birth sex. Plaintiffs argue that these policies are unlawful and unconstitutional and seek declaratory and injunctive relief. Defendants deny that the policies are unlawful or unconstitutional.

## II. Estimated Length of Trial

The parties believe that the case can be tried in the 10 business days the Court has currently allocated.

## III. Plaintiffs' Statement of the Claims

Plaintiffs bring a claim against Defendants for violation of the Fifth Amendment's Equal Protection component of its Due Process clause and violations of the right to procedural due process guaranteed by the Fifth Amendment. They seek declaratory and injunctive relief. This Court has jurisdiction under 28 U.S.C. § 1331.

## IV. Defendants' Statement of Defenses

Plaintiffs' claims for violation of the Fifth Amendment's Equal Protection component of the Due Process clause (Counts I-III) and violations of the right to procedural due process guaranteed by the Fifth Amendment (Count IV) fail on the merits. The challenged policy is rationally related to a legitimate government interest. To the extent the Court finds intermediate scrutiny applies, the challenged policy furthers an important government interest by means

substantially related to that interest. Plaintiffs also fail to state a promissory estoppel claim (Count V). Defendants deny any violation of the law.

Defendants also intend to oppose Plaintiffs' claims and relief sought to the extent that Plaintiffs are seeking remedies beyond the jurisdiction of this Court.

Defendants reserve the right to raise any additional defenses.

## V. Witness Lists

Plaintiffs' Witness List incorporating Defendants' objections is attached as Exhibit A. Defendants' Witness List incorporating Plaintiffs' objections is attached as Exhibit B.

## VI. Exhibit Lists

Plaintiffs' Exhibit List, along with Defendants' objections to exhibits identified on Plaintiffs' Exhibit List, is attached as Exhibit C. Defendants' Exhibit List, along with Plaintiffs' objections to exhibits identified on Defendants' Exhibit List, is attached as Exhibit D.

All objections identified are non-exhaustive, and the parties reserve the right to raise additional objections at trial. The parties agree that a failure to assert an objection at this stage shall not be deemed a waiver of any future objection. The parties reserve the right to further amend, supplement, modify, or withdraw entries from their exhibit lists.

## VII. Deposition Designations

The parties' respective designations of deposition testimony offered for use at trial pursuant to Fed. R. Civ. P. 32(a), other than for the purposes set forth in Rule 32(a)(2), along with the objections thereto by the non-offering party and the designating party's responses to those objections, are attached as Exhibit E.

**Defendants' Position.** For all witnesses that Plaintiffs designated to testify by deposition, Defendants plan to make them available for live testimony at trial. All these depositions were noticed and taken under Fed. R. Civ. P. 30. None of these depositions were

noticed or taken as *de bene esse* (trial preservation) depositions. As such, Defendants object to the use of Plaintiffs' deposition designations at trial under Fed. R. Civ. P. 32. Defendants reserve the right to use deposition testimony for impeachment or rebuttal or for any other proper purpose. Defendants reserve the right to counter-designate portions of deposition testimony for use at trial if any witness unexpectedly becomes unavailable for trial. Defendants reserve all objections and all other rights. Defendants acknowledge that Plaintiffs may use the Rule 30(b)(6) deposition transcript for any admissible purpose.

**Plaintiffs' Position.** After Plaintiffs served Defendants with designations of depositions, Defendants notified Plaintiffs that they intend to make all witnesses for whom Plaintiffs served designations available at trial. Plaintiffs have not withdrawn designations because it is possible that these witnesses may become unavailable—particularly given that most of them are active-duty military and the United States is in active combat—and many of the witnesses are outside subpoena range.

There is no procedure under the Federal Rules for noticing a "*de bene esse*" deposition. Plaintiffs reserve the right to argue that deposition designations should be played in lieu of calling witnesses who do not testify in Defendants' case-in-chief pursuant to Fed. R. Civ. P. 32(a)(4)(E).

Plaintiffs also object to Defendants' refusal to counter-designate portions of depositions now and instead to wait to see if a witness unexpectedly becomes unavailable for trial. The time to serve counter-designations was this week. Dkt. 133; Standing Order ¶ 12(b)(vii). Defendants have now forfeited the right to serve counter-designations.

Finally, Plaintiffs object to Defendants' purported limitation of Plaintiffs' use of the 30(b)(6) deposition of the United States to just the transcript. Fed. R. Civ. P. 32(a)(3) permits

the use of 30(b)(6) testimony at trial for any purpose and does not limit that testimony merely to transcripts. And Fed. R. Civ. P. 32(c) provides that "[u]nless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well." To the extent Plaintiffs rely on the Fed. R. Civ. P. 30(b)(6) testimony of the United States at trial, they intend to introduce the videotaped deposition testimony.

**VIII. Itemization of Damages**

Plaintiffs do not seek monetary damages.

**IX. Description of Other Relief**

Plaintiffs seek:

(1) a declaratory judgment that the "Hegseth Policy" (defined to include the February 7, 2025 "Prioritizing Military Excellence and Readiness" Memorandum signed by Secretary Hegseth, the Department of Defense's February 26, 2025 "Additional Guidance on Prioritizing Military Excellence and Readiness" and any implementing or successor guidance or policy statements), and Executive Order No. 14183, are unconstitutional and may not be enforced against Plaintiffs or the members of any certified class;

(2) a declaratory judgment that the Hegseth Policy's and Executive Order No. 14183's group-based exclusion of transgender individuals from military service, group-based exclusion of transgender service members from medical care for the treatment of gender dysphoria, and requirements that transgender individuals serve in their birth sex (including with respect to DEERS marker designation, pronouns, housing, facilities, grooming, and how they describe themselves to others) are unconstitutional and may not be enforced against Plaintiffs or the members of any certified class;

(3) a permanent injunction prohibiting enforcement of the Hegseth Policy and Executive Order No. 14183, including the foregoing group-based exclusions and requirements, or in the alternative, those provisions the Court holds unconstitutional, against Plaintiffs and the members of any certified class;

(4) a permanent injunction providing that the Active Duty Plaintiffs[1] and similarly situated members of any certified class, and, upon reinstatement, the Involuntarily Separated Plaintiffs,[2] may not be separated from the military, denied reenlistment, demoted, denied promotion, denied medically necessary treatment on a timely basis, required to serve in their birth sex (including with respect to pronouns, housing, facilities, grooming, and how they describe themselves to others), or otherwise receive adverse treatment or differential terms of service on the basis of the Hegseth Policy, Executive Order No. 14183, or their transgender status;

(5) a permanent injunction providing that any Active Duty Plaintiffs, Involuntarily Separated Plaintiffs, or Voluntarily Separated or Retired Plaintiffs[3] who were separated from service or ended their service pursuant to or as a result of the Hegseth Policy must have the opportunity to be reinstated to service forthwith without any reduction in rank, responsibilities, or qualifications, and without any adverse disciplinary actions or effect on performance evaluations, with correction of their military records to remove any separation, reentry code, or other adverse entry resulting from the Hegseth Policy, and with credit for time in service and time in grade and eligibility for promotion as if their service had not been interrupted, and that upon reinstatement such Plaintiffs are entitled to the protections set forth in paragraph (4);

---

[1] As that term is defined in the Complaint, Dkt. 117, but excluding any Plaintiff who has been dropped or for whom counsel has withdrawn.

[2] As that term is defined in Dkt. 130.

[3] As that term is defined in Dkt. 130.

(6) a permanent injunction providing that the Accession Plaintiffs,[4] and similarly situated members of any certified class, may not be denied the opportunity to be evaluated for accession into military service under standards that do not include group-based restrictions based on transgender status, required to serve in their birth sex (including with respect to DEERS marker designation, pronouns, housing, facilities, grooming, and how they describe themselves to others), or be denied promotion, reenlistment, or any other equal terms of service on the basis of the Hegseth Policy, Executive Order No. 14183, or their transgender status, and may not be denied accession on the basis of any age or other eligibility limit that they exceeded while the Hegseth Policy barred their accession;

(7) reasonable costs and attorneys' fees, including under 28 U.S.C. § 2412; and

(8) any other relief that may be just and proper.

## X. Stipulations

The parties have agreed to meet and confer regarding factual stipulations and stipulations as to the admissibility of certain documents. If the parties reach agreement, they will submit the stipulations to the Court prior to the pretrial conference.

The parties have agreed to the following factual stipulation: Plaintiffs Samuel Ahearn, Sabrina Bruce, Kate Cole, Hunter Marquez, Clayton McCallister, Cael Neary, Nicolas Talbott, and Erica Vandal have received a diagnosis of gender dysphoria.

[4] As that term is defined in the Complaint, Dkt. 117, but excluding any Plaintiff who has been dropped or for whom counsel has withdrawn.

## XI. Descriptions of Demonstrative Evidence, Physical Evidence, or Videotape Evidence[5]

1. Plaintiffs plan to offer physical evidence at trial of certain of Defendant Hegseth's books, including *The War on Warriors*, *Battle for the American Mind*, *Modern Warriors*, *American Crusade*, *The Case Against the Establishment*, and *In the Arena*.

DEFENDANTS' OBJECTION: Defendants object under Federal Rule of Evidence ("FRE") 401 (relevance) and 403 (probative value). *See*, *e.g.*, Defendants' Motion in Limine #1 to Exclude Certain Statements Outside the Policy's Operative Terms to Determine the Basis on Which the Policy Classifies, ECF No. 171; Defendants' Motion in Limine #2 to Exclude Certain Statements to Prove Animus, ECF No. 172. Defendants also object on the basis of hearsay to the extent that statements in the books are not an opposing party's statement, *see* FRE 801, 802, and further object on hearsay within hearsay grounds to the extent another author wrote, ghost-wrote, or co-wrote the books, *see* FRE 805. Lastly, Defendants object under FRE 106 if Plaintiffs seek to introduce part of a statement. Defendants reserve the right to make contemporaneous objections to physical evidence during trial.

2. Plaintiffs plan to offer videotape evidence at trial of certain Defendants' statements that display animus and that are otherwise relevant to Plaintiffs' claims. *See, e.g.*, TALBOTT-0000001587; TALBOTT-0000001590; TALBOTT-0000001598; TALBOTT-0000001633; TALBOTT-0000001724; TALBOTT-0000001729; TALBOTT-0000001734; TALBOTT-0000001758; TALBOTT-0000002528; TALBOTT-0000002533; TALBOTT-0000003579; TALBOTT-0000003583; TALBOTT-0000003595; TALBOTT-0000003718.

---

[5] In compliance with this Court's Standing Order for Civil Cases, Plaintiffs have not included responses to Defendants' objections to the demonstrative, physical, or videotape evidence Plaintiffs intend to introduce at trial. Plaintiffs are glad to provide a written response if that would be helpful to the Court or to provide their responses verbally at the pretrial conference.

DEFENDANTS' OBJECTION: Defendants object under FRE 401 (relevance) and FRE 403 (probative value). *See*, *e.g.*, Defendants' Motion in Limine #1 to Exclude Certain Statements Outside the Policy's Operative Terms to Determine the Basis on Which the Policy Classifies, ECF No. 171; Defendants' Motion in Limine #2 to Exclude Certain Statements to Prove Animus, ECF No. 172. Defendants also object on the basis of hearsay to the extent that statements in the videos are not an opposing party's statement. *See* FRE 801, 802. Defendants further object on authenticity grounds under FRE 901. *See also* FRE 1002 (requirement of the original). Lastly, Defendants object under FRE 106 if Plaintiffs seek to introduce part of a statement. Defendants reserve the right to make contemporaneous objections to videotape evidence during trial.

3. Plaintiffs also plan to offer videotape evidence in the form of deposition designations they disclosed herein.

DEFENDANTS' OBJECTION: For all witnesses that Plaintiffs designated to testify by deposition, Defendants plan to make them available for live testimony at trial. All of these depositions were noticed and taken under Federal Rule of Civil Procedure ("FRCP") 30. None of these depositions were noticed or taken as a *de bene esse* (trial preservation) deposition. As such, Defendants object to the use of Plaintiffs' deposition designations at trial under FRCP 32. Defendants reserve the right to make contemporaneous objections to videotape evidence in the form of deposition designations during trial.

4. Pursuant to Fed. R. Evid. 107, Plaintiffs reserve the right to use demonstrative exhibits comprising enlargements, compilations, illustrations, charts, and summaries of evidence admitted at trial or evidence subject to a stipulation of admissibility by the parties, and summaries, charts and calculations offered pursuant to Fed. R. Evid. 1006.

DEFENDANTS' OBJECTION: Defendants reserve the right to object to demonstrative exhibits under FRE 107 or for any other reason.

## XII. Motions in Limine

Plaintiffs filed four motions in limine that are pending: (1) Motion in Limine No. 1 to Exclude Undisclosed Data and Sources from Expert Testimony (Dkt. 179); (2) Motion in Limine No. 2 to Exclude Evidence of Irrelevant Medical Records, Medical History, or Military Medical and Fitness Deficiencies (Dkt. 180); (3) Motion in Limine No. 3 to Exclude the Disclaimed Opinions of Eight Expert Witnesses (Dkt. 181); and (4) Motion in Limine No. 4 to Exclude Opinions Offered in Dr. Hopewell's Rule 26(a)(2)(C) Disclosure (Dkt. 183).

Since the filing of Plaintiffs' Motion in Limine No. 4, Defendants have agreed that they will not introduce testimony regarding opinions disclosed solely in Dr. Hopewell's Rule 26(a)(2)(C) disclosure and that any testimony he offers at trial will be limited to the opinions and facts disclosed in his rebuttal report. Based on that representation, Plaintiffs intend to withdraw the motion. The parties intend to submit a stipulation memorializing that agreement before the pretrial conference.

Defendants' pending motions in limine:

(1) Motion in Limine to Exclude Certain Statements Outside the Policy's Operative Terms to Determine the Basis on Which the Policy Classifies (Dkt. 171);

(2) Motion in Limine No. 2 to Exclude Certain Statements to Prove Animus (Dkt. 172);

(3) Motion in Limine No. 3 to Prohibit Questioning of Civil Servants and Military Officials about Their Personal Views Regarding the Policy (Dkt. 173);

(4) Motion in Limine No. 4 to Exclude Shawn Skelly's Expert Testimony (Dkt. 174);

(5) Motion in Limine No. 5 to Exclude Yvette Bourcicot's Testimony (Dkt. 175);

(6) Motion in Limine No. 6 to Exclude Ashish Vazirani's Testimony (Dkt. 176);

(7) Motion in Limine No. 7 to Exclude Alex Wagner's Testimony (Dkt. 177);

(8) Motion in Limine No. 8 to Exclude MG (Ret.) James Young's Testimony (Dkt. 178);

(9) Motion in Limine No. 9 to Exclude Paisley Currah's Testimony (Dkt. 182).

Responses to motions in limine are being filed concurrently with this Statement.

Dated: November 20, 2026

/s/ *Lauren M. Weinstein*
Lauren M. Weinstein (1035184)
Benjamin G. Bradshaw (460539)
Timur Akman-Duffy (1779260)
Jack Derewicz (1779953)
Shruti Kannan (90006641)
Max J. Rosenthal (90028849)
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
Phone: (202) 383-5300
lweinstein@omm.com
bbradshaw@omm.com
takman-duffy@omm.com
jderewicz@omm.com
skannan@omm.com
mrosenthal@omm.com

Brett Williamson (1024759)
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 823-6900
bwilliamson@omm.com

Janine F. Panchok-Berry (*pro hac vice*)
Eamonn W. Campbell (*pro hac vice*)
Qiran "Anna" Xie (*pro hac vice*)
Maggie M. Niu (*pro hac vice*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Phone: (212) 326-2000
jpanchok-berry@omm.com
ecampbell@omm.com
axie@omm.com
mniu@omm.com

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

KRISTINA A. WOLFE
Assistant Branch Director

/s/ *Michael T. Crabb*
MICHAEL T. CRABB
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
ROBERT C. BOMBARD
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 735-6927
Email: michael.t.crabb@usdoj.gov

*Counsel for Defendants*

Jennifer Levi (MA0056)
Mary Bonauto (*pro hac vice*)
Michael R. Haley (*pro hac vice*)
Sarah K. Austin (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
Phone: (617) 426-1350
jlevi@gladlaw.org
mbonauto@gladlaw.org
mhaley@gladlaw.org
saustin@gladlaw.org

Christopher F. Stoll (*pro hac vice*)
Shannon P. Minter (*pro hac vice*)
Amy Whelan (*pro hac vice*)
NATIONAL CENTER FOR LGBTQ
RIGHTS
1401 21st St. #11548
Sacramento, CA 95811
Phone: (415) 365-1320
cstoll@nclrights.org
sminter@nclrights.org
awhelan@nclrights.org

Joseph J. Wardenski (995549)
WARDENSKI P.C.
134 West 29th Street
Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Inga S. Bernstein (*pro hac vice*)
ZALKIND DUNCAN & BERNSTEIN LLP
2 Oliver Street
Suite 200
Boston, MA 02109
Phone: (617) 742-6020
ibernstein@zalkindlaw.com

*Counsel for Plaintiffs*