# EXHIBIT A

**PLAINTIFFS' WITNESS LIST**

Plaintiffs currently intend to call the following witnesses live at trial, unless otherwise noted. The estimated anticipated length of testimony is for direct examination.

Plaintiffs' time estimates are good-faith approximations based on currently available information and are subject to change as trial approaches. Plaintiffs reserve the right to amend or supplement this list, including the time estimates.

Defendants reserve the right to make contemporaneous objections to witnesses and witness testimony during trial and all other rights.

<table>
<tr><th>Witness</th><th>Description of Expected Testimony</th><th>Anticipated Length</th><th>Defendants' Objections</th></tr>
<tr><td>Secretary Peter B. Hegseth<br>(Via interrogatory responses and admissions made by video and in writing)</td><td>Secretary Hegseth will testify to his responses to Plaintiffs' interrogatories, statements regarding transgender people, and statements regarding the at-issue Hegseth Policy.</td><td>1 hour</td><td><ul><li>Defendants incorporate arguments made in their Motions in Limine Nos. 1-3</li><li>FRE 801-802, 805: Hearsay and Hearsay within Hearsay</li><li>FRE 901, 1002: Authenticity / Best Evidence</li><li>FRE 106: Completeness</li><li>FRE 401: Relevance</li><li>FRE 403: Probative value substantially outweighed by confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence.</li></ul></td></tr>
<tr><td>President Donald J. Trump<br>(Via admissions made by video and in writing)</td><td>President Trump will testify to his statements regarding transgender people, including their service in the military.</td><td>15 mins.</td><td><ul><li>Defendants incorporate arguments made in their Motions in Limine Nos. 1-3</li><li>FRE 801-802, 805: Hearsay and Hearsay within Hearsay</li></ul></td></tr>
</table>

| | | | |
|---|---|---|---|
| | | | • FRE 901, 1002: Authenticity / Best Evidence<br>• FRE 106: Completeness<br>• FRE 401: Relevance<br>• FRE 403: Probative value substantially outweighed by confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. |
| Samuel Ahearn | Samuel Ahearn is expected to testify about his experience as a transgender man attending Officer Candidate School and commissioning to the United States Navy prior to and during the implementation of the Hegseth Policy. | 20 mins. | |
| MSgt Sabrina Bruce | MSgt Sabrina Bruce is expected to testify about her 15 years of service in the United States Air Force and Space Force, her transition in service, access to transition-related medical care at duty stations around the world, and her separation from service under the Hegseth Policy's "voluntary" separation process. | 45 mins. | |
| SFC Kate Cole | SFC Kate Cole is expected to testify about her 17 years of service in the United States Army, including her transition in service and service as a transgender woman under the Carter, Mattis, Austin, and Hegseth policies and access to transition-related medical care | 45 mins. | |

| | | | |
|---|---|---|---|
| | at duty stations around the world. | | |
| Hunter Marquez | Hunter Marquez is expected to testify about their experience attending the United States Air Force Academy and their efforts to graduate and commission to the United States Air Force prior to and during the implementation of the Hegseth Policy. They will also testify about their experience appearing before and receiving a ruling from an Administrative Separation Board. | 45 mins. | |
| Clayton McCallister | Clayton McCallister is expected to testify about his experience as a transgender man enlisting in the United States Air Force prior to, and during, the implementation of the Hegseth Policy, as well as his separation from service under the Hegseth Policy's "voluntary" separation process. | 20 mins. | |
| Cael Neary | Cael Neary is expected to testify about his efforts to accede to the United States Air Force and Army as a transgender man prior to and during the implementation of the Hegseth Policy. | 20 mins. | |
| 2LT Nicholas Talbott | 2LT Nicholas Talbott is expected to testify about his experience as a transgender man enlisting and serving in the United States Army and United States Army Reserves under the Carter and Hegseth Policies. | 45 mins. | |

| | | | |
|---|---|---|---|
| MAJ Erica Vandal | MAJ Erica Vandal is expected to testify about her 15 years of service in the United States Army, her transition in service, access to transition-related medical care at duty stations around the world, and her separation from service under the Hegseth Policy's "voluntary" separation process. | 45 mins. | |
| Rep. Gilbert R. Cisneros, Jr.; former Under Secretary of Defense for Personnel and Readiness | Representative Cisneros, Under Secretary of Defense for Personnel and Readiness from 2021-2023, is expected to testify regarding the military's operations under the Carter policy. | 35 mins. | |
| Dr. Tiffany Lange, Former Transgender Health Program Manager, Defense Health Agency<br>*(Via deposition designation)* | Dr. Lange is expected to testify regarding her preparation of the literature review, which is part of the certified administrative record in this case. Dr. Lange is also expected to testify to her work regarding the Transgender Health Center and the cessation of that work due to the Hegseth Policy. | 45 mins. | |
| Stephanie Miller, Deputy Assistant Secretary of Defense for Military Personnel Policy | Ms. Miller is expected to testify about the development, finalization, and execution of Secretary Hegseth's February 7, 2025 Memorandum and the subsequent memoranda containing implementing guidance. | 45 mins. | |
| The United States' 30(b)(6) designee | The United States' 30(b)(6) designee is expected to testify regarding the development and implementation of the Hegseth Policy, including the | 1.5 hours | See objections made to Plaintiffs' deposition designations. See also Defendants' counter-designations. |

| | | | |
|---|---|---|---|
| *(Via deposition designation)* | identification and separation of service members, waivers, and associated costs. | | |
| George Brown, M.D., former Chief of Psychiatry, Veterans Affairs tertiary care medical center; former U.S. Air Force medical officer | Dr. George Brown is expected to testify to his qualifications and all opinions disclosed in his expert reports. His testimony is expected to include: (1) gender dysphoria is a highly treatable medical condition that can be resolved; (2) none of the cited sources justify the ban on service members with a history of gender dysphoria; (3) service members with post-traumatic stress disorder (PTSD), major depressive disorder, or who are pregnant are retained and treated despite having higher non-deployability rates than those with gender dysphoria; (4) the treatments for gender dysphoria are routinely accommodated in the military and are the same as the treatment given to cis-gender men with low testosterone under the Testosterone Replacement Therapy Policy; (5) the Hegseth Policy's waiver provisions are illusory; and (6) there is no justification for the Hegseth Policy's departure from the military's individualized Disability Evaluation System for service members who have or have gender dysphoria or its symptoms. | 2 hours | |
| Major General (Ret.) James Boe Young, former Chief of | Major General (Ret.) Young is expected to testify to his qualifications and all opinions disclosed in his expert reports. His testimony is expecte to | 1 hour | Defendants incorporate the arguments made in their Motion in Limine No. 8 (Doc. 178). |

| | | | |
|---|---|---|---|
| Staff of the Army Reserve | include (1) the EO 14183 and the Hegseth Policy curtailed successful military careers of transgender service members; (2) transgender service members would have likely received a VA disability rating absent the EO and Hegseth Policy; and (3) the Hegseth Policy deprives transgender service members of significant compensation they would otherwise have been entitled to had they been permitted to remain in their positions in the military. | | |
| Maj. (Ret.) Yvette Bourcicot, Former Principal Deputy Assistant Secretary of the Army for Manpower and Reserve Affairs | Maj. (Ret.) Bourcicot is expected to testify to her qualifications and all opinions disclosed in her expert report. Her testimony is expected to include (i) open service by transgender service members, adopted through an evidence-based process, did not impair unit cohesion or readiness; (ii) EO 14183 and the Hegseth Policy abruptly reversed established policy, bypassing the Department's ordinary policymaking process; and (iii) the Hegseth Policy replaces individualized assessment with a categorical bar, and its waiver provisions function as a total ban on service by transgender service members. | 1 hour | Defendants incorporate the arguments made in their Motion in Limine No. 5 (Doc. 175). |
| CDR (Ret.) Shawn G. Skelly, Performed the Duties of Deputy Under Secretary of | Ms. Skelly is expected to testify to her qualifications and all opinions disclosed in her expert report. Her testimony is expected to include (i) the Department's experience under the Austin Policy | 1 hour | Defendants incorporate the arguments made in their Motion in Limine No. 4 (Doc. 174). |

| | | | |
|---|---|---|---|
| Defense for Personnel and Readiness | showed that open service by transgender service members did not negatively impact military readiness or unit cohesion; (ii) the Hegseth Policy bypassed the Department's systematic, evidence-based development process for policies around deployability; and (iii) the Hegseth Policy and the manner of its implementation impose readiness costs. | | |
| Ashish Vazirani, Performed the Duties of the Under Secretary of Defense for Personnel and Readiness | Mr. Vazirani is expected to testify to his qualifications and all opinions in his expert report. His testimony is expected to include that the Austin Policy caused no negative impacts on readiness, unit cohesion, and medical expenditure. He is also expected to testify about DoD policymaking and how the development the Hegseth Policy violated established practice. | 1 hour | Defendants incorporate the arguments made in their Motion in Limine No. 6 (Doc. 176). |
| Honorable Alex Wagner, Former Assistant Secretary of the Air Force for Manpower and Reserve Affairs | Honorable Alex Wagner is expected to testify to his qualifications and all opinions disclosed in his expert reports. His testimony is expected to include (1) the military studied transgender service members in relation to readiness, cohesion, and discipline and found no concerns; (2) transgender service members did not negatively impact readiness, cohesion, or discipline over many years of open service and he did not hear of any concerns during his tenure; (3) service members with gender | 1 hour | Defendants incorporate the arguments made in their Motion in Limine No. 7 (Doc. 177). |

| | | | |
|---|---|---|---|
| | dysphoria present no unique deployability burdens; (4) EO 14183 and the Hegseth Policy are inconsistent with the military's approach to medical conditions; and (5) no one who has received the standard treatment for gender dysphoria can qualify for the Hegseth Policy's waiver. | | |
| Dr. Paisley Currah | Dr. Currah is expected to testify about the lack of a uniform definition of sex across American institutions, including federal, state, and local governments. He is also expected to testify to how the definitions of sex adopted in EO 14168, incorporated into EO 14183 and the Hegseth Policy, depart from prior practice. | 30 mins. | Defendants incorporate the arguments made in their Motion in Limine No. 9 (Doc. 182). |

Plaintiffs may call the following witnesses via deposition designation.[1]

| | | | |
|---|---|---|---|
| Timothy Dill, Assistant Secretary of Defense for Manpower and Reserve Affairs | Mr. Dill is expected to testify about the development and implementation of the Hegseth Policy, including the information considered, its stated justifications, and separations and waiver requests under the policy. | 30 mins. | |
| Dr. Stephen Ferrara, Former Principal | Dr. Ferrara is expected to testify about whether/what type of medical data or health policy information was | 15 mins. | |

[1] After Plaintiffs served designations of depositions, Defendants offered to make all witnesses for whom Plaintiffs served designations available for trial. Plaintiffs reserve the right to call these witnesses live. Plaintiffs have not withdrawn designations because it is possible that these witnesses may become unavailable—particularly given that most of them are active duty and the United States is in active combat—and many of them are outside the subpoena range. Plaintiffs also reserve the right to argue that deposition designations should be played in lieu of calling witnesses who do not testify in Defendants' case-in-chief pursuant to Fed. R. Civ. P. 32(a)(4)(E).

| | | | |
|---|---|---|---|
| Deputy Assistant Secretary of Defense for Health Affairs | considered in the development of the challenged policy; and statements about individuals with gender dysphoria in Executive Order 14,183. | | |
| LCDR Martin Bayer | LCDR Bayer is expected to testify about his clinical experience with gender dysphoria, the military's assessment of mental and behavioral health conditions for deployment and retention, and statements in EO 14183 regarding gender identity. | 45 mins. | |
| CAPT Keisha Blair | CAPT Blair is expected to testify about the diagnosis of gender dysphoria, the military's approach to mental and behavioral health conditions, including under the Hegseth Policy, and statements in EO 14183 regarding gender identity. | 30 mins. | |
| LtGen William J. Bowers | LtGen Bowers is expected to testify about military readiness under previous policies, and the Hegseth Policy's application to Marines. | 15 mins. | |
| GEN Thomas M. Carden Jr. | GEN Carden is expected to testify about the requirements for maintain military readiness in the National Guard and the effect of service by gender-dysphoric individuals on readiness. | 15 mins. | |
| COL Kevin Cron | COL Cron is expected to testify about his evaluation of deployment waivers at USCENTCOM, including waiver requirements for gender dysphoria under prior policies, and his medical training and clinical experience regarding gender dysphoria. | 30 mins. | |

| | | | |
|---|---|---|---|
| Lt Gen John J. DeGoes | Lt Gen DeGoes is expected to testify about his experience as Surgeon General and Commander, Air Force Medical Command, Headquarters U.S. Air Force and U.S. Space Force and in his prior positions, as it relates to the Service Members affected by the challenged policies. | 45 mins. | |
| LTC Bryan C. Lee | LTC Lee is expected to testify about the Army's individualized deployment and retention assessments for soldiers with medical conditions or on hormone therapy, and the Hegseth Policy's application to soldiers with gender dysphoria. | 30 mins. | |
| LTG Charles T. Lombardo | LTG Lombardo is expected to testify about the requirements for maintain military readiness in the U.S. Army and the effect of service by gender-dysphoric individuals on readiness. | 15 mins. | |
| VADM Marc Miguez | VADM Miguez is expected to testify regarding his role as Commander, U.S. 3rd Fleet, including how the fleet tracks medical readiness, how service members with chronic medical conditions are evaluated for deployment, and the importance of retaining trained service members to force generation. VADM Miguez is also expected to testify regarding the Hegseth Policy and prior policies governing military service by transgender individuals, including his experiences under prior policies. | 45 mins. | |

| | | | |
|---|---|---|---|
| Dr. Hernando J. Ortega, Jr. | Dr. Ortega is expected to testify about accession medical waivers, the data considered in developing EO 14183 and the Hegseth Policy, and the Hegseth Policy's application to individuals who have undergone gender transition. | 15 mins. | |
| CAPT Peter Roberts | CAPT Roberts is expected to testify about medical waivers for accession and deployment, and the Mattis Policy's effect on deployability in the U.S. 3rd Fleet. | 15 mins. | |
| LTC Carolyn Salter | LTC Salter is expected to testify about her experience completing gender-affirming surgeries; and characteristics of patients with gender dysphoria. | 30 mins. | |
| CAPT Dennis White | CAPT White is expected to testify about fitness and separation determinations for mental and behavioral health conditions, and how EO 14183 and the Hegseth Policy treat gender dysphoria compared with other conditions. | 30 mins. | |