# EXHIBIT B

*Nov. 20, 2026*

## DEFENDANTS' WITNESS LIST

Defendants currently intend to call the following witnesses live at trial, unless otherwise noted. The estimated anticipated length of testimony is for direct examination.

Defendants' time estimates are good-faith approximations based on currently available information and are subject to change as trial approaches. Defendants reserve the right to amend or supplement this list, including the time estimates.

Defendants respectfully refer Plaintiffs to Defendants' September 4, September 25, and October 9 disclosures for a complete statement of the anticipated subjects of each witness' testimony.[1]

| Witness | Description of Expected Testimony | Anticipated Length | Pls' Objections |
|---|---|---|---|
| | | | Plaintiffs object to the Defendants' anticipated length of testimony for their witnesses. Defendants anticipate putting on 38 hours of direct testimony alone. In practice, that would result in the trial being significantly longer than the time the Court has allocated. |
| Lieutenant Colonel Martin Bayer | LCDR Bayer is expected to testify about his experience evaluating and treating patients with gender dysphoria, its associated comorbidities, and the duty status implications of both for Sailors. He is also expected to testify about his experience serving as the primary Medical Evaluation Board Approval Authority for CNSL where he reviews sailors' medical records and associated | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL No. 1 (undisclosed data and sources). |

[1] With respect to Dr. Hopewell, per the parties' conferral, Defendants are limiting the subject matter of his testimony to the rebuttal disclosed on September 25.

| | | | |
|---|---|---|---|
| | recommendations for Sea Duty screening clearance, Limited Duty, Administrative Separation, or referral to the Disability Evaluation System. | | |
| Captain Keisha Blair | Captain Blair is expected to testify about her experience as a psychiatrist treating patients with mental and behavior health conditions, including gender dysphoria, and assessing medical readiness of servicemembers, including taking into account particular challenges involved in treating mental health conditions in austere deployed environments. Captain Blair is also expected to testify about her experience assessing servicemembers for continued service and deployment, including reviewing administrative separation recommendations for conditions not amounting to disability. | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. |
| Lieutenant General William Bowers | LtGen Bowers is expected to testify about his experience regarding personnel, operational, and readiness requirements in the Marine Corps. He is expected to testify about the high standards to which servicemembers are required to conform, as well as importance of those standards to achieving operational objectives and protecting national security. He is also expected to testify about the administrative policies governing medical readiness in the Marine Corps | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |

| | | | |
|---|---|---|---|
| | and the impacts deficiencies can have on units and individual service members. | | |
| General Thomas Carden | Gen. Carden is expected to testify about his experience implementing the military's medical standards for accessions and retention, and the challenges military units face with soldiers and airmen who do not meet federal standards or need significant medical or administrative support to continue serving. General Carden will also testify about his experience with military personnel with gender dysphoria who need special treatment and accommodation to continue serving and the effect this has on military readiness and deployability. Further, General Carden is expected to testify about the shifting character of combat operations and the evolution of the adversary. | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |
| Colonel Kevin Cron | Colonel Cron is expected to testify about the military's medical standards for deployment; the process by which service members apply for medical waivers for deployment; the considerations taken into account when evaluating requests for medical waivers for deployment; and COL Cron's own experience in working on medical standards for deployment and in considering medical waiver requests for deployment. | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL No. 1 (undisclosed data and sources). |

| | | | |
|---|---|---|---|
| Lieutenant General John DeGoes | Lt Gen DeGoes will testify generally about the medical readiness and deployability of Air and Space Force personnel, and why readiness is essential to the military mission. Specifically, he is expected to testify about the current approximate deployability rate of Airmen and the requirements of military care in deployed environments; that in deployed environments there are often limited medical resources and that available resources are prioritized for acute medical needs of the deployed force; that service members face unique stresses in deployed environments; that mental health, behavioral health, endocrine, and surgical issues, including those posed by gender dysphoria, present unique challenges in deployed environments; that issues arising from mental or behavioral health conditions may cause service members to be removed from theaters of deployment; and that such evacuations can have significant negative impacts on deployed units. | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |
| Timothy Dill<br><br>Assistant Secretary of War for Manpower and Reserve Affairs. | Mr. Dill is expected to testify about non-privileged information regarding the formulation of Department of War policies issued pursuant to Executive Order 14,183. | 3 hours | |

| | | | |
|---|---|---|---|
| Dr. Stephen Ferrara<br>Former Principal Deputy Assistant Secretary of War for Health Affairs | Dr. Ferrara is expected to testify about non-privileged information regarding the formulation of Department of War policies issued pursuant to Executive Order 14,183. | 2 hours | |
| Dr. Alan Hopewell | Dr. Hopewell is expected to offer testimony to rebut Plaintiffs' psychiatric experts. | 1 hour | Objection to the extent Defendants intend to elicit testimony outside the scope of the witness's rebuttal report. Objection to the extend Defendants intends to elicit testimony implicated by Plaintiffs' MIL No. 4 (exclude opinions in Dr. Hopewell's 26(a)(2)(C) disclosure). |
| Jules W. Hurst III.<br>Under Secretary of War (Comptroller) and Chief Financial Officer. | Mr. Hurst is expected to testify about information regarding the formulation of Department of War policies issued pursuant to Executive Order 14,183. | 3 hours | |
| Lieutenant Colonel Bryan Lee | LTC Lee is expected to testify about his experience with field medical operations in austere environments, contested logistics, and restricted aeromedical evacuation. He is also expected to testify about medical standards, identification of service members who require medical waivers, and building systems to support | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |

| | | | |
|---|---|---|---|
| | service members who need deployed medical care, as well as how certain medical issues, including those posed by gender dysphoria, impact readiness. | | |
| Lieutenant General Charles Lombardo | LTG Lombardo is expected to testify about the changing landscape of warfare and the required adaptability of the force required to meet mission requirements. He is also expected to testify about his experience with Large Scale Combat Operations (LSCO), including how and why future deployments are unlikely to resemble deployments in past conflicts. He is also expected to testify about his personal experiences leading and observing service members with gender dysphoria, explaining duty limitations, and the readiness challenges these Soldiers present to the overall readiness of the force in relation to the evolving nature of warfare | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |
| Vice Admiral Marc Miguez | Vice Admiral Miguez is expected to testify about operational readiness requirements of naval operations, his experience assessing operational mission requirements, and his observations in remote and operationally austere environments. He is expected to testify about the mission, logistical, and unit cohesion impacts that medical conditions requiring ongoing specialty care or ready access to specific medications or medical | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL No. 3 (disclaimed opinions). |

| | | | |
|---|---|---|---|
| | services may have on service members' deployability and medical readiness and the impact of such specialty care on mission readiness and accomplishment. In the same vein, he will testify to medical capacity deficiencies at forward operating areas and how these deficiencies impact all Sailors and Marines with medical and behavioral health conditions. | | |
| Stephanie Miller | Ms. Miller is expected to testify about non-privileged information regarding the formulation of Department of War policies issued pursuant to Executive Order 14,183. | 2 hours | |
| Sean O'Keefe (30(b)(6)) | As the United States' 30(b)(6) designee, Mr. O'Keefe is expected to testify regarding the development and implementation of the Policy issued pursuant to Executive Order 14,183, and the Testosterone Screening Policy. | 2 hours | |
| Dr. Hernando Ortega | Dr. Ortega is expected to testify about his experience with military accession standards (including those involving gender dysphoria), physical screening pipelines, and empirical medical waiver adjudication processes of Air Force and Space Force personnel. | 1 hour | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |

| | | | |
|---|---|---|---|
| Captain Peter Roberts | Captain Roberts is expected to testify concerning his experience evaluating military medical readiness and deployability and specifically the medical risks, capabilities and limitations affecting joint and multinational operations, including the ability to provide medical and behavioral health care to service members operating in geographically dispersed, austere, and/or potentially contested environments. | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL Nos. 1 (undisclosed data and sources) and 3 (disclaimed opinions). |
| Lieutenant Colonel Carolyn Salter | LTC Salter is expected to testify about her experience evaluating and treating patients with gender dysphoria, including convalescence requirements for aspects of transgender medical care; comorbidities associated with gender dysphoria, and the complication rate for Urologic surgeries associated with gender dysphoric medical care. Dr. Ortega is expected to testify about his experience with military accession standards (including those involving gender dysphoria), | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. Objection to the extent Defendants intend to elicit testimony implicated by Plaintiffs' MIL No. 1 (undisclosed data and sources). |
| Captain Dennis White | Captain White is expected to testify about his experience evaluating and treating mental health conditions in military populations, including evaluating deployment risks and medical readiness. He is also expected to testify about the military's mental and | 2 hours | Objection to any testimony outside the scope of the witness's Rule 26(a)(2)(C) disclosure. |

| | | | |
|---|---|---|---|
| | behavioral health standards and processes, including processes for separating servicemembers with mental health conditions. He is expected to testify about the distinction between compensable disabilities and conditions that do not constitute ratable disabilities under, including conditions not rated by the VASRD, as well as his experience implementing administrative procedures applicable to each. | | |